**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |  |
|---|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:19-cv-1031 (RDA/TCB) |
| EVOLENT HEALTH, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court on Lead Plaintiffs[1] Plymouth County Retirement System and Oklahoma Police Pension and Retirement System's (collectively, "Lead Plaintiffs" or "Plaintiffs") Motion for Leave to Amend the Amended Class Action Complaint (Dkt. 60). For the reasons articulated below, Lead Plaintiffs' motion is granted.

### I. BACKGROUND

Plaintiffs originally filed this lawsuit on August 8, 2019. (Dkt. 1.) On December 9, the parties filed a stipulation which provided for Lead Plaintiffs to file a consolidated amended complaint under the PSLRA. (Dkt. 33.) The Court entered a revised version of the parties' stipulation, providing that (1) Defendants did not need to respond to the original complaint and (2) Lead Plaintiffs would file their consolidated amended complaint no later than January 10, 2020. (Dkt. 37.) Lead Plaintiffs accordingly filed the consolidated amended complaint on January 10, 2020, which remains the operative complaint in this matter. (Dkt. 38.)

---

[1] The Court appointed Plymouth County Retirement System and the Oklahoma Police Pension and Retirement System as Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act ("PSLRA"). (*See* Dkt. 29.)

According to the amended class action complaint, Plaintiffs filed this lawsuit against Defendants Evolent Health, Inc. ("Evolent"), Frank Williams, Nicholas McGrane, Seth Blackley, Christie Spencer, and Steven Wigginton (collectively, "Defendants") pursuant to the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, *et seq.*, "on behalf of themselves and all other persons and entities who purchased or otherwise acquired any of the publicly-traded common stock of [Evolent] from March 3, 2017 through May 28, 2019, inclusive . . . , and were damaged thereby." (Dkt. 38 ¶ 1.) Evolent is a "Virginia-based provider of technology-enabled clinical and administrative services to Medicaid and Medicare health plans." (*Id.*)

Defendants filed a motion to dismiss the amended complaint, and the parties fully briefed the motion. On April 22, 2020, Plaintiffs filed a notice on the docket informing the Court that they intended to seek leave to file a second amended class action complaint ("SAC") no later than May 8, due to "important new developments relating to the securities fraud claims asserted in the complaint." (Dkt. 58 at 1.) Plaintiffs also informed the Court that they did "not intend to name additional defendants, add additional counts, expand the length of the Class Period, or change the definition of the Class." (*Id.* at 2.) Despite no pending motion, Defendants filed a response opposing amendment. (Dkt. 59). Two days later, on April 24, the Honorable Judge Rossie Alston postponed and continued the hearing on Defendants' motion to dismiss pursuant to General Order No. 2020-12. Accordingly, the motion to dismiss is still pending before the Court.

On May 7, Lead Plaintiffs filed the instant motion, seeking leave to file an SAC pursuant to Federal Rule of Civil Procedure 15(a)(2) and noticed the motion for a hearing on June 12, 2020. (Dkts. 60-62.) Lead Plaintiffs explain that a confidential witness contacted Plaintiffs' counsel "on her own initiative after briefing on Defendants' motion to dismiss was completed."

(*Id.* at 4.) As discussed more below, Plaintiffs allege that the confidential witness has first-hand knowledge of the relevant events giving rise to this lawsuit. (*Id.* at 4-5.) Defendants filed a timely opposition (Dkt. 63), and Plaintiffs filed a reply (Dkt. 64). The undersigned determined that a hearing would not aid in the decisional process, and the matter is now ripe for disposition.

## II. ANALYSIS

Federal Rule of Civil Procedure 15(a)(2) governs the issue at hand. When amendment as a matter of course is unavailable, the Rule provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Crucially, the Rule further states: "The court should freely give leave [to amend] when justice so requires." *Id.* The Fourth Circuit's "policy [is] to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010) (citation omitted). This directive allows district courts to resolve cases on their merits instead of "disposing of them on technicalities." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009). Further, the Fourth Circuit has instructed district courts to deny amendment *only* when (1) it would prejudice the opposing party, (2) the moving party has acted in bad faith, or (3) amendment would be futile. *Id.* (citation omitted). Of note here, "[n]othing in the PSLRA affects the standards governing either the pre- or post-judgment amendment of pleadings." *Id.* (citation omitted).

As an initial matter, Defendants argue that Plaintiffs did not comply with Rule 15. This argument fails to consider that Rule 15(a) contains multiple avenues of filing an amended complaint: "amending as a matter of course" and "other amendments." Here, since amendment as a matter of course is unavailable to Plaintiffs under Rule 15(a)(1), they may only seek amendment through Defendants' written consent or with the court's leave under Rule 15(a)(2).

3

Because Defendants do not consent, Plaintiffs have complied with the Rule by filing the instant motion and asking the Court's leave to file an amended pleading.

Next, Defendants propose in their opposition that "[o]ne way to keep this case moving forward . . . may be to allow Plaintiffs to amend and for [Defendants] to file a renewed motion to dismiss." (Dkt. 63 at 6.) Defendants further argue that if the Court takes this approach, "then it should also make clear that it will not permit any further amendments." (*Id.*) As to the first request, the Court has no intention of limiting Defendants' ability to respond under Rule 15(a)(3). According to the Rule, "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). Here, Defendants may file a responsive pleading—including another motion to dismiss—within 14 days after service of the SAC.[2] Regarding Defendants' second request—that the Court limit any further amendments—again, the Court finds no reason to restrict any parties' rights under the Federal Rules of Civil Procedure and finds this request improper. The Court declines to impose any such limitation.[3]

In any event, Plaintiffs have given sufficient grounds for amendment under the well-established factors listed above. The Court will briefly consider each in turn.

---

[2] The Court also rejects Lead Plaintiffs' argument in its reply that granting leave to file an SAC moots any *future* motion to dismiss. While the questions of futility and whether a pleading states a claim upon which relief can be granted may undoubtedly be considered together (especially in the context of appellate review), the cases Lead Plaintiffs cite simply do not stand for the proposition that a party cannot file a motion to dismiss after a court allows leave to amend.

[3] Defendants also suggest holding the instant motion in abeyance until the Court decides the pending motion to dismiss, and leaving open the possibility that Plaintiffs could file an SAC if the Court were to grant the motion to dismiss. In the interests of moving this case forward, it is a better use of the parties' and the Court's time to grant leave to amend now instead of potentially requiring the Court to rule on two motions to dismiss. This way, the Court can—assuming Defendants will file another motion to dismiss—consider additional relevant facts at the motion to dismiss stage.

4

*First*, allowing amendment will not prejudice Defendants. Amendment can be prejudicial if, for example, the moving party inserts new legal theories, counts, or claims, and if it is offered shortly before or during trial without giving the opposing party enough time to properly defend itself. *See Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (citation omitted). Further, amendment is not prejudicial if it "merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Id.* (citation omitted).

Here, the SAC does not (1) add any additional counts, claims, or defendants; (2) modify the class definition or period; and (3) request any new form of recovery. Instead, Plaintiffs merely seek to allege new facts—stemming from the same events outlined in the amended complaint—that may help them prove their existing claims. These facts add specificity to the complaint and put Defendants on better notice as to Plaintiffs' allegations. Moreover, the timing of Plaintiffs' motion strongly favors amendment at this point in the proceedings. While the parties have briefed the pending motion to dismiss, the Court has not decided the motion, discovery is stayed, and this case remains in its early stages.

*Second*, there is no indication that Plaintiffs have acted in bad faith, are engaging in gamesmanship, or are abusing private litigation under the PSLRA. Lead Plaintiffs explain that the facts giving rise to this motion came to light after the briefing on the motion to dismiss occurred. Plaintiffs also promptly filed a notice on the docket in late April to inform the Court of their intention to seek leave to file an SAC, which further reserved this Court's judicial resources. Lead Plaintiffs are merely trying to insert new facts that help bolster their claims with information that they did not previously have. The Court therefore finds no reason to deny amendment on these grounds.

*Third*, amendment is not futile. Under this circuit's caselaw, Plaintiffs do not face a

heavy burden here, as futility encompasses only "insufficient or frivolous" amendments. *See Johnson v. Oroweat Foods Co.*, 785 F.3d 503, 510 (4th Cir. 1986). As Defendants note, the PSLRA requires that a plaintiff set out facts "sufficient to establish that defendants made a false statement or omission of material fact, with scienter, upon which the Plaintiff's justifiably relied, and that proximately caused the plaintiffs' alleged damages." (Dkt. 63 at 5 (citing *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 613 (4th Cir. 1999)).)

Here, the confidential witness was a senior executive for Passport (one of Evolent's largest clients) for nearly six years. (*See* Dkt. 61 at 4.) The witness allegedly "worked directly" on Valence, the claims administration system that Evolent implemented at Passport. (*Id.*) The confidential witness told Plaintiffs' counsel that she could corroborate other confidential witnesses' statements; "refute any suggestion by Defendants that Evolent saved Passport money or that they were unaware of the significant issues facing Passport"; and help establish Plaintiffs' claims that Evolent deceived its investors by representing that it cut costs for Passport. (*Id.* at 5.) In sum, Plaintiffs argue that the witness's information can help them refute many of Defendants' arguments at the motion to dismiss stage and demonstrate that Defendants made false and/or misleading statements to investors with scienter—*i.e.*, the crux of their claims. Such claims are serious, and Plaintiffs must be granted leave to amend.

### III. ORDER

Accordingly, it is hereby **ORDERED** that Lead Plaintiff's motion (Dkt. 60) is **GRANTED**. Lead Plaintiffs' Second Amended Class Action Complaint (Dkt. 60-1) shall be deemed filed as of the date of this Order.

ENTERED this 5th day of June, 2020.

                                                   /s/

                               THERESA CARROLL BUCHANAN
                               UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia