**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, <br>           Plaintiff, <br><br>           v. <br><br> EVOLENT HEALTH, INC., FRANK WILLIAMS, NICHOLAS MCGRANE, SETH BLACKLEY, CHRISTIE SPENCER, and STEVEN WIGGINTON <br>           Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 1:19-cv-01031-RDA-TCB <br><br> CLASS ACTION |

## RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

The Evolent Health Defendants respectfully submit this response to Lead Plaintiffs' second Notice of Supplemental Authority (ECF No. 101-1).  The opinion they cite, *Klein v. Altria Group, Inc.* (E.D.Va. Mar. 12, 2021) (ECF No. 101-2) ("Op."), applies established securities case law to analyze a set of factual allegations that bear no resemblance to those at issue here. The opinion's discussion of allegations that JUUL, a tobacco products company, lied about marketing mint-flavored vaping products to teenagers has no bearing on whether Lead Plaintiffs have adequately pleaded facts to support their claim that Evolent Health misrepresented its ability to manage and administer health plans.  Plaintiffs' Notice is simply a vehicle to re-hash the arguments they made in the Second Amended Complaint (ECF No. 69) ("SAC") and their Response in Opposition to the Motion to Dismiss (ECF No. 80) ("MTD Opp.").  It is not a serious presentation of new, relevant authority.

Plaintiffs make much of the *Altria* opinion's unremarkable observation that confidential witnesses can, in some circumstances, provide facts that raise the requisite "strong inference" of a

defendant's scienter. *See* Notice at 3–4; Op. at 35–36. Evolent agrees with the *Altria* court's explanation of the law; Evolent's motion to dismiss explains that confidential witnesses ("CWs") with personal knowledge, who evidence an understanding of the facts, and who are sufficiently identified, can provide facts indicative of scienter. MTD (ECF No. 75) at 24. In *Altria,* the court found that the information provided in the complaint by and about the CWs was sufficiently specific to support an inference of scienter. But that is not the case here. For example, Lead Plaintiffs' CW5, an IT manager/director, is not alleged to have any personal knowledge or understanding of Evolent's pharmacy benefit plan, so CW5 cannot form the basis of scienter for those allegations. In addition, CW5's statements about alleged reimbursement problems show that she does not understand the facts: CW said software problems meant that Passport "was not reimbursed by Kentucky," which is plainly incorrect and not how the per-member-per-month model, discussed in the SAC, works. *See* MTD at 25. These points are made carefully and clearly in the extensive motion-to-dismiss briefing and should not be reargued in a Notice.

Lead Plaintiffs also continue to misquote statements made by the Evolent Defendants when trying to analogize the *Altria* case to this one. Evolent's SEC filings stated that its "services enable health systems to manage patient health in a more cost-effective manner." *See, e.g.,* MTD Exs. 1 at 2 (ECF No. 76-1), 36 at 7 (ECF No. 76-36), 42 at 7 (ECF No. 76-42). From this, Plaintiffs argue that because one large customer's overall costs increased, the Court should assume that Evolent must have lied when it said that its services "enable" customers to operate in a "more cost-effective" manner. That unsupported and speculative inference is not at all comparable to the situation in *Altria,* where the opinion notes that the complaint "alleged an abundance of facts showing that JUUL targeted youth," Op. at 25, and JUUL made specific, public statements such as "we never marketed to youth and we never will." *Id.*

Lead Plaintiffs' Notice also misrepresents the facts.  For example, their SAC admits that the regulatory fines imposed by Kentucky amounted to about $10 million *total,* over 17 months. SAC ¶ 78; *see also* MTD Opp. 10 n.2.  But in this Notice, they assert that "Kentucky impos[ed] hundreds of millions of dollars of penalties" (Notice at 2; italics and bolding not included here). That is not true.  In addition, $10 million over 17 months for a company with $1.9 billion in revenue in 2018 is not at all comparable to the "substantial judgments and regulatory fines, in addition to the loss of sales to youth," caused by JUUL's marketing of harmful vaping products to children. Reply ISO MTD (ECF No. 85) at 11; Op. at 25.

Similarly, the Notice misrepresents the timeline of Evolent's knowledge of the regulatory fines allegedly imposed because of Evolent's Valence software.[1]  The Notice says that Evolent "received and reviewed detailed monthly letters" (Notice at 3) with the fines, but fails to note that the first letter—which Lead Plaintiffs cite in the Second Amended Complaint at paragraph 8—was sent and received by Evolent *after* the one and only statement alleged to be false or misleading. Describing the fines as "hundreds of millions of dollars" when Lead Plaintiffs are aware that Evolent was charged about $10 million in fines, and implying that Evolent knew about the fines when the first letter was received after the statement at issue, is at best misleading.

The Notice's attempt to shoehorn the *Altria* vaping facts onto the challenges faced by a Medicaid health plan in the Evolent case does not provide the Court with any new or useful information.  The Court can and should ignore the Notice and instead focus on the extensive briefing on the Motion to Dismiss the Second Amended Complaint.

---

[1] We note that Evolent was generally aware of these types of letters, which Passport received regularly before Evolent's software was implemented and which are sent to Medicaid and Medicare plans in many states.  What is at issue is whether the statement made by Frank Williams on November 2, 2017 is false or misleading.  Plaintiffs claim that a letter from the Commonwealth assessing a fine *two weeks after* the Williams statement makes the statement false when made.  *E.g., see* SAC ¶¶ 154–155.  As the motion to dismiss argues, Williams cannot predict the future so the letter cannot make the statement false or misleading in hindsight or serve as evidence of scienter.  MTD at 20–21.

Date:  March 22, 2021

RESPECTFULLY SUBMITTED,

*/s/ Ashley C. Parrish*
Ashley C. Parrish
Virginia Bar No. 43089
**KING & SPALDING LLP**
700 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006-4707
Tel: (202) 737-0500
Fax: (202) 626-3737
aparrish@kslaw.com

Paul R. Bessette, *pro hac vice*
Michael J. Biles, *pro hac vice*
Jill R. Carvalho, *pro hac vice*
**KING & SPALDING LLP**
500 W. 2nd Street, Suite 1800
Austin, TX  78701
Tel: (512) 457-2050
Fax: (512) 457-2100
pbessette@kslaw.com
mbiles@kslaw.com
jcarvalho@kslaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on March 22, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF Filing System on all parties in this case.

*/s/ Ashley C. Parrish*
Ashley C. Parrish

4