**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § | Case No. 1:19-cv-01031-RDA-TCB |
| | § | |
| v. | § | |
| | § | CLASS ACTION |
| EVOLENT HEALTH, INC., FRANK WILLIAMS, NICHOLAS MCGRANE, SETH BLACKLEY, CHRISTIE SPENCER, and STEVEN WIGGINTON | § § § § § | |
| Defendants. | § | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR**
**MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S**
**ORDER ON TWO FORWARD-LOOKING STATEMENTS**

Ashley C. Parrish
Virginia Bar No. 43089
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006-4707
Tel: (202) 737-0500
Fax: (202) 626-3737
aparrish@kslaw.com

Paul R. Bessette, *pro hac vice*
Michael J. Biles, *pro hac vice*
Jill R. Carvalho, *pro hac vice*
**KING & SPALDING LLP**
500 W. 2nd Street, Suite 1800
Austin, TX  78701
Tel: (512) 457-2000
Fax: (512) 457-2100
pbessette@kslaw.com
mbiles@kslaw.com
jcarvalho@kslaw.com
*Attorneys for Defendants*

## TABLE OF AUTHORITIES

**Cases**                                                                                                      **Page(s)**

*Am. Canoe Ass'n v. Murphy Farms, Inc.*,
   326 F.3d 505 (4th Cir. 2003) ................................................................................................2

*Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*,
   367 F.3d 212 (4th Cir. 2004) ...............................................................................................6

*Carlson v. Boston Sci. Corp.*,
   856 F.3d 320 (4th Cir. 2017) ................................................................................................2

*Cozzarelli v. Inspire Pharms., Inc.*,
   549 F.3d 618 (4th Cir. 2008) .............................................................................................5, 6

*In re FAC Realty Sec. Litig.*,
   990 F. Supp. 416 (E.D.N.C. 1997).......................................................................................5

*In re Genworth Fin. Inc. Sec. Litig.*,
   103 F. Supp. 3d 759 (E.D. Va. 2015) ..................................................................................4

*In re Humphrey Hosp. Tr., Inc. Sec. Litig.*,
   219 F. Supp. 2d 675 (D. Md. 2002).....................................................................................6

*Johnson v. Pozen Inc.*,
   2009 WL 426235 (M.D.N.C. Feb. 19, 2009).......................................................................5

*Knurr v. Orbital ATK Inc.*,
   272 F. Supp. 3d 784 (E.D. Va. 2017) ..................................................................................4

*In re Lab. Corp. of Am. Holdings Sec. Litig.*,
   2006 WL 1367428 (M.D.N.C. May 18, 2006) ....................................................................6

*Marsh Group v. Prime Retail, Inc.*,
   46 Fed. App'x 140 (4th Cir. 2002) ......................................................................................3

*Okla. Firefighters Pension & Ret. Sys. v. K12, Inc.*,
   66 F. Supp. 3d 711 (E.D. Va. 2014) ....................................................................................4

*In re PEC Sols., Inc. Sec. Litig.*,
   2004 WL 1854202 (E.D. Va. May 25, 2004) ......................................................................4

*Plymouth Cty. Ret. Ass'n v. Primo Water Corp.*,
   966 F. Supp. 2d 525 (M.D.N.C. 2013) ................................................................................4

*In re Sinclair Broadcast Grp, Inc. Secs. Litig.*,
   2020 WL 571724 (D. Md. Feb. 4, 2020) .............................................................................4

*Smith v. Circuit City Stores, Inc.,*
    286 F. Supp. 2d 707 (E.D. Va. 2003) ...............................................................5

*In re Triangle Cap. Corp. Sec. Litig.,*
    988 F.3d 743 (4th Cir. 2021) ...........................................................................4

*Yates v. Mun. Mortg. & Equity, LLC,*
    744 F.3d 874 (4th Cir. 2014) ...........................................................................5

*Zak v. Chelsea Therapeutics Int'l, Ltd.,*
    780 F.3d 597 (4th Cir. 2015) ...........................................................................5

**Statutes and Court Rules**

15 U.S.C. § 78u-5 ...................................................................................................3, 4

Fed. R. Civ. P. 54.....................................................................................................1, 2

Private Securities Litigation Reform Act (PSLRA) ..................................................5, 6

ii

Pursuant to Federal Rule 54(b), Evolent Health, Inc., Frank Williams, Nicholas McGrane, Seth Blackley, Christie Spencer, and Steve Wigginton ("Defendants") respectfully move for partial reconsideration of just two of the allegedly false or misleading statements considered in this Court's March 24, 2021 Memorandum Opinion and Order ("Opinion"), granting in part and denying in part Defendants' Motion to Dismiss the Second Amended Complaint ("SAC").

## INTRODUCTION AND SUMMARY OF ARGUMENT

Defendants appreciate the Court's detailed and careful analysis in the Opinion, which allows Plaintiffs' claims to proceed with respect to four of the allegedly false and misleading statements identified in the SAC. With respect to two of these remaining statements, however, Defendants respectfully suggest that they should also be dismissed. Under the PSLRA's Safe Harbor statute and controlling Fourth Circuit precedent, and contrary to the Court's conclusion, *see* Op. 53-55, the Court is required to consider the warnings and cautionary statements made at the start of earnings calls. Because the two statements, from the February 26, 2019 and May 7, 2019 calls, are properly classified as "forward-looking statements" under the law, *see* Op. 53-55, taking into account the cautionary statements would prevent those statements from serving as the basis of a securities fraud claim. Addressing these issues now would streamline litigation and allow this case to proceed efficiently, with discovery limited to the two remaining statements that the Court determined met the PSLRA's heightened pleading standard.

In the alternative, if the Court does not grant partial reconsideration, Defendants request that they be granted leave to file a partial motion for summary judgment limited to those two statements, appending the call transcripts as exhibits, and that they be allowed to file another summary judgment motion later, at the end of the discovery period, addressing any remaining

statements and claims in the case. Taking this step would save resources in discovery and allow this case to move forward quickly to conclusion.

## LEGAL STANDARD

When a court issues an interlocutory order "that adjudicates fewer than all of the claims," such as the Opinion granting in part and denying in part the motion to dismiss, the order "may be revised at any time before the entry of a judgment adjudicating all the claims…." Fed. R. Civ. P. 54(b). "Rule 54(b)'s approach involves broader flexibility to revise interlocutory orders," as compared with Rule 59(e) motions to revise a final order. *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). Following the law of the case doctrine, to which Rule 54(b) is analogous, the Fourth Circuit has said that an order may be revised "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [when order was released]; or (3) to correct a clear error of law or prevent manifest injustice". *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003); *Carlson*, 856 F.3d at 325. Defendants move the court to reconsider its Opinion because there was clear error in that one subsection of the PSLRA's Safe Harbor statute was not followed for the statements on Feb. 26, 2019 and May 7, 2019.

## ARGUMENT

Defendants appreciate the Court's careful consideration of the parties' briefing and the issues raised in the motion to dismiss. This motion to reconsider is intentionally narrow in focus. It relates only to the two statements made by Frank Williams in separate earnings calls, which Defendants maintain cannot serve as the basis for a securities fraud claim. Granting reconsideration would narrow the issues in this case, but it would not prevent the case from going forward or require the Court to address other allegedly false or misleading statements.

In its Opinion, the Court correctly determined that the statements in the February 26, 2019

2

and May 7, 2019 earnings calls concern "future economic performance." Op. 53, 54, 55; SAC ¶¶ 182, 183, 188 (describing statements); ECF Nos. 76-25 at 23 and 24 (Feb. 25, 2019 call) and 76-45 at 6 (May 7, 2019 call).[1] The Opinion takes this language from the PSLRA's definition of "forward looking statement," 15 U.S.C. § 78u-5(i)(1)(C), and cites *Marsh Group v. Prime Retail, Inc.*, 46 Fed. App'x 140, 146–47 (4th Cir. 2002). Because a statement that concerns "future economic performance" is a "forward-looking statement" under the PSLRA's Safe Harbor statute, 15 U.S.C. § 78u-5(i)(1), the court must consider whether the statement was accompanied by meaningful cautionary language. 15 U.S.C. § 78u-5(c)(1)(A). If a forward-looking statement is accompanied by meaningful cautionary language, then the company or person making the statement shall not be liable under the securities law. 15 U.S.C. § 78u-5(c). Referring listeners to cautionary language included in SEC filings satisfies the requirements of the Safe Harbor statute. 15 U.S.C. § 78u-5(c)(3).

This Court's Opinion concludes that the cautionary statements that accompanied the February 26, 2019 and May 7, 2019 earnings calls could not be considered at the motion to dismiss stage. That conclusion is wrong. The Court should grant reconsideration because the statute itself requires that courts, when ruling on a motion to dismiss, consider the cautionary language that accompanies oral statements:

> On any motion to dismiss based upon subsection (c)(1) [the Safe Harbor], **the court shall consider** any statement cited in the complaint and **any cautionary statement**

---

[1] The transcripts and other materials relevant to this motion have been previously provided to the Court are attached as Exhibits 25, 45, 10 (2017 10-K), and 11 (2018 10-K), to Defendants' motion to dismiss, ECF No. 76 (exhibits are ECF Nos. 76-25, 76-45, 76-10, and 76-11). Because the exhibits total approximately 130 pages, and to avoid unnecessarily burdening the Court, Defendants have not included them as attachments to their motion for reconsideration. If the Court would appreciate copies, however, Defendants would be pleased to re-file the exhibits and/or provide paper copies to the Court upon its request.

**accompanying the forward-looking statement**, which are not subject to material dispute, cited by the defendant.

15 U.S.C. § 78u-5(e) (emphasis added). The statute thus directs courts to consider the cautionary statements that accompany an allegedly false statement, even if the plaintiff fails to cite the cautionary language in the complaint. *Id.* Without this requirement, the Safe Harbor provision would serve little use, as plaintiffs could decline to quote cautionary language in a complaint and thereby avoid dismissal.

Earnings call transcripts are often relied on by courts, plaintiffs, and defendants in securities litigation. *See, e.g., In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 745–46 (4th Cir. 2021) (recognizing earnings call transcripts in decision affirming grant of motion to dismiss). In *In re PEC Solutions,* for instance, the Fourth Circuit affirmed an Eastern District of Virginia ruling dismissing a securities case in part because the company's statements were protected by the Safe Harbor statute. 418 F.3d 379, 391 (4th Cir. 2005) (affirming *In re PEC Sols., Inc. Sec. Litig.*, 2004 WL 1854202, at *1 (E.D. Va. May 25, 2004)). In so doing, the Fourth Circuit cited to an earnings call transcript and described the cautionary statements "at the beginning of the conference call" as "relevant" to the legal analysis of the statements alleged to be false. 418 F.3d at 384.

Warnings on earnings calls are regularly used as a basis to dismiss statements under the PSLRA's Safe Harbor provision.[2] This approach comports with the Fourth Circuit's more general

---

[2] *E.g., Okla. Firefighters Pension & Ret. Sys. v. K12, Inc.*, 66 F. Supp. 3d 711, 721, 723 (E.D. Va. 2014) (recognizing call transcripts and holding statements protected by PSLRA's Safe Harbor after warning at start of call); *In re Sinclair Broadcast Grp, Inc. Secs. Litig.*, 2020 WL 571724, at *12 n.20 (D. Md. Feb. 4, 2020) (recognizing earnings call transcript and holding statements protected by PSLRA's Safe Harbor after warning during call); *Plymouth Cty. Ret. Ass'n v. Primo Water Corp.*, 966 F. Supp. 2d 525, 551–52 (M.D.N.C. 2013) (recognizing call transcripts and holding statements protected by PSLRA's Safe Harbor after warning at start of call); *Knurr v. Orbital ATK Inc.*, 272 F. Supp. 3d 784, 789 (E.D. Va. 2017) (recognizing certain conference call transcripts in decision granting motion to dismiss); *In re Genworth Fin. Inc. Sec. Litig.*, 103 F. Supp. 3d 759,

4

precedent that documents referenced in a complaint, including earnings calls, press releases, and outside stock analyst reports, should be considered by courts when evaluating a motion to dismiss.[3] *Johnson v. Pozen Inc.*, 2009 WL 426235, at *1–2 (M.D.N.C. Feb. 19, 2009) (discussing *Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 625 (4th Cir. 2008)) (recognizing "[company] press releases, transcripts from conference calls, and a public FDA guidance"). As the Fourth Circuit has explained, courts are required to "examine the facts as a whole," including the full documents from which a plaintiff might selectively quote:

> Plaintiffs insist that we should rely solely on their discrete allegations, and they urge us not to look beyond the complaint for additional facts. In particular, the complaint quotes selectively from various reports by investment analysts, and plaintiffs argue that we should not consider the reports in full. That argument is erroneous. … we must examine the facts as a whole, including facts found in "documents incorporated into the complaint by reference." … Our consideration of such documents is undoubtedly proper.

*Cozzarelli*, 549 F.3d at 625 (citations omitted) (discussing use of whole documents in the context of PSLRA's scienter requirements). Courts may consider all statements made in a document to which a plaintiff cites despite the general rule that extrinsic evidence may not be considered at this

---

774–75 (E.D. Va. 2015) (reviewing the defendants' investor call transcript exhibit when determining whether statements were false).

[3] Cases cited in the Opinion on whether to recognize certain documents accord with the Fourth Circuit's position that all contents in a referenced document may be considered. *Smith v. Circuit City Stores, Inc.*, 286 F. Supp. 2d 707, 721 (E.D. Va. 2003) (cited in Opinion at 32, 34, 37) (considering defendants' exhibit, an analyst report, and citing parts of the report to support defendants' position that additional information was known to the market); *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015) (cited in Opinion at 32, 34, 37) (citing *Cozzarelli* and explaining that documents, such as investment reports and SEC documents, may be considered by courts, but declining to recognize particular SEC report of stock sales by executives at issue when the plaintiff's complaint did not mention the particular SEC filing at all); *Yates v. Mun. Mortg. & Equity, LLC*, 744 F.3d 874, 894, 883 (4th Cir. 2014) (cited in Opinion at 32, 34, 37) (dismissing claims under the PSLRA and referencing an investors conference all); *In re FAC Realty Sec. Litig.*, 990 F. Supp. 416, 420 (E.D.N.C. 1997) (cited in Opinion at 32, 34, 37) (dismissing securities claim while considering the full contents of documents included as defendants' exhibits, including "press releases and other public statements" by the company).

stage, because the concern "raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated [w]here plaintiff has actual notice ... and has relied upon these documents in framing the complaint." *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quotation omitted) (cited by *Cozzarelli*).

The two earnings calls began with identical cautionary statements that complied with statute.[4] *See* ECF Nos. 76-25 at 4 (Feb. 26, 2019 call); 76-45 at 4 (May 7, 2019 call). Specifically, the cautionary statements noted that the call contained forward-looking statements, that the statements are subject to risks and uncertainties that could cause actual results to differ materially from historical experience or present expectations, and then referred listeners to Evolent's SEC filings. This fully satisfies the requirements of the Safe Harbor statute.[5]

The SEC filings to which listeners were referred directly addressed the types of risks that could impact the forward-looking statements. For example, the last 10-K filed before the February 26, 2019 earnings call during which Williams addressed Evolent's acquisition strategy, Evolent's 2017 10-K,[6] explained that "Part of our business strategy is to acquire or invest in companies,

---

[4] The warnings state that "This call contains forward-looking statements under the U.S. federal securities laws. These statements are subject to risks and uncertainties that could cause actual results to differ materially from historical experience or present expectations. A description of some of the risks and uncertainties can be found in the company's reports that are filed with the Securities and Exchange Commission, including cautionary statements included in the current and periodic filings."

[5] *E.g., In re Lab. Corp. of Am. Holdings Sec. Litig.,* 2006 WL 1367428, at *7 (M.D.N.C. May 18, 2006) (holding that oral forward-looking statements are protected by PSLRA based on reference to SEC documents); *In re Humphrey Hosp. Tr., Inc. Sec. Litig.*, 219 F. Supp. 2d 675, 684 (D. Md. 2002) (holding that cautionary language, which mirrors language used in Evolent's earnings calls, is sufficient under the Safe Harbor statute).

[6] Evolent's 2018 10-K was filed on February 28, 2019, two days after the earnings call at issue. ECF No. 76-11.

6

businesses, products or technologies ... Consistent with our business strategy, we continuously evaluate, and are currently in the process of evaluating, potential acquisition targets and investments," and that such investments are risky. ECF No. 76-10 (Ex. 10) at 16, 17. The last 10-K filed before the May 7, 2019 earnings call during which Williams discussed Passport's improving finances, Evolent's 2018 10-K, specifically referenced the significant challenges of working with partners such as Passport that depend on government and third-party payors, because policy changes can impact Evolent's ability to be paid. ECF No. 76-11 (Ex. 11) at 15-16.

Because these are meaningful cautionary statements, Williams's February 26, 2019 and May 7, 2019 statements are protected under the PSLRA's Safe Harbor.

## CONCLUSION

The Court should grant reconsideration and dismiss any claims relating to Williams' statements on February 26, 2019 and May 7, 2019, because those forward-looking statements were accompanied by meaningful cautionary statements. In the alternative, Defendants seek permission to file more than one summary judgment motion, so they may immediately file a partial motion for summary judgment as to those two forward-looking statements, and then a separate summary judgment motion once the parties have completed discovery.

DATED: April 1, 2021

Respectfully submitted,

/ *Ashley C. Parrish*
Ashley C. Parrish
Virginia Bar No. 43089
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006-4707
Tel: (202) 737-0500
Fax: (202) 626-3737
aparrish@kslaw.com

Paul R. Bessette, *pro hac vice*
Michael J. Biles, *pro hac vice*
Jill R. Carvalho, *pro hac vice*
**KING & SPALDING LLP**
500 W. 2nd Street, Suite 1800
Austin, TX  78701
Tel: (512) 457-2000
Fax: (512) 457-2100
pbessette@kslaw.com
mbiles@kslaw.com
jcarvalho@kslaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on April 1, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF Filing System on all parties in this case.

 /s/ *Ashley C. Parrish*
Ashley C. Parrish

8