## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

|  |  |
|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM and OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>v.<br><br>EVOLENT HEALTH, INC., FRANK WILLIAMS, NICHOLAS MCGRANE, SETH BLACKLEY, CHRISTIE SPENCER, and STEVEN WIGGINTON,<br><br>        Defendants. | Case No. 1:19-cv-01031-RDA-TCB |

## LEAD PLAINTIFFS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR PARTIAL RECONSIDERATION

Pursuant to Federal Rule of Civil Procedure 54(b), Lead Plaintiffs Plymouth County Retirement System and Oklahoma Police Pension and Retirement System ("Lead Plaintiffs") respectfully submit this memorandum of law in support of their motion for partial reconsideration of the Court's March 24, 2021 Memorandum Opinion and Order granting in part and denying in part Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC"). ECF No. 106 (the "Order").

## I.    INTRODUCTION AND ARGUMENT

On March 24, 2021, the Court issued the Order, which sustained four false and misleading statements alleged in the SAC relating to Passport that were made beginning on September 5, 2018. In doing so, the Court did not consider an alleged false statement made by Defendant Blackley on May 11, 2018, that is substantially similar to the false statement made by Defendant Williams on September 5, 2018 that the Court sustained.

Specifically, the Court found that Defendant Williams's September 5, 2018 statement— that "we believe we've helped to generate over $100 million in savings" for Passport—was false, based on Plaintiffs' detailed, well-pled allegations that (i) Evolent's Valence platform was already causing rampant problems with Passport's claims processing, including the inaccurate and untimely submission of encounter data to Kentucky; (ii) Kentucky imposed significant penalties on Passport as a result of Evolent's failure to accurately and timely submit encounter data, which began to skyrocket as early as October 2017, the first month Evolent processed Passport's claims; (iii) letters from Kentucky documenting that these fines and claims processing deficiencies "absolutely were" sent to Evolent's executives because "Evolent agreed to foot the bill for a certain time period"; (iv) these penalties wreaked havoc on Passport's financials, causing it to incur nearly half a billion dollars in penalties from Kentucky and pay interest on late claims; and (v) the corroborating accounts of CW 1 and CW 5 that Evolent "did the opposite" of

"cut[ting] costs" and that everything that Evolent did "was either more expensive or cost [Passport] more money." Order at 59; ¶177.

However, just four months earlier, on May 11, 2018, Defendant Blackley made a substantially similar false statement, stating that Evolent's suite of services purportedly resulted in "about $75 million of improvement to Passport's bottom line." ¶168. The Court quoted this statement (Order at 24), but dismissed it without analysis or discussion. By contrast, the Court provided specific grounds for dismissal for other allegedly false statements made by Defendant Williams on May 11, 2018. Order at 50; *see also* ¶177.

Defendant Blackley's May 11, 2018 statement is false for the same reasons that Defendant Williams's statement is false: both statements claim that Evolent's services resulted in a specific amount of savings for Passport when, in fact, the opposite was true. Order at 58; ¶¶169, 177. Indeed, in February 2018 alone, three months before Defendant Blackley's statement, Evolent caused Passport to be assessed with a staggering $48 million in penalties for submitting inaccurate and incomplete encounter data to Kentucky that was an extraordinary 44 million days late in the aggregate. ¶¶8, 169, 177. Moreover, the corroborating accounts of CW 1 and CW 5 were already confirmed by Passport's deteriorating financials, well before Defendant Blackley spoke in May 2018; in 2016 and 2017, Evolent caused Passport's general administrative expenses to increase dramatically, leading to staggering net underwriting losses of $80.4 million in 2016 and $130.7 million in 2018. ¶¶85-87, 169, 177.[1]

---

[1] Moreover, Defendant Blackley acted with scienter in making this statement for the same reasons that the Court has already set forth, including receipt of the penalty letters and the presence of other "red flags" of which the Individual Defendants "must have been aware." Order at 64-68.

That the Court did not consider Defendant Blackley's May 11, 2018 false statement and the allegations supporting its falsity warrants reconsideration. *See, e.g., In re Safety-Kleen Bondholders Litig.*, 2002 WL 32795741, at *3 (D.S.C. June 14, 2002) (granting, in part, reconsideration under Rule 59(e), and reinstating claim under the federal securities laws where court overlooked certain of plaintiffs' allegations); *Wingate v. Byrd*, 2016 WL 7012962, at *2 (D.S.C. Dec. 1, 2016) (granting, in part, motion for reconsideration where court overlooked allegations supporting claim of vicarious liability). Indeed, reconsideration would prevent manifest injustice. Specifically, dismissing claims arising from Blackley's May 11, 2018 false statement would prematurely deny potential Class members the ability to recover damages from Defendants' alleged fraud—even though their claims flow from a substantively similar false statement to one on which other Class members have relied upon and have the opportunity to recover damages from.[2]

## II.    CONCLUSION

For all of these reasons, Plaintiffs' Motion should be granted.

---

[2] A motion to reconsider an interlocutory order is governed by Federal Rule of Civil Procedure 54(b). *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). The Fourth Circuit has made clear that motions to reconsider are "committed to the discretion of the district court" and "not cabined by the heightened standards for reconsideration governing final orders" under Rule 59(e). *Saint Annes Dev. Co. v. Trabich*, 443 Fed. Appx. 829, 832 (4th Cir. 2011). "Although Rule 54(b) does not specify grounds for seeking reconsideration, the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Howard v. W. Virginia Div. of Corr.*, 2016 WL 1173152, at *5 (S.D.W.V. Mar. 22, 2016) (granting motion for reconsideration). While these grounds are similar to the grounds for reconsideration under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, courts in this Circuit recognize that the standard for reconsideration under Rule 54(b) is "more lenient" than that for reconsideration of final orders and judgments, *Id*. at *4 (internal citations omitted).

4

Dated: April 1, 2021

Respectfully submitted,

*/s/ Steven J. Toll*
Steven J. Toll
Va. Bar No. 15300
stoll@cohenmilstein.com
Daniel S. Sommers
dsommers@cohenmilstein.com
Megan Kinsella Kistler
mkistler@cohenmilstein.com
**COHEN MILSTEIN SELLERS
& TOLL PLLC**
1100 New York Avenue, Suite 500
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699

*Liaison Counsel for Lead Plaintiffs*

Maya Saxena (*pro hac vice*)
msaxena@saxenawhite.com
Joseph E. White, III (*pro hac vice* forthcoming)
jwhite@saxenawhite.com
Lester R. Hooker (*pro hac vice* forthcoming)
lhooker@saxenawhite.com
Brandon T. Grzandziel (*pro hac vice*)
brandon@saxenawhite.com
**SAXENA WHITE P.A.**
7777 Glades Road, Suite 300
Boca Raton, Florida 33434
Tel: (561) 394-3399
Fax: (561) 394-3382

Steven B. Singer (*pro hac vice* forthcoming)
ssinger@saxenawhite.com
Sara DiLeo (*pro hac vice*)
sdileo@saxenawhite.com
Joshua H. Saltzman (*pro hac vice*)
jsaltzman@saxenawhite.com
**SAXENA WHITE P.A.**
10 Bank Street, 8th Floor
White Plains, New York 10606
Tel: (914) 437-8551
Fax: (888) 631-3611

*Lead Counsel for Lead Plaintiffs*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2021, I caused the foregoing to be electronically filed with the Clerk of Court via CM/ECF, which will send a notice of electronic filing to all registered users.

_/s/ Steven J. Toll_
Steven J. Toll
Va. Bar No. 15300
stoll@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, Suite 500
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699

_Liaison Counsel for Lead Plaintiffs_