**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § | Case No. 1:19-cv-01031-RDA-TCB |
| | § | |
| v. | § | |
| | § | CLASS ACTION |
| EVOLENT HEALTH, INC., FRANK WILLIAMS, NICHOLAS MCGRANE, SETH BLACKLEY, CHRISTIE SPENCER, and STEVEN WIGGINTON | § § § § | |
| Defendants. | § | |

**THE EVOLENT DEFENDANTS' OPPOSITION**
**TO PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION**

Defendants Evolent Health, Inc., Frank Williams, Nicholas McGrane, Seth Blackley, Christie Spencer, and Steven Wigginton respectfully oppose Lead Plaintiffs' motion for partial reconsideration (ECF No. 111) ("Motion") of this Court's March 24, 2021 Memorandum Opinion and Order ("Opinion"). Plaintiffs ask this Court to reconsider its decision to dismiss Defendant Seth Blackley's May 11, 2018 statement that Evolent helped Passport save $75 million, but they have not carried their burden to show any error in the Court's decision. Motion at 1.

Plaintiffs argue that Blackley's statement is actionable because the SAC sufficiently alleges that Blackley knew that the statement was false and misleading when made. *Id.* For particularized facts to support this allegation, Plaintiffs' Motion highlights the SAC's assertions about the Valence software integration. But any issues with Valence—assuming the allegations to be true for purposes of the motion to dismiss analysis—have no bearing on the falsity of Blackley's statement about *overall* savings for Passport. That is, even if the Valence software caused significant problems and lost money, Evolent's other systems, including the care management, utilization management, and pharmacy benefit services could have resulted in significant savings. Motion to Dismiss ("MTD") (ECF No. 75) at 7. In addition, as Plaintiffs' SAC itself notes, Passport's net underwriting profits improved from a loss of $80.4 million in 2016 to a gain of $4.3 million for 2017. SAC (ECF No. 69) ¶ 87. This $76.1 million swing supports the veracity of Blackley's May 11 statement. *See* MTD at 22.[1]

Plaintiffs also argue that the Court committed error in dismissing Blackley's May 11 statement because the Opinion held that a statement made by Frank Williams four months later, on September 5, 2018, that Evolent provided "over a $100 million in savings" to Passport was

---

[1] Defendants note that Blackley's statement is demonstrably true, as evidenced by documents that are publicly available. *See* MTD at 8–9, 22, and exhibits cited therein.

1

sufficiently pled under the PSLRA.  Plaintiffs are wrong and ignore the legally relevant distinctions between the two statements.

Plaintiffs' argument ignores the significant differences between the specificity of the allegations relevant to Williams and Blackley regarding scienter.  Whereas Williams is discussed **fifty-seven** times in the SAC, Blackley is mentioned only **twice.**[2]  CW5 claims she participated in calls and meetings that Williams attended and where Valence implementation problems were discussed.  SAC ¶¶ 90, 96, 97.  In contrast, no CW alleges that she ever even saw or communicated with Blackley, let alone alleges that Blackley was told about any particular problems.  *See* SAC ¶¶ 168, 169.  Not one of Plaintiffs' confidential witnesses directly links Blackley to any document or meeting that suggests that he knew or was severely reckless in disregarding the falsity of his May 11 statement.  *Matrix Capital Mgmt. Fund L.P. v. BearingPoint, Inc.*, 576 F.3d 172, 182, 190 (4th Cir. 2009) (holding that plaintiffs must plead scienter as to each Defendant and each challenged statement).

In addition, there are factual and temporal distinctions between Blackley's and Williams's statements.  Blackley's statement was made four months earlier than Williams' statement,  and he explains the $75 million savings in some detail, noting that it was due to the reduced MLR and "the analytics and technology and platform, the compensation models, the clinical programming, and then also, the health plan services."  *See* MTD Ex. 1 (ECF No. 76-1) at 5 and Ex. 5 (ECF No. 76-5) at 26.

For these reasons, the Opinion correctly dismissed Plaintiffs' claims based on Blackley's May 11 statement.  The Court should therefore deny Plaintiffs' Motion.

---

[2] If you include the non-substantive mentions, such as listing the defendants, Williams is mentioned sixty-five times and Blackley is mentioned eight times.

Date: April 15, 2021                          RESPECTFULLY SUBMITTED,

                                              */s/ Ashley C. Parrish*
                                              Ashley C. Parrish
                                              Virginia Bar No. 43089
                                              **KING & SPALDING LLP**
                                              700 Pennsylvania Avenue, NW, Suite 200
                                              Washington, DC 20006-4707
                                              Tel: (202) 737-0500
                                              Fax: (202) 626-3737
                                              aparrish@kslaw.com

                                              Paul R. Bessette, *pro hac vice*
                                              Michael J. Biles, *pro hac vice*
                                              Jill R. Carvalho, *pro hac vice*
                                              **KING & SPALDING LLP**
                                              500 W. 2nd Street, Suite 1800
                                              Austin, TX  78701
                                              Tel: (512) 457-2050
                                              Fax: (512) 457-2100
                                              pbessette@kslaw.com
                                              mbiles@kslaw.com
                                              jcarvalho@kslaw.com

                                              *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on April 15, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF Filing System on all parties in this case.

                                              */s/ Ashley C. Parrish*
                                              Ashley C. Parrish

3