UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

<table>
<tr><td>

PLYMOUTH COUNTY RETIREMENT SYSTEM and OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,

Plaintiffs,

v.

EVOLENT HEALTH, INC., FRANK WILLIAMS, NICHOLAS MCGRANE, SETH BLACKLEY, CHRISTIE SPENCER, and STEVEN WIGGINTON,

Defendants.

</td><td>

Case No. 1:19-cv-01031-RDA-TCB

</td></tr>
</table>

## DEFENDANTS' ANSWER TO PLAINTIFF'S
## SECOND AMENDED CLASS ACTION COMPLAINT

Ashley C. Parrish
Virginia Bar No. 43089
**KING & SPALDING LLP**
700 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006-4707
Tel: (202) 626-2627
Fax: (202) 626-3737
aparrish@kslaw.com

Paul R. Bessette, *pro hac vice*
Michael J. Biles, *pro hac vice*
Jill R. Carvalho, *pro hac vice*
**KING & SPALDING LLP**
500 W. 2nd Street, Suite 1800
Austin, TX 78701
Tel: (512) 457-2050
Fax: (512) 457-2100
pbessette@kslaw.com
mbiles@kslaw.com
jcarvalho@kslaw.com

*Attorneys for Defendants*

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Evolent Health, Inc. ("Evolent"), and Frank Williams, Nicholas McGrane, Seth Blackley, Christie Spencer, and Steven Wigginton ("Individual Defendants," and with Evolent, "Defendants"), file this answer to the Second Amended Class Action SAC ("SAC") filed by Plaintiffs in the above-captioned action. Unless otherwise admitted, all allegations requiring a response are denied.[1]

1. The first sentence of Paragraph 1 is a legal characterization of the SAC and contains no factual allegations that Defendants are required to admit or deny. Defendants admit that "Evolent is a Virginia-based provider of technology-enabled clinical and administrative services to Medicaid and Medicare health plans," but Defendants deny that this fully describes Evolent's business. Defendants otherwise deny the factual allegations in Paragraph 1.

2. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 2, and therefore deny them.

3. Defendants admit that Paragraph 3 contains quotations from several of Evolent's SEC filings. Those filings speak for themselves, and Defendants refer the Court to the full texts for a complete and accurate depiction of their contents and the context of the quotes in Paragraph 3. Defendants admit that Evolent's revenue grew during the Class Period. Evolent's historical stock prices speak for themselves. Defendants otherwise deny the allegations in Paragraph 3.

4. Defendants admit that Passport Health Plan, a Kentucky-based Medicaid plan, was an important partner for Evolent. Defendants lack information sufficient to admit or deny, and

---

[1] Defendants also deny all titles, headings, footnotes, subheadings, and another material not contained in numbered paragraphs. When a document (or statements, conclusions, material references therefrom) is referenced in this Answer, it speaks for itself. That is, the document itself is the best evidence of its contents, and Defendants deny any allegations or characterizations based on the document. Defendants reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of such documents.

therefore deny, what Lead Plaintiffs obtained.  Defendants lack information sufficient to admit or deny what "former employees" are reported to have said.  Defendants otherwise deny the allegations in Paragraph in 4.

5.    Defendants admit that some Passport employees were transferred to work for Evolent pursuant to the agreement with Passport.  Defendants lack information sufficient to admit or deny, and therefore deny, what "former employees" are reported to have said.  Defendants otherwise deny the allegations in Paragraph 5.

6.    Defendants admit that Paragraph 6 contains partial quotations from the transcript of the Aug. 7, 2017 earnings call.  The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations.  Defendants otherwise deny the allegations in Paragraph 6.

7.    Defendants admit that Passport began using Evolent's third-party claims administrator ("TPA") program in fall 2017.  Defendants lack information sufficient to admit or deny, and therefore deny, what "former employees" are reported to have said.  Defendants otherwise deny the allegations in Paragraph 7.

8.    Defendants lack information sufficient to admit or deny, and therefore deny, what documents Lead Plaintiffs may have obtained.  Defendants admit that Passport, like all Medicaid plans in Kentucky, received "penalty letters" related to various encounter data issues.  The penalty letters referenced in Paragraph 8 speak for themselves, and Defendants refer the Court to the full text for a complete and accurate depiction of their contents.  Defendants admit that, as is standard in TPA contracts, the TPA agreed to cover encounter data penalties.  Defendants otherwise deny the allegations in Paragraph 8.

9.    Defendants lack information sufficient to admit or deny, and therefore deny, what

2

"former employees" are reported to have said. Defendants otherwise deny the allegations in Paragraph 9.

10. Defendants admit that Paragraph 10 contains partial quotations from the transcripts of Evolent's May 7, 2019 and May 30, 2019 investor calls. The transcripts speak for themselves, and Defendants refer the Court to the full text of the transcripts for a complete and accurate depiction of their contents and the context of the partial quotations found in Paragraph 10. Defendants otherwise deny the allegations in Paragraph 10.

11. Defendants admit that Evolent issued a press release on May 29, 2019, which speaks for itself. Defendants refer the Court to the full text of the press release for a complete and accurate depiction of its contents. Evolent's historical stock prices speak for themselves. Defendants otherwise deny the allegations in Paragraph 11.

12. Defendants lack information sufficient to admit or deny, and therefore deny, what various analysts purportedly stated. To the extent Paragraph 12 quotes an analyst report, the report speaks for itself and Defendants refer the Court to the report for a complete and accurate description of its contents. Defendants otherwise deny the allegations in Paragraph 12.

13. Defendants admit that Paragraph 13 contains partial quotations from the transcript of Evolent's May 30, 2019 investor call. The transcript speaks for itself and Defendants refer the Court to the full text of the transcript for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 13. Defendants otherwise deny the allegations in Paragraph 13.

14. Paragraph 14 contains legal arguments that require no response. Evolent's historical stock prices speak for themselves. The Commonwealth of Kentucky's announcement

3

regarding Medicaid plan contracts speaks for itself.  Defendants otherwise deny the allegations in Paragraph 14.

15.    Defendants lack sufficient knowledge to admit or deny the information alleged about Lead Plaintiff Plymouth County Retirement System.  Defendants admit that the Court appointed Plymouth County Retirement System as Lead Plaintiff for the Class on November 12, 2019.

16.    Defendants lack sufficient knowledge to admit or deny the information alleged about Lead Plaintiff Oklahoma Police Pension and Retirement System.  Defendants admit that the Court appointed Oklahoma Police Pension and Retirement System as Lead Plaintiff for the Class on November 12, 2019.

17.    No response is required.

18.    Defendants admit that Evolent Health, Inc. is a Delaware corporation with its principal office located in Arlington, Virginia.  Defendants admit that Evolent was founded in 2011 by some members of its management team, the Advisory Board and the University of Pittsburgh Medical Center.  Defendants admit that Williams and Blackley worked for the Advisory Board.  Defendants admit that Evolent held its initial public offering in June 2015, and its common stock trades on the NYSE under the symbol "EVH."  Defendants otherwise deny the allegations in Paragraph 18.

19.    Defendants admit that Frank Williams was CEO of Evolent during the Class Period. Defendants admit that Williams is a co-founder of Evolent and sits on Evolent's Board of Directors.  Defendants admit that prior to founding Evolent, Williams served as CEO of the Advisory Board from June 2001 to September 2008 and as Chairman of the Board from September 2008 to August 2011.

4

20.     Defendants admit that Nicholas McGrane was Evolent's CFO during the Class Period.

21.     Defendants admit that Seth Blackley is a co-founder and Board member of Evolent, and was President of Evolent and Evolent's operating subsidiary, Evolent Health LLC during the Class Period. Defendants admit that Blackley was the Executive Director of Corporate Development and Strategic Planning at the Advisory Board from May 2004 to August 2011.

22.     Defendants admit that Christie Spencer was Chief Operating Officer, National Medicaid, for Evolent from February 2016 to July 2018.  Defendants admit that she served as Vice President and Chief Operating Officer of Passport from May 2011 through January 2016.

23.     Defendants admit that Steve Wigginton joined Evolent in 2012.  Defendants deny that he was, at all relevant times, CEO of Valence Health, Inc.

24.     No response is required to Paragraph 24.

25.     No response is required to Paragraph 25.

26.     Paragraph 26 is a legal argument that requires no response. To the extent that Paragraph 26 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

27.     Paragraph 27 is a legal argument that requires no response. To the extent that Paragraph 27 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

28.     Paragraph 28 is a legal argument that requires no response. To the extent that Paragraph 28 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

29.     Paragraph 29 is a legal argument that requires no response. To the extent that

Paragraph 29 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

30.     Defendants admit the description of Passport is correct and that a deal was announced and closed on the listed dates.

31.     Defendants admit that Mark Carter was Passport's CEO during the Class Period.

32.     Paragraph 32 is a legal argument that requires no response.  To the extent that Paragraph 32 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

33.     Paragraph 33 is a legal argument that requires no response.  To the extent that Paragraph 33 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

34.     Paragraph 34 is a legal argument that requires no response.  To the extent that Paragraph 34 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

35.     Defendants admit that the description in Paragraph 35 of Evolent is similar to the descriptions in Evolent's 10-Ks, which speak for themselves.  Defendants refer the Court to those 10-Ks for context.  To the extent Paragraph 35 makes other characterizations or allegations, Defendants deny them.

36.     Defendants admit that the January 2014 changes implemented through the Affordable Care Act included encouragements to transition to value-based care.  Defendants admit that the category of value-based care includes a "per member per month" capitation payment model.  Defendants otherwise deny the allegations in Paragraph 36.

37.     Defendants admit that Paragraph 37 contains partial quotations from a Jan. 11, 2017

6

investor conference and from Evolent's 2016, 2017, and 2018 10-Ks. Those documents speak for themselves, and Defendants refer the Court to the full texts for a complete and accurate depiction of their contents and the context of the partial quotations found in Paragraph 37. Defendants otherwise deny the allegations in Paragraph 37.

38.     Defendants admit that Paragraph 38 contains partial quotations from Evolent's 2016, 2017, and 2018 10-Ks. Those documents speak for themselves, and Defendants refer the Court to the full texts for a complete and accurate depiction of their contents and the context of the partial quotations found in Paragraph 38. To the extent Paragraph 38 contains other allegations, Defendants deny them.

39.     Defendants cannot determine from which documents Plaintiffs are quoting. To the extent the quotations are from Evolent's SEC filings, the filings speak for themselves. Defendants otherwise deny the allegations in Paragraph 39.

40.     Defendants admit that Evolent filed an 8-K with the SEC on February 1, 2016 announcing a long-term master services agreement ("MSA") with Passport. Defendants admit that the MSA had a term of ten years. Defendants lack information sufficient to admit or deny when or if Carter made the statement in Paragraph 40. Defendants otherwise deny the allegations in Paragraph 40.

41.     Defendants admit that Passport was a significant partner of Evolent's. Evolent's 10-Ks speak for themselves, and Defendants refer the Court to those 10-Ks for a complete and accurate depiction of their contents and for context. Defendants otherwise deny the allegations in Paragraph 41.

42.     Defendants admit that Paragraph 42 contains partial quotations from the transcript of the Aug. 7, 2017 earnings call. The transcript speaks for itself, and Defendants refer the Court

to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 42. Defendants otherwise deny the allegations in Paragraph 42.

43. Defendants admit that Paragraph 43 contains partial quotations from the transcript of the Aug. 7, 2017 earnings call. The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 43. Defendants otherwise deny the allegations in Paragraph 43.

44. Defendants lack information sufficient to admit or deny, and therefore deny, what "former employees" are purported to have said. Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 is reported to have said or what her background is. Defendants otherwise deny the allegations in Paragraph 44.

45. Defendants admit that Paragraph 45 contains a partial quotation from the transcript of the May 30, 2019 investor call. The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 45. Defendants otherwise deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants admit that, per the MSA and other contractual agreements with Passport, some Passport employees were transferred to work for Evolent. Defendants lack information sufficient to admit or deny, and therefore deny, what "former employees" are reported to have said. Defendants otherwise deny the allegations in Paragraph 47.

48. Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 is reported to have said. Defendants otherwise deny the allegations in Paragraph 48.

49. Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 is reported to have said. Defendants lack information sufficient to admit or deny, and

therefore deny, what CW2 or CW3 are reported to have said or what their backgrounds are. Defendants otherwise deny the allegations in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50.

51.     Defendants admit that Evolent performed risk adjustment services for Passport. Defendants lack information sufficient to admit or deny, and therefore deny, what CW3 is reported to have said.  Defendants otherwise deny the allegations in Paragraph 51.

52.     Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 is reported to have said.  Defendants otherwise deny the allegations contained in Paragraph 52.

53.     Defendants deny the allegations in Paragraph 53.

54.     Defendants deny the allegations in Paragraph 54.

55.     Defendants lack information sufficient to admit or deny, and therefore deny, what "former employees" are purported to have said.  Defendants otherwise deny the allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56.

57.     Defendants admit that Passport contracted to use Evolent's Valence system in or around May 2017 and started using the system on or around October 1, 2017.  Defendants admit that Evolent acquired Valence and Aldera.  Defendants otherwise deny the allegations in Paragraph 57.

58.     Defendants deny the allegations in Paragraph 58.

59.     Defendants deny the allegations in Paragraph 59.

60.     Defendants admit that Paragraph 60 contains a partial quotation from the transcript of the May 11, 2018 Investor and Analyst Day.  The transcript speaks for itself, and Defendants

refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotation found in Paragraph 60. Defendants otherwise deny the allegations in Paragraph 60.

61. Defendants admit that Paragraph 61 contains partial quotations from May 9, 2017 earnings call transcript. The transcript speaks for itself, and Defendants refer the Court to the full text of the transcript for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 61. Defendants otherwise deny the allegations in Paragraph 61.

62. Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 is reported to have said. Defendants otherwise deny the allegations in Paragraph 62.

63. Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 and CW3 are reported to have said. Defendants otherwise deny the allegations in Paragraph 63.

64. Defendants lack information sufficient to admit or deny, and therefore deny, what CW3 and CW2 are reported to have said. Defendants otherwise deny the allegations in Paragraph 64.

65. Defendants lack information sufficient to admit or deny, and therefore deny, what CW2 is reported to have said. Defendants lack information sufficient to admit or deny, and therefore deny, what CW4 is reported to have said or what her background is. Defendants otherwise deny the allegations in Paragraph 65.

66. Defendants admit that sentences four and five of Paragraph 66 contain partial quotations from the transcript of Evolent's Nov. 2, 2017 earnings call. The transcript of the earnings call speaks for itself, and Defendants refer the Court to the full text for a complete and

10

accurate depiction of its contents and the context of the partial quotations found in sentences four and five of Paragraph 66. Defendants lack information sufficient to determine from where or when the quote in sentences two and three came; lacking such information sufficient to admit or deny it, they deny it. Defendants otherwise deny the allegations in Paragraph 66.

67. Defendants lack information sufficient to admit or deny, and therefore deny, what CW4 is reported to have said. Defendants otherwise deny the allegations in Paragraph 67.

68. Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 is reported to have said. Defendants otherwise deny the allegations in Paragraph 68.

69. Defendants lack information sufficient to admit or deny, and therefore deny, what CW3 is reported to have said. Defendants otherwise deny the allegations in Paragraph 69.

70. Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 is reported to have said. Defendants otherwise deny the allegations in Paragraph 70.

71. Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 and CW3 are reported to have said. Defendants otherwise deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants admit that contracts between Kentucky and each Medicaid plan include contractual penalties related to issues with encounter data submission. Defendants otherwise deny the allegations in Paragraph 73.

74. Defendants admit that Medicaid plans must submit encounter data to the Commonwealth of Kentucky. Defendants otherwise deny the allegations in Paragraph 74.

75. Defendants lack information sufficient to admit or deny, and therefore deny, what documents Lead Plaintiffs may have obtained. Defendants otherwise deny the allegations in

Paragraph 75.

76.     The document referenced in Paragraph 76 speaks for itself.  Defendants otherwise deny the allegations in Paragraph 76.

77.     Defendants admit that Passport received encounter data penalty letters before and after October 2017.  The penalty letters speak for themselves, and Defendants refer the Court to the full text for a complete and accurate depiction of their contents.  Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 and CW3 are reported to have said.  Defendants otherwise deny the allegations contained in Paragraph 77.

78.     Defendants admit that the Commonwealth of Kentucky caps encounter data penalties to .33% of the Medicaid plan's monthly capitation revenue.  Defendants otherwise deny the allegations in Paragraph 78.

79.     Defendants deny the allegations in Paragraph 79.

80.     Defendants admit that Kentucky altered the Medicaid capitation rates across the Commonwealth, to apply retroactively, in or around November 2018.  Kentucky's historical Medicaid rates are publicly available and speak for themselves.  Defendants otherwise deny the allegations in Paragraph 80.

81.     Defendants lack information sufficient to admit or deny, and therefore deny, what "multiple CWs" and CW3 are reported to have said.  Defendants otherwise deny the allegations in Paragraph 81.

82.     Defendants lack information sufficient to admit or deny, and therefore deny, what CW3 and CW1 are reported to have said.  Defendants otherwise deny the allegations in Paragraph 82.

83.     Defendants admit that Kentucky's changes to the Medicaid rates had a significant,

negative impact on Passport's finances.    Defendants otherwise deny the allegations in Paragraph 83.

84.    Defendants admit that Passport was and is a strong Medicaid plan.  Defendants admit that Passport's contract with Kentucky was renewed for the term 2015-2020.  Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 is reported to have said.  Defendants lack information sufficient to admit or deny, and therefore deny, the rankings referenced in Paragraph 84.  Defendants otherwise deny the allegations in Paragraph 84.

85.    Defendants admit that Passport's administrative expenses increased over time, and refer the Court to Evolent's Feb. 28, 2020 8-K that includes accounting information for a complete and accurate depiction of the financial context partially referenced in Paragraph 85.  Defendants otherwise deny the allegations in Paragraph 85.

86.    Defendants lack information sufficient to admit or deny, and therefore deny, what CW4 is reported to have said.  Defendants otherwise deny the allegations in Paragraph 86.

87.    Defendants admit that Passport's net underwriting profits fluctuated over time, and refer the Court to Evolent's Feb. 28, 2020 8-K that includes accounting information for a complete and accurate depiction of the financial context partially described in Paragraph 87.  Defendants otherwise deny the allegations in Paragraph 87.

88.    Defendants lack information sufficient to admit or deny, and therefore deny, what "former employees" are reported to have said.  Defendants otherwise deny the allegations contained in Paragraph 88.

89.    Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said, what her background is, and how or when CW5 first spoke with Plaintiffs' counsel.  To the extent that Paragraph 89 contains additional factual allegations,

Defendants deny them.

90.     Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said.  Defendants otherwise deny the allegations in Paragraph 90.

91.     Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said.  Defendants otherwise deny the allegations in Paragraph 91.

92.     Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said.  Defendants otherwise deny the allegations in Paragraph 92.

93.     Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said.  Defendants otherwise deny the allegations in Paragraph 93.

94.     Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said.  Defendants otherwise deny the allegations in Paragraph 94.

95.     Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said.  Defendants otherwise deny the allegations in Paragraph 95.

96.     Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said or recalled.  Defendants otherwise deny the allegations in Paragraph 96.

97.     Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said.  Defendants otherwise deny the allegations in Paragraph 97.

98.     Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said.  Defendants otherwise deny the allegations in Paragraph 98.

99.     Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said.  Defendants otherwise deny the allegations in Paragraph 99.

100.    Defendants lack information sufficient to admit or deny, and therefore deny, what

CW5 is reported to have said.  Defendants otherwise deny the allegations in Paragraph 100.

101.    Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said.  Defendants otherwise deny the allegations in Paragraph 101.

102.    Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said or recalled.  Defendants otherwise deny the allegations in Paragraph 102.

103.    Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said.  Defendants otherwise deny the allegations in Paragraph 103.

104.    Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said.  Defendants otherwise deny the allegations in Paragraph 104.

105.    Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said or recalled.  Defendants otherwise deny the allegations in Paragraph 105.

106.    Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said.  Defendants otherwise deny the allegations Paragraph 106.

107.    Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said or recalled.  Defendants otherwise deny the allegations in Paragraph 107.

108.    Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said or recalled.  Defendants otherwise deny the allegations in Paragraph 108.

109.    Defendants admit that Passport transitioned to a PBM with the assistance of Evolent.  Defendants admit that a PBM develops and maintains formularies and negotiates rate

and discounts, but deny the rest of the description in footnote 5. Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said. Defendants otherwise deny the allegations in Paragraph 109.

110. Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said. Defendants otherwise deny the allegations in Paragraph 110.

111. Defendants admit that Kentucky altered the Medicaid capitation rates, to apply retroactively, in or around November 2018. The rates then in effect are publicly available and speak for themselves. Defendants otherwise deny the allegations in Paragraph 111.

112. The *Insider Louisville* article referenced in Paragraph 112 speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and context of the partial quotation found in Paragraph 112. Defendants otherwise deny the allegations in Paragraph 112.

113. The article referenced in Paragraph 113 speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and context of the partial quotation found in Paragraph 113. Defendants otherwise deny the allegations in Paragraph 113.

114. Defendants admit that Paragraph 114 partially quotes from an analyst report. The report speaks for itself and Defendants refer the Court to the report for a complete and accurate description of its contents. Defendants otherwise deny the allegations in Paragraph 114.

115. Defendants admit that Passport filed a lawsuit on February 15, 2019. The lawsuit speaks for itself, and Defendants refer the court to the lawsuit for a complete and accurate description of its contents and the context for the summary in Paragraph 115. Evolent's historical stock prices speak for themselves. Defendants otherwise deny the allegations in Paragraph 115.

116. Defendants lack sufficient knowledge to admit or deny, and therefore deny, whether

16

"investors and analysts" had concerns. Defendants admit that Paragraph 116 contains partial quotations from the transcript of the Feb. 26, 2019 earnings call. The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 116. Defendants otherwise deny the allegations in Paragraph 116.

117.    Defendants admit that Paragraph 117 contains partial quotations from the transcript of the Feb. 26, 2019 earnings call. The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 117. Defendants otherwise deny the allegations in Paragraph 117.

118.    Defendants lack information sufficient to admit or deny, and therefore deny, what various analyst reports stated. To the extent Paragraph 118 quotes analyst reports, the reports speak for themselves, and Defendants refer the Court to the reports for a complete and accurate description of their contents. Defendants admit that Kentucky again altered the Medicaid rates in the Spring of 2019. Defendants otherwise deny the allegations in Paragraph 118.

119.    Defendants admit that Paragraph 119 contains a partial quotation from the transcript of the May 7, 2019 earnings call. The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 119. Defendants lack information sufficient to admit or deny, and therefore deny, what the referenced analyst report stated. To the extent Paragraph 119 quotes an analyst report, the report speaks for itself, and Defendants refer the Court to the report for a complete and accurate description of their contents. Defendants otherwise deny the allegations in Paragraph 119.

120.    Defendants admit that Evolent issued a press release on May 29, 2019, which

17

speaks for itself.  Defendants refer the Court to the full text of the press release for a complete and accurate depiction of its contents and the context of the partial quotation found in Paragraph 120. Defendants otherwise deny the allegations in Paragraph 120.

121.    Defendants admit that Paragraph 121 contains partial quotations from the transcript of the May 29, 2019 investor call.  The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 121.  Defendants otherwise deny the allegations in Paragraph 121.

122.    Evolent's historical stock prices speak for themselves.  Defendants otherwise deny the allegations in Paragraph 122.

123.    Defendants lack information sufficient to admit or deny, and therefore deny, what various analyst reports stated.  To the extent Paragraph 123 quotes analyst reports, the reports speak for themselves, and Defendants refer the Court to the reports for a complete and accurate description of their contents.  Defendants otherwise deny the allegations in Paragraph 123.

124.    Defendants admit that Paragraph 124 contains a partial quotation from the transcript of the May 30, 2019 investor call.  The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotation found in Paragraph 124.  Defendants otherwise deny the allegations in Paragraph 124.

125.    Defendants admit that Paragraph 125 contains partial quotations from the transcript of the May 30, 2019 investor call.  The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 125.  Defendants otherwise deny the allegations in Paragraph 125.

126.    Defendants admit that the Commonwealth of Kentucky issued a RFP, as planned and expected, to award Medicaid contracts, and that Passport submitted a proposal in response.

Defendants otherwise deny the allegations in Paragraph 126.

127.    The Commonwealth of Kentucky's announcement speaks for itself.  Defendants otherwise deny the allegations in Paragraph 127.

128.    The *Courier-Journal* article speaks for itself.  Defendants refer the Court to the full text of the article for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 128.  Defendants otherwise deny the allegations in Paragraph 128.

129.    Evolent's historical stock prices speak for themselves.

130.    Documents from the Commonwealth of Kentucky speak for themselves. Defendants refer the Court to the full text of the documents referenced by Plaintiffs for a complete and accurate depiction of their contents and for context.  Defendants otherwise deny the allegations in Paragraph 130.

131.    The Piper Jaffray report speaks for itself.  Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 131.  Defendants otherwise deny the allegations in Paragraph 131.

132.    Governor Beshear's announcement speaks for itself.  Defendants otherwise deny the allegations in Paragraph 132.

133.    Defendants admit that Evolent made various SEC filings as required.  Defendants refer the Court to the full text of the Feb. 25, 2020 8-K and the 2019 10-K for a complete and accurate depiction of their contents and the context of the partial quotations found in Paragraph 133.  Defendants otherwise deny the allegations in Paragraph 133.

134.    Paragraph 134 is a legal argument that requires no response. To the extent that Paragraph 134 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

135.    Paragraph 135 is a legal argument that requires no response. To the extent that Paragraph 135 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

136.    Defendants admit that Evolent filed its 2016 10-K on March 3, 2017.  The Court's March 24, 2021 Memorandum Opinion and Order ("Opinion") (ECF No. 106) deemed the statements in Paragraph 136 to be "corporate puffery" that fails as a legal basis for a securities claim.  Defendants admit that Paragraph 136 contains partial quotations from Evolent's 2016 10-K.  The 10-K speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotation found in Paragraph 136. To the extent Paragraph 136 contains any other factual allegations, Defendants deny them.

137.    The Court's Opinion deemed the statement in Paragraph 137 to be "corporate puffery" that fails as a legal basis for a securities claim.  Defendants admit that Paragraph 137 contains partial quotations from Evolent's 2016 10-K.  The 10-K speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotation found in Paragraph 137.  To the extent Paragraph 137 contains any other factual allegations, Defendants deny them.

138.    The Court's Opinion deemed the statements described in Paragraphs 138 to be "corporate puffery" that fails as a legal basis for a securities claim, and therefore no response is required.  Defendants lack information sufficient to admit or deny what CW1 or CW 5 are reported to have said.  Defendants otherwise deny the allegations in Paragraph 138.

139.    Defendants admit that Evolent held an investor conference call on May 9, 2017 and filed a 10-Q on May 10, 2017.

140.    The Court's Opinion deemed the statement in Paragraph 140 to be "corporate

puffery" that fails as a legal basis for a securities claim. Defendants admit that Paragraph 140 contains partial quotations from the transcript of the May 9, 2017 earnings call. The transcript of the earnings call speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 140. To the extent Paragraph 140 contains any other factual allegations, Defendants deny them.

141. The Court's Opinion deemed the statement in Paragraph 141 to be "corporate puffery" that fails as a legal basis for a securities claim. Defendants admit that Paragraph 141 contains partial quotations from Evolent's May 10, 2017 10-Q. The 10-Q speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 141. To the extent Paragraph 141 contains any other factual allegations, Defendants deny them.

142. The Court's Opinion deemed the statements described in Paragraph 142 to be "corporate puffery" that fail as a basis for a securities claim, and therefore no response is required. Defendants lack information sufficient to admit or deny what CW1 or CW5 are reported to have said in Paragraph 142. Defendants otherwise deny the allegations in Paragraph 142.

143. The Court's Opinion held that the statement referenced in Paragraph 143 is not sufficient as a basis for a securities claim. Defendants admit that Paragraph 143 contains a partial quotation from the transcript of the May 9, 2017 earnings call. The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotation found in Paragraph 143. To the extent Paragraph 143 contains any other factual allegations, Defendants deny them.

144. The Court's Opinion held that the statement referenced in Paragraph 143 is not

21

sufficient as a basis for a securities claim, and therefore no response is required. Defendants lack information sufficient to admit or deny what CWs 2–5 are reported to have said. Defendants otherwise deny the allegations in Paragraph 144.

145. The Court's Opinion held that Defendant Wigginton's statement in Paragraph 145 is insufficient as a basis for a claim. Defendants admit that Evolent held its annual Investor and Analyst Day conference on May 11, 2017. Defendants admit that Paragraph 145 contains a partial quotation from the transcript of the May 11, 2017 Investor and Analyst Day. The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotation found in Paragraph 145. Defendants otherwise deny the allegations in Paragraph 145.

146. The Court's Opinion held that Defendant Spencer's statement described in Paragraph 146 is insufficient as a basis for a claim. Defendants admit that the Paragraph contains partial quotation from the transcript. The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotation found in Paragraph 146. Defendants otherwise deny the allegations in Paragraph 146.

147. The Court's Opinion deemed the statements described in Paragraph 147 as insufficient bases for securities claims, and therefore no response is required. Defendants lack information sufficient to admit or deny what CW5, CW3, CW2, or CW4 are reported to have said in Paragraph 147. Defendants otherwise deny the allegations in Paragraph 147.

148. Defendants admit that Evolent filed a 10-Q on August 7, 2017.

149. The Court's Opinion deemed the statement in Paragraph 149 to be "corporate puffery" that fails as a legal basis for a securities claim. Defendants admit that Paragraph 149

22

contains partial quotations from Evolent's Aug. 7, 2017 10-Q.  Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 149. To the extent Paragraph 149 contains any other factual allegations, Defendants deny them.

150.    The Court's Opinion deemed the statement described in Paragraph 150 to be "corporate puffery" that fails as a legal basis for a securities claim, and therefore no response is required.  Defendants lack information sufficient to admit or deny what CW1 or CW5 are reported to have said in Paragraph 150.  Defendants otherwise deny the allegations in Paragraph 150.

151.    Defendants admit that Evolent held an earnings call on November 2, 2017 and filed a 10-Q on November 9, 2017.

152.    The Court's Opinion deemed the statement in Paragraph 152 to be "corporate puffery" that fails as a legal basis for a securities claim.  Defendants admit that Paragraph 152 contains partial quotations from the November 2, 2017 earnings call transcript.  The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations.  To the extent Paragraph 152 contains any other factual allegations, Defendants deny them.

153.    The Court's Opinion deemed the statement described in Paragraph 153 to be "corporate puffery" that fails as a legal basis for a securities claim, and therefore no response is required.  Defendants lack information sufficient to admit or deny, and therefore deny, what CW5, CW4, or CW3 are reported to have said.  Defendants otherwise deny the allegations in Paragraph 153.

154.    Defendants lack information sufficient to admit or deny, and therefore deny, what documents Lead Plaintiffs may have obtained.  Defendants lack information sufficient to admit or

deny, and therefore deny, what CW5 or CW3 are reported to have said. Defendants otherwise deny the allegations in Paragraph in 154.

155. The Court's Opinion deemed the statement in Paragraph 155 to be "corporate puffery" that fails as a legal basis for a securities claim. Defendants admit that Paragraph 155 contains partial quotations from Evolent's 10-Q. Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 155. To the extent Paragraph 155 contains any other factual allegations, Defendants deny them.

156. The Court's Opinion deemed the statement described in Paragraph 156 to be "corporate puffery" that fails as a legal basis for a securities claim, and therefore no response is required. Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 or CW5 are reported to have said in Paragraph 150. Defendants otherwise deny the allegations in Paragraph 156.

157. Defendants admit that Evolent held an earnings call on February 27, 2018, and filed on March 1, 2018, its 2017 Form 10-K.

158. The Court's Opinion deemed the statement in Paragraph 158 to be "corporate puffery" that fails as a legal basis for a securities claim. Defendants admit that Paragraph 158 contains partial quotations from the February 27, 2018 earnings call transcript. The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations. To the extent Paragraph 158 contains any other factual allegations, Defendants deny them.

159. The Court's Opinion deemed the statement described in Paragraph 159 to be "corporate puffery" that fails as a legal basis for a securities claim, and therefore no response is

24

required. Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 or CW3 are reported to have said. Defendants otherwise deny the allegations in Paragraph 159.

160. The Court's Opinion deemed the statements in Paragraph 160 to be "corporate puffery" that fails as a legal basis for a securities claim. Defendants admit that Paragraph 160 contains partial quotations from Evolent's 2017 10-K. The 10-K speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 160. To the extent Paragraph 160 contains any other factual allegations, Defendants deny them.

161. The Court's Opinion deemed the statement in Paragraph 161 to be "corporate puffery" that fails as a legal basis for a securities claim. Defendants admit that Paragraph 161 contains partial quotations from Evolent's 2017 10-K. The 10-K speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 161. To the extent Paragraph 161 contains any other factual allegations, Defendants deny them.

162. The Court's Opinion deemed the statements described in Paragraphs 162 to be "corporate puffery" that fails as a legal basis for a securities claim, and therefore no response is required. Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 or CW 5 are reported to have said. Defendants otherwise deny the allegations in Paragraph 162.

163. Defendants admit that Evolent held an earnings call on May 9, 2018 and on May 10, 2018, filed a 10-Q.

164. The Court's Opinion deemed the statement in Paragraph 164 to be "corporate puffery" that fails as a legal basis for a securities claim. Defendants admit that Paragraph 164 contains partial quotations from the May 9, 2018 earnings call. The transcript of the earnings call

speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 164. To the extent Paragraph 164 contains any other factual allegations, Defendants deny them.

165.    The Court's Opinion deemed the statement in Paragraph 165 to be "corporate puffery" that fails as a legal basis for a securities claim.  Defendants admit that Paragraph 165 contains partial quotations from Evolent's May 10, 2018 10-Q.  Defendants refer the Court to the full text of the 10-Q for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 165. To the extent Paragraph 165 contains any other factual allegations, Defendants deny them.

166.    The Court's Opinion deemed the statements described in Paragraph 166 to be "corporate puffery" that fail as a basis for a securities claim, and therefore no response is required. Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 or CW5 are reported in to have said.  Defendants otherwise deny the allegations contained in Paragraph 166.

167.    Defendants admit that on May 11, 2018, Evolent held an Investor and Analyst Day. Defendants admit that Paragraph 167 contains partial quotations from the transcript of that event. The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations.  To the extent Paragraph 167 contains other factual allegations, Defendants deny them.

168.    Defendants admit that Paragraph 168 contains partial quotations from the transcript of that event.  The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations.  To the extent Paragraph 168 contains any other factual allegations, Defendants deny them.

169. The Court's Opinion held that one of the statements described in Paragraph 169, the statement by Williams from Paragraph 167, is "corporate puffery" that fail as a basis for a securities claim, and therefore no response is required. Defendants deny that the statement by Blackley, from Paragraph 168, is materially false or misleading. Defendants lack information sufficient to admit or deny what CW5 or CW1 are reported to have said. Defendants otherwise deny the allegations in Paragraph 169.

170. Defendants admit that Evolent held an earnings call on August 7, 2018 and filed on August 9, 2018 a Form 10-Q.

171. The Court's Opinion deemed the statement in Paragraph 171 to be "corporate puffery" that fails as a legal basis for a securities claim. Defendants admit that Paragraph 171 contains partial quotations from the August 7, 2018 earnings call. The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 171. Defendants note that the transcript shows that Frank Williams, not Nicholas McGrane, made the quoted statement. To the extent Paragraph 171 contains any other factual allegations, Defendants deny them.

172. The Court's Opinion deemed the statement in Paragraph 172 to be "corporate puffery" that fails as a legal basis for a securities claim. Defendants admit that Paragraph 172 contains partial quotations from Evolent's Aug. 9, 2018 10-Q. The 10-Q speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotation found in Paragraph 172. To the extent Paragraph 172 contains any factual allegations, Defendants deny them.

173. The Court's Opinion deemed the statements described in Paragraph 173 to be "corporate puffery" that fail as a basis for a securities claim, and therefore no response is required.

Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 or CW5 are reported to have said. Defendants otherwise deny the allegations in Paragraph 173.

174. Defendants admit that Evolent participated in the Wells Fargo Healthcare Conference on September 5, 2018 and filed on November 8, 2018 a Form 10-Q. To the extent other factual allegations are contained in Paragraph 174, Defendants deny them.

175. Defendants admit that Paragraph 175 contains a partial quotation from the Sept. 5, 2018 conference. The transcript speaks for itself, and Defendants refer the Court to the full text of the transcript for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 175.

176. The Court's Opinion deemed the statement in Paragraph 176 to be "corporate puffery" that fails as a legal basis for a securities claim. Defendants admit that Paragraph 176 contains partial quotations from Evolent's 10-Q. Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 176. To the extent Paragraph 176 contains any other factual allegations, Defendants deny them.

177. The Court's Opinion deemed the statement described in Paragraph 176 and referenced here in Paragraph 177 to be "corporate puffery" that fails as a legal basis for a securities claim, and therefore no response is required to that allegation. Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 or CW5 are reported to have said in Paragraph 177. Defendants otherwise deny the allegations in Paragraph 177.

178. The *Insider Louisville* article referenced in Paragraph 178 speaks for itself and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and

28

the context of the partial quotation found in Paragraph 178.  Defendants otherwise deny the allegations in Paragraph 178.

179.    The *Insider Louisville* article referenced in Paragraph 179 speaks for itself and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotation found in Paragraph 179.  Defendants otherwise deny the allegations in Paragraph 179.

180.    Defendants lack information sufficient to admit or deny, and therefore deny, what CW1, CW5, or CW3 are reported to have said.  Defendants otherwise deny the allegations in Paragraph 180.

181.    Defendants admit that Evolent held an earnings call on February 26, 2019 and filed on February 28, 2019 its 2018 Form 10-K.

182.    Defendants admit that Paragraph 182 contains a partial quotation from the transcript of the Feb. 26, 2019 earnings call.  The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotation found in Paragraph 182.  Defendants otherwise deny the allegations in Paragraph 182.

183.    Defendants admit that the Paragraph 183 contains a partial quotation from the transcript of the Feb. 26, 2019 earnings call.  The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotation found in Paragraph 183.  Defendants otherwise deny the allegations in Paragraph 183.

184.    Defendants deny the allegations in Paragraph 184.

185.    The Court's Opinion deemed the statement in Paragraph 185 to be "corporate puffery" that fails as a legal basis for a securities claim.  Defendants admit that Paragraph 185

contains a partial quotation from Evolent's 2018 10-K. The 10-K speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotation found in Paragraph 185. To the extent Paragraph 185 contains other factual allegations, Defendants deny them.

186. The Court's Opinion deemed the statement described in Paragraph 186 to be "corporate puffery" that fails as a legal basis for a securities claim, and therefore no response is required. Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 or CW5 are reported to have said. Defendants otherwise deny the allegations contained in Paragraph 186.

187. Defendants admit that Evolent held an earnings call on May 7, 2019.

188. Defendants admit that Paragraph 188 contains a partial quotation from the transcript of Evolent's May 7, 2019 earnings call. The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotation found in Paragraph 188. To the extent Paragraph 188 contains any other factual allegations, Defendants deny them.

189. Defendants deny the allegations in Paragraph 189.

190. Paragraph 190 is a legal argument that requires no response. To the extent that Paragraph 190 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

191. Defendants deny the allegations in Paragraph 191.

192. Defendants admit that Paragraph 192 contains a partial quotation from the transcript of Evolent's Aug. 7, 2019 earnings call. The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the

30

partial quotation found in this Paragraph. To the extent Paragraph 192 contains any other allegations, Defendants deny them.

193. Defendants lack information sufficient to admit or deny, and therefore deny, what "former employees" are purported to have said. Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 is reported to have said. Defendants otherwise deny the allegations contained in Paragraph 193.

194. Defendants lack information sufficient to admit or deny, and therefore deny, what CW3 is reported to have said. Defendants otherwise the allegations contained in Paragraph 194.

195. Defendants lack information sufficient to admit or deny, and therefore deny, what CW 3 or CW 1 reportedly said. Defendants otherwise deny the allegations in Paragraph 195.

196. Defendants deny the allegations in Paragraph 196.

197. Paragraph 197 is a legal argument that requires no response. To the extent that Paragraph 197 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

198. Defendants admit that Passport was Evolent's largest partner. Evolent's 10-Ks speak for themselves, and Defendants refer the Court to the filings for context. To the extent Paragraph 198 makes other allegations, Defendants deny them.

199. Paragraph 199 is a legal argument that requires no response. To the extent Paragraph 199 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

200. Defendants lack information sufficient to admit or deny, and therefore deny, what "former employees" are purported to have said. Defendants lack information sufficient to admit

or deny, and therefore deny, what CW5 is reported to have said. Defendants otherwise deny the allegations in Paragraph 200.

201. Defendants lack information sufficient to admit or deny, and therefore deny, what CW2, CW4, or CW1 are reported to have said. Defendants otherwise deny the allegations in Paragraph 201.

202. Defendants lack information sufficient to admit or deny, and therefore deny, what CW3 or CW4 are reported to have said. Defendants otherwise deny the allegations in Paragraph 202.

203. Paragraph 203 is a legal argument that requires no response. To the extent Paragraph 203 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

204. Defendants admit that Paragraph 204 contains a partial quotation, albeit with some inaccuracies, from the transcript of Evolent's May 30, 2019 earnings call. The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotation found in this Paragraph. To the extent Paragraph 204 contains factual allegations or otherwise requires a response, Defendants deny them.

205. Paragraph 205 is a legal argument that requires no response. To the extent Paragraph 205 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

206. Defendants deny the allegations in Paragraph 206.

207. Paragraph 207 is a legal argument that requires no response. To the extent Paragraph 207 contains factual allegations or otherwise requires a response, Defendants deny the

32

allegations.

208.    Paragraph 208 is a legal argument that requires no response.  To the extent that Paragraph 224 contains factual allegations or otherwise requires a response, Defendants admit that Evolent shares were traded on the NYSE and deny the rest of the allegations in Paragraph 208.

209.    Paragraph 209 is a legal argument that requires no response.  To the extent that Paragraph 209 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

210.    Paragraph 210 is a legal argument that requires no response. To the extent that Paragraph 210 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

211.    Paragraph 211 is a legal argument that requires no response. To the extent that Paragraph 211 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

212.    Defendants refer the Court to the full text of the lawsuit referenced in Paragraph 212, which speaks for itself, for a complete and accurate depiction of its contents.  The historical prices of Evolent's stock are publicly available and speak for themselves.  Defendants otherwise deny the allegations in Paragraph 212.

213.    Defendants admit that Evolent issued a press release on May 29, 2019, which speaks for itself.  Defendants refer the Court to the full text of the press release for a complete and accurate depiction of its contents and the context of the quotation found in Paragraph 213.  Evolent's historical stock prices are publicly available and speak for themselves.  Defendants otherwise deny the allegations in Paragraph 213.

214. Paragraph 214 is a legal argument that requires no response. To the extent that Paragraph 214 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

215. Paragraph 215 is a legal argument that requires no response. To the extent that Paragraph 215 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

216. Paragraph 215 is a legal argument that requires no response. To the extent that Paragraph 216 contains factual allegations or otherwise requires a response, Defendants admit that there are a number of shares of Evolent common stock outstanding and deny the rest of the allegations in Paragraph 216.

217. Defendants lack information sufficient to admit or deny, and therefore deny, the allegations regarding Lead Plaintiffs. Paragraph 217 is otherwise a legal argument and requires no response. To the extent that Paragraph 217 contains additional factual allegations or otherwise requires a response, Defendants deny the allegations.

218. Defendants lack information sufficient to admit or deny, and therefore deny, the allegations regarding Lead Plaintiffs, Class Members, or Plaintiffs' counsel. Paragraph 218 is otherwise a legal argument and requires no response. To the extent that Paragraph 218 contains additional factual allegations or otherwise requires a response, Defendants deny the allegations.

219. Paragraph 219 is a legal argument that requires no response. To the extent that Paragraph 219 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

220. Paragraph 220 is a legal argument that requires no response. To the extent that Paragraph 220 contains factual allegations or otherwise requires a response, Defendants deny the

34

allegations.

221. Paragraph 221 is a legal argument that requires no response. To the extent that Paragraph 221 contains factual allegations or otherwise requires a response, Defendants admit that Evolent is listed on the NYSE and filed reports with the SEC, but lacks information sufficient to admit or deny, and therefore denies, the allegations in subparagraph (d). Defendants otherwise deny the allegations in Paragraph 221.

222. Paragraph 222 is a legal argument that requires no response. To the extent that Paragraph 222 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

223. Paragraph 223 is a legal argument that requires no response. To the extent that Paragraph 223 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

224. Paragraph 224 is a legal argument that requires no response. To the extent that Paragraph 224 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

225. Paragraph 225 is a legal argument that requires no response. To the extent that Paragraph 225 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

226. Paragraph 226 is a legal argument that requires no response. To the extent that Paragraph 226 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

227. Paragraph 227 repeats and realleges the allegations in the above Paragraphs, so Defendants refer the Court to the admissions and denials set forth above. Paragraph 227 is

otherwise a legal argument that requires no response.  To the extent that Paragraph 227 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

228.    Paragraph 228 is a legal argument that requires no response.  To the extent Paragraph 228 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

229.    Defendants deny the allegations in Paragraph 229.

230.    Paragraph 230 is a legal argument that requires no response.  To the extent Paragraph 230 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

231.    Paragraph 231 contains a legal argument that requires no response.  Defendants otherwise deny the allegations in Paragraph 231.

232.    Paragraph 232 is a legal argument that requires no response.  To the extent Paragraph 232 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

233.    Paragraph 233 is a legal argument that requires no response.  To the extent Paragraph 233 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

234.    Defendants lack information sufficient to admit or deny, and therefore deny, allegations regarding "Lead Plaintiffs and the other members of the Class."  Paragraph 234 is otherwise a legal argument that requires no response.  To the extent Paragraph 234 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

235.    Defendants lack information sufficient to admit or deny, and therefore deny, allegations regarding "Lead Plaintiffs and the other members of the Class."  Paragraph 235 is

otherwise a legal argument that requires no response. To the extent Paragraph 235 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

236. Paragraph 236 repeats and realleges the allegations in the above Paragraphs, so Defendants refer the Court to the admissions and denials set forth above. Paragraph 236 is otherwise a legal argument that requires no response. To the extent that Paragraph 236 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

237. Paragraph 237 is a legal argument that requires no response. To the extent Paragraph 237 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

238. Paragraph 238 is a legal argument that requires no response. To the extent Paragraph 238 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

239. Paragraph 239 is a legal argument and that requires no response. To the extent Paragraph 239 contains factual allegations or otherwise requires a response, Defendants admit that some Individual Defendants signed some of the SEC filings, but most of them did not sign any given filing. Defendants otherwise deny the allegations in Paragraph 239.

240. Paragraph 240 is a legal argument that requires no response. To the extent Paragraph 240 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

241. Paragraph 241 is a legal argument that requires no response. To the extent Paragraph 241 contains factual allegations or otherwise requires a response, Defendants deny the allegations. 242. Defendants lack information sufficient to admit or deny, and therefore deny, allegations regarding "Lead Plaintiffs and the other members of the Class." Paragraph 242 is

37

otherwise a legal argument that requires no response. To the extent Paragraph 242 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

243.    Plaintiffs' prayer for relief does not require a response, but insofar as an answer is deemed necessary, Defendants deny that Plaintiffs are entitled to the requested relief and judgment or to any relief whatsoever.

244.    No response is required.

## DEFENSES

As separate and distinct defenses to the SAC, and to each purported cause of action therein, without assuming any burden of proof that they would otherwise not bear, Defendants assert the following defenses, including affirmative defenses. Defendants reserve the right to assert any additional and further defenses, including affirmative defenses, as may be revealed by discovery or otherwise.

**First Affirmative  Defense: Failure to State A Claim**

The SAC, and each purported cause of action alleged therein against Defendants, fails to state a claim upon which relief may be granted.

**Second Affirmative Defense: Failure to Plead with Particularity**

Plaintiffs' claims are barred, in whole or in part, because  the SAC fails  to plead  fraud with particularity as required by Federal Rule ofCivil Procedure 9(b). Plaintiffs' claims are also barred, in whole or in part, because the SAC fails to plead scienter with particularity as required by Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737.

**Third Affirmative Defense: No Falsity**

The alleged misrepresentations and omissions were not false, misleading, or material when

taken together with, and in context of, the total mix of information available to the market.

**Fourth Affirmative Defense: No Materiality**

None of Defendants' public statements or SEC filings contained any untrue statements of material fact or failed to state any material fact required to be stated therein or necessary to make the statements therein not misleading. Any allegedly untrue statement of material fact, omission of material fact, misleading statement, or other action allegedly made or taken by Defendants were not material to the investment decision of a reasonable investor.

The statements of which Plaintiffs complain in the SAC are inactionable statements of opinion, optimism, and/or puffery.

**Fifth Affirmative Defense: Statements of Opinion**

The challenged statements or omissions are inactionable opinions made with genuine belief, with the basis that a reasonable investor would expect, and with true supporting facts. *See Omnicare, Inc. v. Laborers Dist. Council Constr.Indus. Pension Fund*, 135 S. Ct. 1318 (2015).

**Sixth Affirmative Defense: No Scienter**

Defendants acted at all times in good faith and had no knowledge, or were not reckless in not knowing, that any alleged misstatement or omission was false or misleading when made.

Defendants reasonably relied on the records of the corporation and upon information, opinions, reports and/or statements from, advice of, and expertise of others with knowledge and expertise of relevant matters who were selected with reasonable care.

**Seventh Affirmative Defense: No Damages**

The claims asserted in the SAC are barred because Plaintiffs and the putative class have sustained no legally cognizable damage by virtue of any misrepresentation or omission alleged in the SAC. Such alleged misrepresentations and omissions did not cause or were not a material

39

causal factor in the drop in stock prices or value of which Plaintiffs complain.

**Eighth Affirmative Defense: No Reasonable Reliance**

Plaintiffs' claims are barred in whole or in part because Plaintiffs and members of the purported class did not reasonably rely on the alleged misrepresentations and omissions set forth in the SAC. The claims asserted in the SAC are also barred because the purported class would have acquired Evolent common stock at the same price even if they had known of the alleged misstatements and omissions.

The alleged misrepresentations and/or omissions were not relied upon by Plaintiffs.

**Ninth Affirmative Defense: Conformity with SEC Rules & Regulations**

Each and every act or omission alleged in the SAC was performed or omitted in good faith and in conformity with the rules and regulations of the SEC.

**Tenth Affirmative Defense: GAAP Compliance**

At all times during the alleged Class Period, Evolent's accounting practices and/or procedures were consistent with GAAP.

**Eleventh Affirmative Defense: Purchasers' Knowledge**

Plaintiffs and members of the purported class had actual or constructive knowledge of the alleged misrepresentations and omissions alleged in the SAC at the time they acquired their shares.

**Twelfth Affirmative Defense: No Duty to Disclose**

Plaintiffs' claims are barred, in whole or in part, on the grounds that Defendants had no duty to disclose information allegedly omitted in Evolent'spublic statements, that Defendants had no duty to update information that was truthful and accurate when made, and that Defendants had no duty to correct information that they reasonably believed was truthful and accurate when made.

40

**Thirteenth Affirmative Defense: Safe Harbor and Bespeaks Caution**

The alleged false or misleading statements were forward-looking statements accompanied by appropriate risk disclosures protected by the safe harbor provision of the Private Securities Litigation Reform Act and/or the bespeakscaution doctrine.

**Fourteenth Affirmative Defense: Disclosed Risk**

Defendants are not liable to Plaintiffs because any alleged misstatements contained sufficient cautionary language and risk disclosure.

The matters alleged to be the subject of misrepresentations or omissions were publicly and prominently disclosed and were available to Plaintiffs and/or the securities markets.

**Fifteenth Affirmative Defense: _Janus_**

Each Defendant cannot be held liable for statements he or she did not make, including statements that post-date his or her departure from Evolent.

**Sixteenth Affirmative Defense: No Loss Causation**

The alleged misrepresentations and/or omissions at issue were not a producing cause of the alleged harm, if any, to Plaintiffs.

Any depreciation in the market price of Evolent common stock acquired by Plaintiffs and the putative class resulted from factors, including the acts of third parties, other than the alleged misrepresentations and omissions setforth in the SAC.

**Seventeenth Affirmative Defense: No Transaction Causation**

The alleged actions or inactions of Defendants were not the sole or partial cause of any decision by any Plaintiff to invest in Evolent, nor were any of Plaintiffs' securities purchases made or induced by means of any misrepresentationor omission made by Defendants.

41

**Eighteenth Affirmative Defense: Public Information**

Plaintiffs' claims are barred on the grounds that the matters alleged to be the subject of misrepresentations and/or omissions were publicly disclosed and/or were in the public domain, and as such, were available to plaintiffs and/or the securities markets.

**Nineteenth Affirmative Defense: No Primary Liability**

Plaintiffs' claims are barred in whole or in part because Plaintiffs cannot establish the primary liability necessary to assert control person liability.

**Twentieth Affirmative Defense: Statutes of Limitations or Repose**

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations or repose.

**Twenty-First Affirmative Defense: Equitable Doctrines**

Plaintiffs' and members of the putative class' claims against Defendants are barred in whole or in part by laches, equitable estoppel, waiver, or other related equitable doctrine.

**Twenty-Second Affirmative Defense: Inadequate Class Allegations**

Plaintiffs' and members of the putative class' claims are not properly maintainable as a class action.

**Twenty-Third Affirmative Defense: Limited Damages**

Some or all of Plaintiffs and members of the purported class cannot claim damages because they sold their securities at prices higher than the prices at which they purchased or acquired those securities.

In the event Plaintiffs recover damages, such damages shall be limited only to those losses caused by the alleged misstatements or omissions as opposed to other factors and/or market

42

conditions.

Plaintiffs' and members of the putative class's claims against Defendants are barred in whole or in part because of Plaintiffs' and members of the putative class's inequitable conduct and unclean hands.

**Reservation of Defenses**

Additional facts may be revealed by future discovery that supports additional affirmative defenses presently available to, but unknown to, Defendants. Therefore, Defendants reserve the right to assert additional defenses in the event that discovery and investigation indicate that additional defenses would be appropriate.

DATED: April 16, 2021

RESPECTFULLY SUBMITTED,

/s/ Ashley C. Parrish
Ashley C. Parrish
Virginia Bar No. 43089
**KING & SPALDING LLP**
700 Pennsylvania Avenue, NW,
Suite 200
Washington, DC 20006-4707
Tel: (202) 626-2627
Fax: (202) 626-3737
aparrish@kslaw.com

Paul R. Bessette, *pro hac vice*
Michael J. Biles, *pro hac vice*
Jill R. Carvalho, *pro hac vice*
**KING & SPALDING LLP**
500 W. 2nd Street, Suite 1800
Austin, TX  78701
Tel: (512) 457-2050
Fax: (512) 457-2100
pbessette@kslaw.com
mbiles@kslaw.com
jcarvalho@kslaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on April 16, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF Filing System on all parties in this case.

/s/ Ashley Parrish
Ashley C. Parrish

44