**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |
|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM and OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>EVOLENT HEALTH, INC., FRANK WILLIAMS, NICHOLAS MCGRANE, SETH BLACKLEY, CHRISTIE SPENCER, and STEVEN WIGGINTON,<br><br>　　　　　　　　　　Defendants. | Case No. 1:19-cv-01031-RDA-TCB |

**LEAD PLAINTIFFS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR
MOTION FOR PARTIAL RECONSIDERATION**

Lead Plaintiffs Plymouth County Retirement System and Oklahoma Police Pension and Retirement System ("Lead Plaintiffs") respectfully submit this memorandum of law in further support of their Motion for Partial Reconsideration, dated April 1, 2021 (ECF No. 111; the "Motion"), which seeks partial reconsideration of the Court's Memorandum Opinion and Order granting in part and denying in part Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC"). ECF No. 106 (the "Order").

## I.      ARGUMENT

In the Motion, Plaintiffs established that sustaining Defendant Williams's false statement made on September 5, 2018—that "we believe we've helped to generate over $100 million in savings" for Passport—while dismissing without consideration the substantively identical false statement made by Defendant Blackley on May 11, 2018—that Evolent's services resulted in "$75 million of improvement to Passport's bottom line"—warrants reconsideration of the Court's Order. As Plaintiffs demonstrated, these two statements were false for the same reasons and, as the Court held, both Blackley and Williams acted with scienter in making those statements. Mot. at 3; Order at 59-68. Defendants' opposition ("Opposition" or "Opp." (ECF No. 116)) does nothing to alter these conclusions.

*First*, Defendants assert that Blackley's statement is not actionable because Blackley was not mentioned in the SAC as many times as Williams. Opp. at 2. Tellingly, Defendants cite no authority in support of this novel proposition. Defendants' theory, moreover, contradicts the Court's clear and unambiguous holding that both Blackley and Williams acted with scienter— finding that "there was a 'presence of red flags, coupled with' significant problems for Evolent, which 'provide substantial weight to an inference that' the ***Individual Defendants 'must have been aware' that . . . Evolent had not been successful in cutting costs for its most important client [Passport].***" Order at 67 (citation omitted; emphasis added). The Court based its holding on

nearly ten pages of detailed analysis which included, for example, the "'monthly deficiency letters imposing nearly half a billion dollars of penalties' on Passport[,]" which CW 5 explained "absolutely were sent to Evolent's executives" (and who even "agreed to foot the bill" for them for a period of time), as well as the Individual Defendants' "self-proclaimed personal involvement" in running Passport's day-to-day operations and decision making. Order at 59-68. Defendants' Opposition provides no basis to deviate from those findings here.[1]

*Second*, in asserting that Blackley's statement was not false, Defendants simply rehash old arguments previously made in their motion to dismiss briefing—each of which the Court specifically considered and rejected in the Order. Defendants contend that Blackley's statement "is demonstrably true, as evidenced by documents that are publicly available." Opp. at 1 n.1. In support, Defendants cite to the exact same documents—Exhibits 18, 19, and 20 of their motion to dismiss—that the Court held "are neither integral to nor explicitly referenced by Plaintiffs in their [SAC] and ***will not be considered*** in deciding the Motion to Dismiss." Order at 35 (emphasis added). Moreover, Defendants' unsupported proclamation that Plaintiffs' Motion "ignore[s] the legally relevant distinctions between the two statements" (Opp. at 2) is disingenuous—particularly given that Defendants themselves lumped these two statements together in their motion to dismiss, referring to them as "statements by Defendants about cost-savings at Passport" and argued that both statements were not false for the exact same reasons. Def. Motion to Dismiss Br. (ECF No. 75) at 22. Defendants' Opposition provides no basis for the Court to reconsider these rulings.

---

[1] Defendants argue that scienter must be pled as to each individual (*see* Opp. at 2), but ignore that this is the exact analysis that the Court performed. *See* Order at 65 (noting that Plaintiffs were required to "'allege facts that support a strong inference that ***each*** [individual] defendant acted with at least recklessness in making the false statements'" before finding that the SAC's scienter allegations were sufficient (citation omitted; alteration and emphasis in original)).

## II.    CONCLUSION

For the reasons stated in Plaintiffs' opening brief and herein, Plaintiffs respectfully submit that their Motion should be granted in its entirety.

Dated: April 21, 2021

Respectfully submitted,

/s/ Steven J. Toll
Steven J. Toll
Va. Bar No. 15300
stoll@cohenmilstein.com
Daniel S. Sommers
dsommers@cohenmilstein.com
Megan Kinsella Kistler
mkistler@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, Suite 500
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699

*Liaison Counsel for Lead Plaintiffs*

Maya Saxena (*pro hac vice*)
msaxena@saxenawhite.com
Joseph E. White, III (*pro hac vice* forthcoming)
jwhite@saxenawhite.com
Lester R. Hooker (*pro hac vice* forthcoming)
lhooker@saxenawhite.com
Brandon T. Grzandziel (*pro hac vice*)
brandon@saxenawhite.com
**SAXENA WHITE P.A.**
7777 Glades Road, Suite 300
Boca Raton, Florida 33434
Tel: (561) 394-3399
Fax: (561) 394-3382

Steven B. Singer (*pro hac vice* forthcoming)
ssinger@saxenawhite.com
Sara DiLeo (*pro hac vice*)
sdileo@saxenawhite.com
Joshua H. Saltzman (*pro hac vice*)
jsaltzman@saxenawhite.com
**SAXENA WHITE P.A.**
10 Bank Street, 8th Floor

3

White Plains, New York 10606
Tel: (914) 437-8551
Fax: (888) 631-3611

*Lead Counsel for Lead Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2021, I caused the foregoing to be electronically filed with

the Clerk of Court via CM/ECF, which will send a notice of electronic filing to all registered users.

/s/ Steven J. Toll
Steven J. Toll
Va. Bar No. 15300
stoll@cohenmilstein.com
**COHEN MILSTEIN SELLERS**
**& TOLL PLLC**
1100 New York Avenue, Suite 500
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699

*Liaison Counsel for Lead Plaintiffs*