UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>EVOLENT HEALTH, INC., FRANK WILLIAMS, NICHOLAS MCGRANE, SETH BLACKLEY, CHRISTIE SPENCER, and STEVEN WIGGINTON<br>　　　　　Defendants. | §<br>§<br>§<br>§   Case No. 1:19-cv-01031-RDA-TCB<br>§<br>§<br>§   CLASS ACTION<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR
PARTIAL RECONSIDERATION OF TWO FORWARD-LOOKING STATEMENTS**

Ashley C. Parrish
Virginia Bar No. 43089
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006-4707
Tel: (202) 737-0500
Fax: (202) 626-3737
aparrish@kslaw.com

Paul R. Bessette, *pro hac vice*
Michael J. Biles, *pro hac vice*
Jill R. Carvalho, *pro hac vice*
**KING & SPALDING LLP**
500 W. 2nd Street, Suite 1800
Austin, TX  78701
Tel: (512) 457-2000
Fax: (512) 457-2100
pbessette@kslaw.com
mbiles@kslaw.com
jcarvalho@kslaw.com
*Attorneys for Defendants*

Plaintiffs' Response in Opposition (ECF No. 115) attempts to complicate what should be a straightforward matter of applying the plain language of the PSLRA.  The statute directs courts to consider "any statement cited in the complaint and any cautionary statement accompanying the forward-looking statement, which are not subject to material dispute, cited by the defendant." 15 U.S.C. § 78u-5(e).  **Oral** forward-looking statements must include references to "meaningful, cautionary language" in SEC filings, but need not include the detailed warnings and explanations on the call itself.  *Id.* § 78u-5(c)(2)(B).  The Defendants' Motion to Reconsider does not require the Court to weigh case law for nuances, as Plaintiffs suggest.  It merely asks the Court to apply § 78u-5(c)(2) and § 78u-5(e) to the forward-looking statements made on the February 26, 2019 earnings call[1] (SAC ¶¶ 182, 183) and on the May 7, 2019 earnings call (SAC ¶ 188).[2]

The Court held that the February 26 and May 7 statements relate to "future economic performance."  Op. 53 (February 26 statements in SAC ¶ 182); 55 (February 26 statements in SAC ¶ 183); and 56 (May 7 statements in SAC ¶ 188).  These statements are therefore "forward-looking statements" under the PSLRA.  15 U.S.C. § 78u-5(i)(1)(C).  For the Safe Harbor to apply, forward-looking statements must be accompanied by meaningful cautionary statements.  But the required form of the cautionary statements is different for *written* as opposed to *oral* statements, and for good reason—a requirement that executives walk through every risk factor contained in the Company's SEC filings before providing guidance would practically prohibit quarterly conference calls.  *Compare id.* § 78u-5(c)(1) *with* (c)(2).  The Opinion errs because it fails to apply the requirements for **oral** forward-looking statements, and instead applied the requirements for written

---

[1] The Opinion includes the statements made by Williams on February 26, 2019 in one group.  That is, the February 26 statements in SAC ¶ 182 and ¶ 183 are listed together, as one of four "Surviving Alleged Misstatements."  Op. 59.  Defendants have followed the Court's approach.

[2] These statements, along with the cautionary statements made on the earnings call and the relevant cautionary statements in SEC filings, are included in Exhibit 1.

1

forward-looking statements. Op. 52 (citing subsection (c)(1)), 54, 55, 56. Plaintiffs amplify this mistake. Resp. 2–4.

For oral forward-looking statements, the cautionary statement at the beginning of an earnings call will satisfy the Safe Harbor's requirements if the statement (1) explains that the oral statement is a forward-looking statement and that actual results may different materially from what is expected;[3] (2) explains that additional information regarding the factors that could cause results to materially differ is provided in a readily available document,[4] such as an SEC filing;[5] and (3) if the SEC filing referenced includes "meaningful cautionary statements identifying important factors that could cause actual results to differ materially."[6] Further, subsection (e) requires the Court to consider the cautionary statement at the beginning of the call, even if it is not cited directly in the complaint.[7] Evolent's earnings calls began with exactly this cautionary language and thus the forward-looking statements are protected by the Safe Harbor.[8]

Plaintiffs ignore § 78u-5(c)(2), arguing that Evolent's cautionary statements on the earnings calls were "so generic and vague as to be utterly meaningless." Resp. 4. **But Evolent**

---

[3] 15 U.S.C. § 78u-5(c)(2)(A)(i) and (ii).

[4] 15 U.S.C. § 78u-5(c)(2)(B)(i).

[5] 15 U.S.C. § 78u-5(c)(3).

[6] 15 U.S.C. § 78u-5(c)(2)(B)(iii). This is the requirement cited in the Opinion at 55. Under the Safe Harbor statute, this subsection is "deemed satisfied" for oral forward-looking statements if an oral cautionary statement is made and the SEC documents referenced in the oral cautionary statement satisfy this standard.

[7] 15 U.S.C. § 78u-5(c)(e).

[8] The oral warning included in the call was this: "This call contains forward-looking statements under the U.S. federal securities laws. These statements are subject to risks and uncertainties that could cause actual results to differ materially from historical experience or present expectations. A description of some of the risks and uncertainties can be found in the company's reports that are filed with the Securities and Exchange Commission, including cautionary statements included in the current and periodic filings. For additional information on the company's results and outlook, please refer to its [current quarter] news release." This is also included in Exhibit 1.

**followed the Safe Harbor's requirements for oral forward-looking statements exactly.** The "meaningful cautionary statements" are included in the referenced SEC filings. These statements are on-point and specifically describe the risks to the forward-looking statements made by Williams. Examples of such cautionary statements are included in Exhibit 1. As for the statements about Passport in the February 26 earnings call, Evolent's then-most recent 10-K filed with the SEC warns that "Part of our business strategy is to acquire or invest in companies, businesses, products or technologies ... Consistent with our business strategy, we continuously evaluate, and are currently in the process of evaluating, potential acquisition targets and investments," and that such investments are risky.[9] As for the May 7 statements about Passport's finances, Evolent's then-most recent 10-K warned that its Medicaid partners were dependent on federal and state governmental payers, and their results could be impacted by politics or the partner's ability to reduce health care costs.[10] *See also* Excerpts of Warnings and Risk Factors, ECF No. 76-31. These warnings are meaningful and specific. *In re Humphrey Hosp. Tr., Inc. Sec. Litig.*, 219 F. Supp. 2d 675, 684 (D. Md. 2002) (holding that written cautionary statement in SEC filing was "meaningful" when it listed specific factors that may cause company's lessees to fail to make lease payments).

Plaintiffs also assert that the forward-looking statements are not protected because the Court found "they were materially false and misleading, and made with scienter." Resp. 2. This is false; the Court held only that Plaintiffs had failed to sufficiently plead facts regarding some statements and had pled sufficiently for others. *See, e.g.,* Op. 50 and 59. Moreover, there are no

---

[9] 2017 10-K, ECF No. 76-10 at 16, 17; *see also* 2018 10-K, ECF No. 76-11 at 18.

[10] 2018 10-K, ECF No. 76-11 at 19 ("Our partners derive a substantial portion of their revenue from third-party private and federal and state governmental payers, including Medicaid programs. Revenue under certain of our agreements could be negatively impacted as a result of governmental funding reductions … as well as the inability of our partners to control and, if necessary, reduce health care costs, all of which are out of our control.")

well-pled allegations and no evidence—no CWs, no internal documents, no articles or reports—suggesting that the statements were false when made. Plaintiffs' only evidence that Williams lied on February 26 was that three months later, Evolent announced a deal to acquire Passport. But Passport was struggling, as everyone acknowledged, so the Passport Board wanted to sell the plan. Evolent moved fast in order to protect a significant revenue stream. Plaintiffs' only evidence that Williams was not honest when he said that he was "hopeful" about Passport's finances on May 7 was that Evolent announced the deal three weeks later. But the acquisition implies nothing about the statement's falsity. In fact, had Williams thought Passport's finances were hopeless, it would be odd to acquire Passport.[11]

Defendants agree that motions for reconsideration should be granted sparingly. But they should be—and are—granted *sometimes*. Here, the Opinion missed two subparagraphs of the Safe Harbor statute, which constitutes a clear error of law. We do not ask the Court to reconsider more than a few sentences of its Opinion.[12] There need be no weighing of competing cases to find nuances. The Court need only apply the statute according to its plain terms.[13]

---

[11] Evolent's decision was later born out—Passport's finances improved significantly, so much so that Evolent sold Passport to another health plan for a profit. This acquisition and sale turned out to be profitable for Evolent's shareholders. *See* Evolent's Notice of Recent Events, ECF No. 86 (Aug. 20, 2020).

[12] One sentence in each of three paragraphs, *see* Op. 54 ("Yet at this stage of the proceedings…") *but see* § 78u-5(e); Op. 55 ("However, 15 U.S.C. § 78u-5(i)(1)(C)(1)(A)(i)") *but see* § 78u-5(c)(2); and Op. 56 ("And in the [SAC], Plaintiffs do not indicate that Defendant Williams's statements…") *but see* § 78u-5(e) *and* § 78u-5(c)(2).

[13] In the alternative, Defendants ask that they be allowed to file a motion for summary judgment on these two statements, with a later summary judgment on the remaining statements after Plaintiffs have had a chance for discovery.

DATED: April 21, 2021

        Respectfully submitted,

        */ Ashley C. Parrish*
        Ashley C. Parrish
        Virginia Bar No. 43089
        **KING & SPALDING LLP**
        1700 Pennsylvania Avenue, NW, Suite 200
        Washington, DC 20006-4707
        Tel: (202) 737-0500
        Fax: (202) 626-3737
        aparrish@kslaw.com

        Paul R. Bessette, *pro hac vice*
        Michael J. Biles, *pro hac vice*
        Jill R. Carvalho, *pro hac vice*
        **KING & SPALDING LLP**
        500 W. 2nd Street, Suite 1800
        Austin, TX 78701
        Tel: (512) 457-2000
        Fax: (512) 457-2100
        pbessette@kslaw.com
        mbiles@kslaw.com
        jcarvalho@kslaw.com

        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on April 21, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF Filing System on all parties in this case.

        */s/ Ashley C. Parrish*
        Ashley C. Parrish