**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM and OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>                          Plaintiffs,<br><br>v.<br><br>EVOLENT HEALTH, INC., FRANK WILLIAMS, NICHOLAS MCGRANE, SETH BLACKLEY, CHRISTIE SPENCER, and STEVEN WIGGINTON,<br><br>                          Defendants. | Case No. 1:19-cv-01031-RDA-TCB |

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and among Lead Plaintiffs, Plymouth County Retirement System and Oklahoma Police Pension and Retirement System, and Defendants, Evolent Health, Inc., Frank Williams, Nicholas McGrane, Seth Blackley, Christie Spencer, and Steven Wigginton, (each of whom individually is referred to herein as a "Party," and collectively, the "Parties"), by and through their undersigned counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence, that:

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery in the above-referenced action ("Action") is likely to involve production of confidential information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties to this Action hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The Parties acknowledge that this Order does not confer blanket

1

protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. All discovery material received by any Party, as well as all copies, excerpts, summaries or compilations thereof, whether or not designated as Confidential Discovery Material, shall be used solely for the purposes of this Action, including any appeal or retrial, and must not used for any business, commercial, or other purpose, or for other litigation.

The Parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal. Local Civil Rule 5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that contain or reflect trade secrets or other research, development, or commercial information, or nonpublic, personal, business, strategic, proprietary, or commercially sensitive information that requires the protections provided in this Order. This includes material that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential, including personal financial information such as trading records; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns

2

(including attached schedules and forms), W-2 forms and 1099 forms; and (g) personnel or employment records or portions thereof that reveal private information.

2.1    Counsel (without qualifier): Outside Counsel of Record and In-House Counsel, as well as their support staff.

2.2    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery in this Action as "CONFIDENTIAL".

2.3    Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.4    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, as well as their assistants, support staff, and agents.

2.5    In-House Counsel: attorneys who are employees of a Party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.6    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.7    Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party in this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.8    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

2.9     Personal Health Information or "PHI": any individually identifiable health information including without limitation protected health information as defined or described in any federal or state law, including the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 45 C.F.R. § 164 et seq., Kentucky's personal information protection laws, Ky. Rev. Stat. Ann § 61.931 et seq. and  Ky. Rev. Stat. Ann. § 365.720 et seq., or Virginia Health Records Privacy Act, Va. Code § 32.1-127.103 et seq.  That information includes, without limitation, PHI disclosed in medical records, patient information, treatment information, diagnosis information,  medical reports, prescription records, x-rays, doctor's orders, nurses' notes, therapy orders and reports, bills or other materials compiled and/or kept as a record by doctors, nurses, pharmacists, x-ray technicians, therapists, or other medical personnel, health care providers or health care facility in the care and/or treatment of these patients, data collection sheets, notes or other information identified in 45 C.F.R. § 164.514. For the avoidance of any doubt, all Confidential Discovery Material, including health information, is expressly subject to Section 1 (providing that all Discovery Material "shall be used solely for purposes of the Action" and "must not be used for any business, commercial, or other purpose, or for other litigation") and Section 13 (providing for destruction or return of all discovery material marked confidential "[w]ithin six days" after the end of the Action) and, thus, the Stipulated Protective Order constitutes a Qualified Protective Order as defined by HIPAA, 45 C.F.R. § 164.512(e)(1)(iv) and (v) and, as provided by HIPAA, the producing party is therefore exempted from 45 C.F.R. § 164.502(b) and 45 C.F.R. § 164.514(d). Also for the avoidance of doubt, this paragraph applies to all documents produced in connection with this Action whether produced before or after the date of this Amendment.

2.10     Producing Party: a Party or Non-Party that produces Discovery Material in this Action.

2.11    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, participating in depositions, and processing, hosting, organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12    Protected Material: any Discovery Material that is designated as "CONFIDENTIAL".

2.13    Receiving Party: a Party that receives Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations, or portions of testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties in writing that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.,* second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered,

6

Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL". After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    Parties or testifying persons or entities may designate all or portions of depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice to the Receiving Party of which portions of the transcript of the testimony is designated within fourteen (14) days of receipt of the final transcript of the testimony. Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the

7

deposition testimony dealing with such Discovery Material, and only those portions of the testimony that are designated for protection, either on the record or within the 14-day period, shall be covered by the provisions of this Order.  The Designating Party shall inform the court reporter that transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material.  Any transcript that is prepared before the expiration of a 14-day period shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(c)    For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL".  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d)    Any documents produced that contain Personal Health Information as set forth in the federal and state statutes identified above in Section 2.9 shall be deemed Confidential whether designated as such or not.

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a

8

designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time.  A Party or Non-Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of the designations it is challenging and describing the basis for the challenge to the Designating Party.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention.  If the parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Local Civil Rule 7 within 14 days of the parties agreeing that the meet and confer process will not

resolve their dispute. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record;

(b)    the officers, directors, and employees (including In-House Counsel) of the Receiving Party;

(c)     Experts (as defined in this Order) of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters and their staff, videographers and their staff, and mediators and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     during their depositions or at trial, witnesses in this litigation.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the designated information.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

11

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1      The terms of this Order are applicable to information produced and designated as "CONFIDENTIAL" by a Non-Party in this Action.  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.

9.2      For the avoidance of doubt, all Parties shall promptly provide copies of all documents produced in this Action by any Non-Party pursuant to subpoena duces tecum to all other Parties in accordance with their obligations under the Federal Rules and this Order.

10.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

(d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1    The provisions of Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 govern circumstances where a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection. This provision is not intended to waive or limit in any way any Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced. In addition, nothing in this Order shall be construed to prohibit a Producing Party from seeking relief from any inadvertent or unintentional disclosure of confidential, privileged, or work-product information. Nothing in this Order shall diminish the legal rights of any person seeking such relief. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d), neither the attorney-client privilege nor the work product protection is waived by inadvertent production in this Action or any other action provided that (i) the disclosure was inadvertent; (ii) the Producing Party took reasonable steps to prevent disclosure; and (iii) the Producing Party promptly took reasonable steps to rectify the error, as provided by Federal Rule of Evidence 502(b).

11.2    The stipulated agreement set forth in Section 11.1 of this Order does not constitute a concession by any Party that any documents are subject to protection by the attorney-client privilege, the attorney work product doctrine, or any other potentially applicable privilege, doctrine

13

or immunity.  This agreement also is not intended to waive or limit in any way either Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Order no Producing Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Producing Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3    Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 5.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.    FINAL DISPOSITION

Within 6 months after the final disposition of this Action, as defined in Section 4 of this Order, each Receiving Party must either return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Upon written request of the Producing Party, the Receiving Party will certify that the Protected Material was returned or destroyed.  Notwithstanding this provision, Counsel is entitled to retain copies of all pleadings, motion papers, trial, deposition, and hearing transcripts,

14

legal memoranda, correspondence including email, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain, or attach thereto, Protected Material. Any such retained copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION). Provided that the Receiving Party makes reasonable efforts to comply with this provision, failure to destroy Protected Material shall not be deemed a violation of this provision.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: September 8, 2021                    Respectfully submitted,

**COHEN MILSTEIN SELLERS & TOLL PLLC**                          **KING & SPALDING LLP**

/s/ _Steven J. Toll_                                    /s/ Ashley Parrish
Steven J. Toll (Va. Bar No. 15300)          Ashley C. Parrish (Va. Bar No. 43089)
Daniel S. Sommers                                   700 Pennsylvania Avenue, NW
Josh Handelsman                                     Suite 200
1100 New York Avenue, Suite 500          Washington, DC 20006-4707
Washington, DC 20005                            Tel: (202) 626-2627
Tel: (202) 408-4600                                 aparrish@kslaw.com
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
jhandelsman@cohenmilstein.com          **KING & SPALDING LLP**
                                                              Paul R. Bessette, (*pro hac vice*)
                                                              Michael J. Biles, (*pro hac vice*)
                                                              Jill R. Carvalho, (*pro hac vice*)
**SAXENA WHITE P.A.**                        500 W. 2nd Street, Suite 1800
Maya Saxena (*pro hac vice*)                 Austin, TX 78701
Joseph E. White, III (*pro hac vice* forthcoming)
                                                              Tel: (512) 457-2050
Lester R. Hooker (*pro hac vice* forthcoming)
Brandon T. Grzandziel (*pro hac vice*)    pbessette@kslaw.com
7777 Glades Road, Suite 300                   mbiles@kslaw.com
Boca Raton, FL 33434                              jcarvalho@kslaw.com
Tel: (561) 394-3399
msaxena@saxenawhite.com                      *Attorneys for Defendants*
jwhite@saxenawhite.com
lhooker@saxenawhite.com
brandon@saxenawhite.com

15

Steven B. Singer (*pro hac vice* forthcoming)
Sara DiLeo (*pro hac vice*)
Joshua H. Saltzman (*pro hac vice*)
10 Bank Street, 8th Floor
White Plains, New York 10606
Tel: (914) 437-8551
ssinger@saxenawhite.com
sdileo@saxenawhite.com
jsaltzman@saxenawhite.com

*Lead Counsel for Lead Plaintiffs*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

ENTERED this 20th day of September, 2021

_____ /s/
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia

16