UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM and OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br>v.<br><br>EVOLENT HEALTH, INC., FRANK WILLIAMS, NICHOLAS MCGRANE, SETH BLACKLEY, CHRISTIE SPENCER, and STEVEN WIGGINTON,<br><br>      Defendants. | Case No. 1:19-cv-01031-MSN-TCB<br><br>REDACTED |

**LEAD PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION FOR LEAVE
TO AMEND THE SECOND AMENDED CLASS ACTION COMPLAINT**

**TABLE OF CONTENTS**

I.     INTRODUCTION ..................................................................................................................1

II.    FACTUAL BACKGROUND ...............................................................................................5

       A.    Procedural History.................................................................................................. 5

       B.    The Proposed TAC's New Allegations Establish that Defendants Made
             Materially False and Misleading Statements About Passport on January
             10, 2018 and May 11, 2018 .................................................................................... 7

III.   ARGUMENT.......................................................................................................................10

       A.    Leave to Amend Should Be "Freely Given" ........................................................ 10

       B.    Defendants Will Not Be Prejudiced by the Amendment ....................................... 11

       C.    Plaintiffs Do Not Seek Leave to Amend in Bad Faith........................................... 13

       D.    Filing the Proposed TAC Will Not Be Futile ....................................................... 14

IV.    CONCLUSION....................................................................................................................15

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Bennett v. Berryhill*,
  2018 WL 10016165 (E.D. Va. Oct. 19, 2018) ........................................................................... 14

*Carlucci v. Han*,
  2013 U.S. Dist. LEXIS 42095 (E.D. Va. Mar. 21, 2013) .......................................................... 12

*Connelly v. Gen. Medical Corp.*,
  880 F. Supp. 1100 (E.D. Va. 1995) ..................................................................................... 11, 12

*Davis v. Piper Aircraft Corp.*,
  615 F.2d 606 (4th Cir. 1980) .................................................................................................... 14

*Edwards v. City of Goldsboro*,
  178 F.3d 231 (4th Cir. 1999) .................................................................................................... 12

*Galustian v. Peter*,
  591 F.3d 724 (4th Cir. 2010) ................................................................................................. 3, 11

*Hsu v. Puma Biotechnology, Inc.*,
  2017 WL 3205774 (C.D. Cal. July 25, 2017) ........................................................................... 13

*Johnson v. Oroweat Foods Co.*,
  785 F.2d 503 (4th Cir. 1986) .................................................................................................... 14

*Laber v. Harvey*,
  438 F.3d 404 (4th Cir. 2006) .................................................................................................... 11

*Matrix Cap. Mgmt. Fund, LP v. BearingPoint, Inc.*,
  576 F.3d 172 (4th Cir. 2009) ......................................................................................... 11, 12, 15

*Pinnacle Advisory Group, Inc. v. Krone*,
  2021 WL 3852338 (D. Md. Aug. 26, 2021) .............................................................................. 10

*Plymouth County Ret. Sys. v. Evolent Health, Inc.*,
  2020 WL 6875183 (E.D. Va. June 5, 2020) ........................................................................ *passim*

*Raytheon Company v. Bae Systems Land & Armaments LP*,
  2019 WL 8126846 (E.D. Va. July 18, 2019) ............................................................................ 10

*Scott v. Family Dollar Stores, Inc.*
  733 F.3d 105 (4th Cir. 2013) .................................................................................................... 13

**RULES**

Fed. R. Civ. P. 15(a) ................................................................................................ 1, 3, 11

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Lead Plaintiffs Plymouth County Retirement Association and Oklahoma Police Pension and Retirement System ("Plaintiffs") respectfully submit this Memorandum of Law in Support of their Motion for Leave to Amend the Second Amended Class Action Complaint (the "Motion"),[1] and further request that the Proposed Third Amended Class Action Complaint, attached as Exhibit A to Lead Plaintiffs' Motion (the "TAC"), be deemed filed as of the date of the Court's entry of an Order granting such Motion.

## I.    INTRODUCTION

In this securities fraud class action, the Court has already held that Defendants made materially false and misleading statements regarding Defendant Evolent Health, Inc.'s ("Evolent" or the "Company") single most important client, Passport Health Plan ("Passport"), which comprised 20% of Evolent's annual revenues during the Class Period.  Specifically, the SAC alleged, among other things, that Defendants falsely asserted throughout the Class Period that Evolent's healthcare management services provided Passport with <u>over $100 million</u> in annualized savings, when in fact the exact opposite was true: Evolent had dramatically <u>increased</u> Passport's costs by charging exorbitant fees for the exact same administrative functions Passport had previously been performing in-house for a fraction of the cost, effectively running Passport into the ground.  The truth was fully disclosed on May 29, 2019, when Defendants shocked the market by revealing that Passport's financial condition was so dire that Evolent had no choice but to acquire it in a last-ditch effort to save it from bankruptcy.  In response, Evolent's stock price plummeted 30% in a single day, falling from $14.15 per share to $10.01 per share on May 29,

---

[1] Lead Plaintiffs' Second Amended Class Action Complaint ("SAC") was deemed filed on June 8, 2020 (ECF Nos. 69, 70).  All "¶__" references are to the SAC unless otherwise stated; all defined terms have the meanings assigned in the SAC; and all emphasis in quoted material is added and internal quotations and citations omitted unless otherwise noted.

2019. ¶11.

On March 24, 2021, this Court denied Defendants' motion to dismiss the SAC in part (the "MTD Order," ECF No. 106), and in so doing sustained four categories of alleged misstatements: (i) Defendants' September 2018 statements that Evolent's services had "helped to generate over $100 million" in annual cost savings for Passport; (ii) Defendants' January 2019 statements denying that Evolent's fees were harming Passport; (iii) Defendants' February 2019 statements denying that Evolent had any intention to bail out Passport; and (iv) Defendants' May 2019 statements claiming Passport's financial situation was improving. On April 1, 2021, Plaintiffs moved for partial reconsideration of the MTD Order with respect to a statement made by Defendants on May 11, 2018, in which they asserted that Evolent's cost saving services had resulted in "about $75 million of improvement to Passport's bottom line." As set forth in Plaintiffs' motion for reconsideration, the Court did not expressly rule upon or discuss that May 11, 2018 statement in its MTD Order, and that statement was substantially similar to the September 5, 2018 misstatements that the Court already sustained. ECF No. 112. Plaintiffs' motion remained pending before the Court at the time that Plaintiffs filed their Notice of Intent to Amend Complaint. ECF No. 139.

Plaintiffs now bring this motion for leave to file the TAC based on newly discovered evidence—which comes from Plaintiffs' diligent review of over sixteen thousand internal documents Defendants recently produced to Plaintiffs on October 15, 2021 and October 29, 2021—that firmly establishes Defendants knew they could not support their claim that Evolent had saved Passport over $100 million in costs, and further that such statements were blatantly false because, in truth, █████████████████████████████████████████

Significantly, these documents—████████████████████████████████████████

2

██████████—conclusively establish that: (i) the previously alleged May 11, 2018 statement about the purported $75 million in cost savings to Passport that was the subject of Plaintiffs' motion for partial reconsideration was unquestionably false when made; and (ii) Defendants made additional false statements about the purported cost savings to Passport on January 10, 2018, the first day of the Class Period alleged in the TAC, when Defendants emphasized in an investor presentation that they were saving an unnamed "[f]ull risk partner" "$100M+" in costs. Defendants also made this same false statement again on May 11, 2018. As documents produced in discovery have revealed, that ████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████

Pursuant to the Scheduling Order in this case (*see* ECF Nos. 122 and 125), the deadline to amend the pleadings in this action is November 17, 2021. Because Plaintiffs are filing this motion within that deadline, Plaintiffs' motion is governed by Rule 15(a), which the Fourth Circuit has stated "liberally allow[s] amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). The proposed TAC easily meets the requirements for leave to amend under Rule 15(a).

*First*, the amendment will not unduly prejudice Defendants. Plaintiffs do not seek to assert a new theory of the case or new cause of action, nor do they seek to add a new party.[2] Rather, Plaintiffs' additional allegations primarily add more specificity to Plaintiffs' existing allegations. Indeed, Plaintiffs seek to add only two false statements to the TAC—Evolent's January 10, 2018 and

---

[2] To the contrary, the TAC no longer names Christie Spencer or Steven Wigginton as Defendants, as the Court largely dismissed their alleged false statements in the MTD Order, and both executives left Evolent shortly after the start of the Class Period alleged in the TAC.

3

May 11, 2018 statements about saving an unnamed partner "$100M+" in costs—that they previously did not allege only because ███████████████████████████████████████ (a fact that, as explained above, was only recently revealed by Defendants' internal documents produced in discovery). Significantly, this false statement is virtually identical to false statements this Court already sustained, and it further falls squarely within Plaintiffs' originally asserted class period of March 3, 2017 through May 28, 2019. As a result, the scope of discovery in this action—which already concerned Evolent's assertion that it had saved Passport $100 million and already covered a time period fully encompassing the January 10, 2018 statement—will remain <u>exactly the same</u>. Accordingly, the TAC filing will not delay the schedule in this case, as no more documents will need to be produced, no additional fact witness depositions will be required, and the Court has already stayed the prior class certification deadlines and ordered the parties to submit a proposed briefing schedule relating to class certification after the TAC is filed. ECF No. 142.

*Second*, Plaintiffs are seeking to amend the SAC without undue delay and in good faith. The factual details that underlie Plaintiffs' new allegations were revealed in Defendants' own documents that were produced to Plaintiffs only recently, in a series of document productions completed on October 29, 2021. Plaintiffs diligently reviewed these productions—which amounted to over sixteen thousand documents—and promptly notified Defendants and the Court of their intent to amend after identifying compelling new evidence supporting their claims.

*Finally*, granting Plaintiffs leave to file the TAC would not be futile. Courts routinely grant motions to amend where, as here, Plaintiffs have uncovered new compelling facts further supporting their claims. Indeed, this Court granted a similar motion with respect to the current operative SAC. *Plymouth County Ret. Sys. v. Evolent Health, Inc.*, 2020 WL 6875183 (E.D. Va. June 5, 2020).

For all of these reasons, the Court should grant Plaintiffs' Motion.

4

## II.    FACTUAL BACKGROUND

### A.    Procedural History

On May 7, 2020, Plaintiffs filed a motion for leave to file the SAC, the current operative complaint in this action, which added allegations from a former senior Passport executive who contacted Plaintiffs' counsel after the first amended complaint was filed, provided new information that corroborated the other confidential witnesses cited in the complaint, and lent further support to Plaintiffs' claims.  ECF Nos. 60-62.  On June 5, 2020, the Court granted Lead Plaintiffs' motion. *Plymouth County Ret. Sys. v. Evolent Health, Inc.*, 2020 WL 6875183 (E.D. Va. June 5, 2020).

Defendants moved to dismiss the SAC on June 22, 2020.  ECF Nos. 74, 75.  The Court denied Defendants' motion in part on March 24, 2021. ECF No. 106. Specifically, the Court sustained four categories of misstatements alleged in the SAC:  (i) Defendant Williams' September 5, 2018 statement claiming that Evolent had "helped to generate over $100 million in savings" for Passport; (ii) Defendants' statements quoted in a January 25, 2019 *Inside Louisville* article flatly denying that Evolent's fees were harming Passport; (iii) Defendants' February 26, 2019 statements emphatically dismissing that Evolent may be forced to bail out Passport; (iv) and Defendants' May 7, 2019 statements that Passport was "making solid progress towards improving its financial performance." *See id.*

Plaintiffs and Defendants each moved for partial reconsideration of the MTD Order on April 1, 2021 (ECF Nos. 109-112, 115-116, 118-119), and those motions were fully briefed and pending before the Court at the time that Plaintiffs filed their Notice of Intent to Amend Complaint. Plaintiffs' motion for partial reconsideration (ECF No. 112) respectfully requested that the Court sustain Defendant Blackley's statements on May 11, 2018—during which he asserted that Evolent's services had purportedly caused "about $75 million improvement to Passport's bottom line"—because such statements were substantially similar to Defendant Williams' September 5,

2018 statement that the Court sustained. Indeed, in the MTD Order, the Court dismissed the May 11, 2018 statements without providing any analysis or explanation.[3] *See id.*

On September 10, 2021, the Court entered a Rule 16(b) scheduling order (ECF No. 125), which adopted, in relevant part, the proposed schedule listed in Appendix A to the parties' Joint Rule 26(f) Proposed Discovery Plan (ECF No. 122). The schedule adopted by the Court provides that the "Deadline to Amend Pleadings or Add Parties" is November 17, 2021.

The parties began document discovery on October 7, 2021, and the close of all fact discovery is scheduled for January 14, 2021. The parties have not yet taken any fact or expert witness depositions. On October 19, 2021, Lead Plaintiffs filed their motion for class certification. ECF No. 134. By October 29, 2021, Defendants had produced over sixteen thousand documents to Plaintiffs, which Plaintiffs diligently reviewed, resulting in their decision to seek amendment. On November 4, 2021, Plaintiffs noticed their intention to amend the SAC with the Court and conferred with Defendants, who stated that they wished to evaluate the TAC after it is filed. *See* ECF No. 139. In light of Plaintiffs' intention to file the TAC, the parties agreed that the briefing schedule for class certification should be stayed. ECF No. 140 at ¶¶ 6, 9. To that end, the parties jointly moved the Court seeking a stay of deadlines related to class certification on November 9, 2021 (ECF No. 140), which the Court granted the same day. ECF No. 142.

---

[3] Defendants sought reconsideration of the Court's decision sustaining Defendant Williams' alleged February 26, 2019 and May 7, 2019 misstatements, arguing that those statements were "forward looking" and protected by the PSLRA safe harbor. ECF No. 110. However, as Plaintiffs set forth in their opposition to that motion (ECF No. 115), this Court already expressly considered and rejected Defendants' arguments in the MTD Order, finding that Defendants' statements were not "forward looking" and were not accompanied by meaningful cautionary language. Defendants' motion therefore raised issues that were improper on reconsideration.

**B.**     **The Proposed TAC's New Allegations Establish that Defendants Made Materially False and Misleading Statements About Passport on January 10, 2018 and May 11, 2018**

Plaintiffs' intensive review of over sixteen thousand documents from Defendants' recent productions on October 15 and 29, 2021 has uncovered numerous compelling internal documents which confirm that Defendants knowingly made materially false and misleading statements about Passport, Evolent's most critical client, throughout the Class Period alleged in the TAC. Significantly, in addition to the detailed allegations in the TAC that the Court has already credited, the facts derived from Defendants' own documents make clear that the statements Defendants made on January 10, 2018 and May 11, 2018 were materially false and misleading when made. Plaintiffs respectfully refer the Court to §V.G of the TAC for a detailed presentation of these internal emails, analyses and other documents, and below Plaintiffs provide a summary of such documents.

*First,* Defendants' own internal emails and analyses show that, throughout the Class Period, Defendants knew full well that their public statements that Evolent had generated a purported "$100 million" in annualized savings for Passport were materially false and misleading. In reality, █████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

███████████████████████████

Internal Evolent emails further confirm that ████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

*Second*, Defendants' internal emails further confirm that ▮▮▮▮▮▮▮▮▮▮▮

████████████████████████████████████████████████████████

████████████████████████████████████████

*Third*, discovery has also revealed that ██████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████

*Fourth*, while Defendants have filed a motion asking the Court to reconsider its ruling in the MTD Order that Defendants made false and misleading statements in late February and May 2019 regarding whether Evolent would have to bail out Passport due to its deteriorating financial condition, Defendants' internal documents confirm that these statements were knowingly materially false and misleading when made. Specifically, Evolent executives' internal emails and documents reveal that, ██████████████████████████████████████████████

████████████████████████████████████████████████████████

9



Accordingly, as set forth above and in the TAC, these and other damning new allegations gleaned from Defendants' own documents only further strengthen what was already a highly compelling evidentiary record establishing Defendants' violations of the securities laws.

## III.    ARGUMENT

### A.    Leave to Amend Should Be "Freely Given"

Because Plaintiffs are moving for leave to amend the SAC prior to expiration of the November 17, 2021 deadline set forth in the Scheduling Order, Plaintiffs' motion is governed by Rule 15(a)(2). *See Pinnacle Advisory Group, Inc. v. Krone*, 2021 WL 3852338, at *3 (D. Md. Aug. 26, 2021) (Rule 15(a)(2) standard applies until a party moves to amend after the deadline established in the scheduling order); *Raytheon Company v. Bae Systems Land & Armaments LP*, 2019 WL 8126846, at *1 (E.D. Va. July 18, 2019) (Nachmanoff, Mag.) (analyzing leave to amend under Rule 15 where motion was brought prior to close of discovery and where scheduling order merely required any motion to amend be made "as soon as possible after counsel or the party becomes aware of the grounds for the motion"). "Crucially, [Rule 15(a)(2)] states '[t]he court should freely give leave [to

10

amend] when justice so requires,'" and "[t]he Fourth Circuit's 'policy is to liberally allow amendment in keeping with the spirit of [Rule 15(a)].'" *Evolent*, 2020 WL 6875183, at \*2 (quoting *Galustian*, 591 F.3d at 729). Indeed, while courts have discretion to decide Rule 15 motions, that discretion "is limited by the dictate of Federal Rule of Civil Procedure 15(a) that 'leave shall be freely given when justice so requires,' and by the general policy, embraced by the Federal Rules, favoring resolution of cases on their merits." *Connelly v. Gen. Medical Corp.*, 880 F. Supp. 1100, 1109-10 (E.D. Va. 1995) (granting leave to amend federal securities fraud complaint).

The Fourth Circuit has therefore "instructed district courts to deny amendment *only* when (1) it would prejudice the opposing party, (2) the moving party has acted in bad faith, or (3) amendment would be futile." *Evolent*, 2020 WL 6875183, at \*2 (emphasis in original) (citing *Matrix Cap. Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009)). Lead Plaintiffs' Motion seeking leave to amend should be granted because none of the three grounds for denial are applicable here.

### B.   Defendants Will Not Be Prejudiced by the Amendment

Courts have held that "[a]mendment can be prejudicial if, for example, the moving party inserts new legal theories, counts, or claims, and if it is offered shortly before or during trial without giving the opposing party enough time to properly defend itself." *Evolent*, 2020 WL 6875183, at \*3; *see also Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) ("A common example of a prejudicial amendment is one that 'raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial.'" (citation omitted)). None of these factors are present here.

The TAC—which Plaintiffs are seeking to file nearly two months prior to the close of fact discovery, prior to any fact or expert witness depositions, and long before trial—does <u>not</u> raise new legal theories concerning Defendants' liabilities; does <u>not</u> add any additional counts, causes of action, or defendants that were not already included in the SAC; and does not request any new form of

11

recovery. The proposed Class Period—January 10, 2018 through May 28, 2019—is fully encompassed by the wider class period originally alleged in the SAC, and is already fully encompassed in the scope of discovery in this action. Thus, no more documents will need to be produced as a result of the amendment, nor will any additional fact witness depositions be required. Indeed, Plaintiffs primarily seek to add additional factual support to their existing allegations regarding Defendants' false statements based on information newly revealed in discovery, and seek to add only two additional false statements not previously alleged—the January 10, 2018 and May 11, 2018 statements about Evolent saving an unnamed partner $100 million in costs—that are virtually identical to the September 5, 2018 false statement this Court already sustained. *See Carlucci v. Han*, 2013 U.S. Dist. LEXIS 42095, at *2 (E.D. Va. Mar. 21, 2013) (Buchanan, Mag.), *aff'd*, 292 F.R.D. 309 (E.D. Va. 2013) (granting leave to add common law claims in securities case because "plaintiff is entitled to amend his complaint to add additional defendants and claims that came to light once defendants finally produced discovery").

Accordingly, all of the allegations sought to be added to the TAC "arise from the same controversy as the balance of the [SAC]," concern "matters already contained in the [SAC] in some form and, . . . merely [seek] to add specificity to those matters." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (holding district court abused its discretion by denying leave to amend under these circumstances, finding "[p]rejudice to the Defendants could hardly flow from such an addition"). Indeed, where, as here, "Plaintiffs simply seek to add specificity to scienter [and falsity] allegations in a situation where defendants are aware of the circumstances giving rise to the action," there is "no basis for a finding of prejudice." *Matrix Cap.*, 576 F.3d at 195; *see also Connelly*, 880 F. Supp. at 1110-1111 (allowing amendment that "ballooned" alleged false statements from 8 to 17 because "plaintiff has simply raised new factual contentions" to which the court could "still apply

12

the same controlling legal principles"); *Hsu v. Puma Biotechnology, Inc.*, 2017 WL 3205774, at *2 (C.D. Cal. July 25, 2017) (noting in PSLRA action that the "amended complaint didn't change that much, all things considered" when during discovery plaintiffs had included some newly alleged but related misstatements about a drug trial).

Moreover, Defendants will not suffer undue prejudice related to the procedural posture of this action. As set forth above, this motion is timely made pursuant to the November 17, 2021 deadline for amendment expressly agreed to by Defendants and ordered by the Court. Furthermore, as stated above, while document discovery is currently underway, no fact or expert witness depositions have yet been taken, and while Plaintiffs have filed a motion for class certification, this Court has stayed briefing on the motion until the TAC is filed and the parties submit for the Court's consideration a new proposed briefing schedule. Furthermore, as set forth above, granting amendment here will not expand discovery in any way and thus will not cause any undue prejudice to Defendants; to the contrary, granting Plaintiffs' Motion will ensure that Plaintiffs' case is determined on its full merits. *See, e.g.*, *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 119 (4th Cir. 2013) (finding no undue prejudice despite need for additional discovery because "the parties were still in discovery, and many steps removed from trial").

C.      **Plaintiffs Do Not Seek Leave to Amend in Bad Faith**

Plaintiffs do not seek leave to amend in bad faith, as "there is no indication that Plaintiffs have acted in bad faith, are engaging in gamesmanship, or are abusing private litigation under the PSLRA." *Evolent*, 2020 WL 6875183, at *3. Indeed, the basis of Plaintiffs' Motion consists of new compelling facts Plaintiffs recently uncovered after diligently reviewing sixteen thousand internal documents produced by Defendants in a series of productions between October 15, 2021 and October 29, 2021. Plaintiffs reviewed these productions and, promptly thereafter (20 days after receiving a first large tranche of documents and 6 days after the second), notified both Defendants and the Court

13

of their intention to seek leave to amend the SAC (*see* ECF No. 139). Plaintiffs have therefore demonstrated good faith, as they "are merely trying to insert new facts that help bolster their claims with information that they did not previously have," which is "no reason to deny amendment." *Evolent*, 2020 WL 6875183, at *3.

### D.    Filing the Proposed TAC Will Not Be Futile

As this Court has observed, "[u]nder this Circuit's caselaw, Plaintiffs do not face a heavy burden" on the issue of futility, as "futility encompasses only 'insufficient or frivolous' amendments." *Evolent*, 2020 WL 6875183, at *3 (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)). Indeed, the Fourth Circuit has held that "[u]nless a proposed amendment may clearly be seen to be futile . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980); *see also Bennett v. Berryhill*, 2018 WL 10016165, at *1 (E.D. Va. Oct. 19, 2018) ("Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face.").

The new allegations in the TAC are clearly not futile here. As described in Section II.B *supra*, these allegations are supported by new information Plaintiffs recently uncovered in discovery that shows Defendants knowingly made materially false and misleading statements about Passport, Evolent's most critical client. This information consists of internal emails unequivocally showing that Defendants knew that ███████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ██████████████████████████████████, rendering Defendants' statements to

14

investors in January and May 2018 about cost savings to Passport materially false and misleading when made. Plaintiffs' other new allegations, which also stem directly from Defendants' recently produced internal emails, ███████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████

Under these circumstances, federal courts routinely grant plaintiffs leave to amend their federal securities claims. *See Matrix Cap.*, 576 F.3d at 195–96 (granting leave to amend in federal securities class action where plaintiffs' proposed amendment sought "to add specificity to scienter allegations" by adding "allegations relating to the time frame in which red flags became obvious" to defendants); *Evolent*, 2020 WL 6875183, at *4 (finding leave to amend not futile because new information could "demonstrate that Defendants made and/or misleading statements to investors with scienter—*i.e.*, the crux of [Plaintiffs'] claims").

## IV.    CONCLUSION

For all of these reasons, Lead Plaintiffs' Motion should be granted.

Dated: November 17, 2021                    Respectfully submitted,

                                            */s/ Steven J. Toll*
                                            Steven J. Toll
                                            Va. Bar No. 15300
                                            stoll@cohenmilstein.com
                                            Daniel S. Sommers
                                            dsommers@cohenmilstein.com
                                            Josh Handelsman
                                            jhandelsman@cohenmilstein.com
                                            **COHEN MILSTEIN SELLERS
                                            & TOLL PLLC**
                                            1100 New York Avenue, Suite 500
                                            Washington, D.C. 20005
                                            Tel: (202) 408-4600

15

Fax: (202) 408-4699

*Liaison Counsel for Lead Plaintiffs*

Joseph E. White, III (*pro hac vice*)
jwhite@saxenawhite.com
Lester R. Hooker (*pro hac vice*)
lhooker@saxenawhite.com
Brandon T. Grzandziel (*pro hac vice*)
brandon@saxenawhite.com
**SAXENA WHITE P.A.**
7777 Glades Road, Suite 300
Boca Raton, Florida 33434
Tel: (561) 394-3399
Fax: (561) 394-3382

Steven B. Singer (*pro hac vice*)
ssinger@saxenawhite.com
Sara DiLeo (*pro hac vice*)
sdileo@saxenawhite.com
Joshua H. Saltzman (*pro hac vice*)
jsaltzman@saxenawhite.com
**SAXENA WHITE P.A.**
10 Bank Street, 8th Floor
White Plains, New York 10606
Tel: (914) 437-8551
Fax: (888) 631-3611

*Lead Counsel for Lead Plaintiffs*

16

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2021, I authorized a true and correct copy of the foregoing document and attachments thereto to be filed with the Clerk of the Court via CM/ECF, which will send notification of such public filing to all counsel registered to receive such notice.

/s/ Steven J. Toll
Steven J. Toll
Va. Bar No. 15300
stoll@cohenmilstein.com
**COHEN MILSTEIN SELLERS
& TOLL PLLC**
1100 New York Avenue, Suite 500
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699

*Liaison Counsel for Lead Plaintiffs*