## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | | |
|---|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § | Case No. 1:19-cv-01031 |
| | § | |
| v. | § | |
| | § | CLASS ACTION |
| EVOLENT HEALTH, INC., FRANK WILLIAMS, NICHOLAS MCGRANE, SETH BLACKLEY, CHRISTIE SPENCER, and STEVEN WIGGINTON | § § § § § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF NON-OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE SECOND AMENDED CLASS ACTION COMPLAINT

On November 17, 2021, Plaintiffs sought leave to amend their complaint for a *third* time by filing a Motion for Leave to Amend the Second Amended Class Action Complaint (the "Motion for Leave"). Dkt. 147. The Motion for Leave was filed on the last day for further amending pleadings under the Court's scheduling order.[1] The proposed Third Amended Complaint (Dkt. 147-1, the "TAC")[2] seeks to add two new alleged misstatements made on January 10 and May 11, 2018 in an attempt to lengthen the putative Class Period and expand the case beyond the four statements sustained by the Court in its opinion and order on Defendants' motion to dismiss (Dkt. 106, the "MTD Order"). The proposed TAC also adds additional allegations regarding a May 11, 2018 statement which was *not* sustained in the MTD Order and was therefore dismissed for failure to state a claim. *Id.* at 59.

---

[1] The current schedule is set forth in the Parties' Joint Rule 26(f) Proposed Discovery Plan (Dkt. 122, App'x A), which was adopted in part by the Court on September 9, 2021 (Dkt. 125).

[2] An unredacted version of the TAC can be found at Dkt. 150.

Both of the "new" statements Plaintiffs belatedly seek to add to the case are over three years old and were publicly made (TAC ¶¶ 162, 166), and thus, Plaintiffs are forced to acknowledge they were on notice of the two statements since well before the filing of the original complaint in this action on August 8, 2019 (Dkt. 1) as well as the first and second amended complaints (Dkts. 38 and 69).[3]  Plaintiffs' eleventh-hour amendment should be seen for what it is: an inappropriate attempt to expand the putative class period beyond that which survived the MTD Order, and to resuscitate a statement that was previously dismissed by the MTD Order.

Despite Plaintiffs' inadequate explanation for failing to timely challenge these statements in their previously filed complaints, and in light of the liberal amendment provisions of Rule 15, Defendants will not oppose leave to amend.  Instead, in lieu of opposing amendment, if leave is granted, Defendants intend to file a Rule 12(b)(6) motion to dismiss that addresses the TAC's new claims as well as its improper attempt to resurrect the May 11, 2018 dismissed statement. Defendants will also address in their motion to dismiss the impact of the new allegations in the TAC on the two pending motions for partial reconsideration the parties have filed regarding the MTD Order.  Dkts. 109 and 111.  Thus, the fact that Defendants do not oppose leave to amend should not be viewed as a concession that the amendment is proper or meritorious.

Finally, the proposed TAC will require a new case management order to address class certification, completion of discovery, and other case deadlines.  Defendants' stated intention to file a motion to dismiss directed at the TAC triggers the automatic stay provision of the Private

---

[3] Plaintiffs' excuse for failing to challenge these two public statements in their three previous complaints in this action is unsupported and inadequate.  Plaintiffs assert that they did not challenge these statements "only because Evolent never publicly stated that the unnamed partner [in the challenged statements] was Passport," which Plaintiffs claim "was only recently revealed by Defendants' internal documents produced in discovery."  Dkt. 149 at 4.  Yet Plaintiffs fail to identity a single "internal document" that supposedly makes that link.

Securities Litigation Reform Act ("PSLRA"), which  provides that "all discovery and other proceedings shall be stayed during the pendency of *any* motion to dismiss."  15 U.S.C. § 78u-4(b)(3)(B) (emphasis added).  Courts interpreting this expansive language have confirmed that the PSLRA's discovery stay applies to "*any*" motion to dismiss—including motions to dismiss directed at amended complaints.  *See, e.g.*, *Sedona Corp. v. Ladenburg Thalmann*, 2005 WL 2647945 (S.D.N.Y. Oct. 14, 2005) (holding that the PSLRA discovery stay applies "regardless of whether the motion is brought initially to dismiss a complaint, or subsequently, in response to an amended complaint"); *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 968 (9th Cir. 2014) (collecting cases).  Moreover, the PSLRA's automatic stay provision "is triggered by the mere indication . . . of [a defendant's] intention to file a motion to dismiss."  *In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676, 683 (D. Md. 2000).  *See also In re Firstenergy Corp. Sec. Litig.*, 229 F.R.D. 541, 543–44 (N.D. Ohio 2004); *Smith Barney Transfer Agent Litig.*, 2006 WL 1738078, at *1 (S.D.N.Y. June 26, 2006).

The parties have begun meet and confer discussions about a proposed schedule for the motion to dismiss the TAC, class certification, and other case deadlines if leave to file the TAC is granted and intend to submit a proposed schedule to the Court.

DATED: December 1, 2021

RESPECTFULLY SUBMITTED,

*/s/ Robert R. Vieth*
Robert R. Vieth, Esq. (VSB No. 24304)
Abigail J. Johansen (VSB No. 93585)
**HIRSCHLER FLEISCHER, PC**
8270 Greensboro Drive, Suite 700
Tysons Corner, VA 22102
Tel: (703) 584-8366
Fax: (703) 584-8901
rvieth@hirschlerlaw.com
ajohansen@hirschlerlaw.com

*Local counsel for Defendants*

Ashley C. Parrish (VSB No. 43089)
**KING & SPALDING LLP**
700 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006-4707
Tel: (202) 626-2627
Fax: (202) 626-3737
aparrish@kslaw.com

Paul R. Bessette, *pro hac vice*
Michael J. Biles, *pro hac vice*
Jill R. Carvalho, *pro hac vice*
**KING & SPALDING LLP**
500 W. 2nd Street, Suite 1800
Austin, TX 78701
Tel: (512) 457-2050
Fax: (512) 457-2100
pbessette@kslaw.com
mbiles@kslaw.com
jcarvalho@kslaw.com

*Attorneys for Defendants*

4

## CERTIFICATE OF SERVICE

I certify that on December 1, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF Filing System on all parties in this case.

/s/ Robert R. Vieth
Robert R. Vieth (VSB No. 24304)
**HIRSCHLER FLEISCHER, PC**
8270 Greensboro Drive, Suite 700
Tysons Corner, VA 22102
Tel: (703) 584-8366
Fax: (703) 584-8901