UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM and OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>EVOLENT HEALTH, INC., FRANK WILLIAMS, NICHOLAS MCGRANE, and SETH BLACKLEY,<br><br>    Defendants. | Case No. 1:19-cv-01031-MSN-TCB |

## DEFENDANTS' ANSWER TO PLAINTIFF'S
## THIRD AMENDED CLASS ACTION COMPLAINT

Robert R. Vieth, Esq. (VSB No. 24304)
Abigail J. Johansen (VSB No. 93585)
**HIRSCHLER FLEISCHER, PC**
8270 Greensboro Drive, Suite 700
Tysons Corner, VA 22102
Tel: (703) 584-8366
Fax: (703) 584-8901
rvieth@hirschlerlaw.com
ajohansen@hirschlerlaw.com

*Local counsel for Defendants*

Ashley C. Parrish
Virginia Bar No. 43089
**KING & SPALDING LLP**
700 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006-4707
Tel: (202) 626-2627
Fax: (202) 626-3737
aparrish@kslaw.com

Paul R. Bessette, *pro hac vice*
Michael J. Biles, *pro hac vice*
Jill R. Carvalho, *pro hac vice*
**KING & SPALDING LLP**
500 W. 2nd Street, Suite 1800
Austin, TX 78701
Tel: (512) 457-2050
Fax: (512) 457-2100
pbessette@kslaw.com
mbiles@kslaw.com
jcarvalho@kslaw.com

*Counsel for Defendants*

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Evolent Health, Inc. ("Evolent"), and Frank Williams, Nicholas McGrane, and Seth Blackley ("Individual Defendants," and with Evolent, "Defendants"), file this answer to the operative Third Amended Class Action Complaint ("TAC") filed by Plaintiffs in the above-captioned action. Unless otherwise admitted, all allegations requiring a response are denied.[1]

1.      The first sentence of Paragraph 1 is a legal characterization of the TAC and contains no factual allegations that Defendants are required to admit or deny. Defendants admit that "Evolent is a Virginia-based provider of technology-enabled clinical and administrative services to Medicaid and Medicare health plans," but Defendants deny that this fully describes Evolent's business. Defendants otherwise deny the factual allegations in Paragraph 1.

2.      Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 2, and therefore deny them.

3.      Defendants admit that the Court issued an Order on March 24, 2021 granting in part and denying in part Defendants' motion to dismiss Plaintiffs' Second Amended Class Action Complaint ("SAC"). Defendants further admit that both parties moved for partial reconsideration of the Order and that those motions were fully briefed and *sub judice* at the time that Lead Plaintiffs filed their Notice of Intent to Amend Complaint. Defendants otherwise deny the allegations in Paragraph 3.

4.      Defendants admit that Plaintiffs filed the TAC pursuant to the Court's Rule 16(b)

---

[1] Defendants also deny all titles, headings, footnotes, subheadings, and another material not contained in numbered paragraphs. When a document (or statements, conclusions, material references therefrom) is referenced in this Answer, it speaks for itself. That is, the document itself is the best evidence of its contents, and Defendants deny any allegations or characterizations based on the document. Defendants reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of such documents.

scheduling order and that the TAC adds allegations concerning additional allegedly false and misleading statements that Defendants made on January 10, 2018 and May 11, 2018.  Defendants otherwise deny the allegations in Paragraph 4.

5.    Defendants admit that Paragraph 5 contains quotations from several of Evolent's SEC filings.  Those filings speak for themselves, and Defendants refer the Court to the full texts for a complete and accurate depiction of their contents and the context of the quotes in Paragraph 5.  Defendants admit that Evolent's revenue grew during the Class Period.  Evolent's historical stock prices speak for themselves.  Defendants otherwise deny the allegations in Paragraph 5.

6.    Defendants admit that Passport Health Plan, a Kentucky-based Medicaid plan, was an important partner for Evolent.  Defendants lack information sufficient to admit or deny what "former employees" are reported to have said.  Defendants lack information sufficient to admit or deny, and therefore deny, what documents Lead Plaintiffs obtained through their independent investigation.   To the extent Paragraph 6 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents.  Defendants otherwise deny the allegations in Paragraph in 6.

7.    Defendants admit that some Passport employees were transferred to work for Evolent pursuant to the agreement with Passport.  Defendants lack information sufficient to admit or deny, and therefore deny, what "former employees" are reported to have said.  Defendants otherwise deny the allegations in Paragraph 7.

8.    Defendants admit that Paragraph 8 contains partial quotations from the transcript of the Aug. 7, 2017 earnings call.  The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations.  Defendants otherwise deny the allegations in Paragraph 8.

9.      Defendants admit that Passport began using Evolent's third-party claims administrator ("TPA") program in fall 2017.  Defendants lack information sufficient to admit or deny, and therefore deny, what "former employees" are reported to have said.  Defendants otherwise deny the allegations in Paragraph 9.

10.     Defendants lack information sufficient to admit or deny, and therefore deny, what documents Lead Plaintiffs may have obtained in their investigation.  Defendants admit that Passport, like all Medicaid plans in Kentucky, received "penalty letters" related to various encounter data issues.  The penalty letters referenced in Paragraph 10 speak for themselves, and Defendants refer the Court to the full text for a complete and accurate depiction of their contents. Defendants admit that, as is standard in TPA contracts, the TPA agreed to cover encounter data penalties.  Defendants otherwise deny the allegations in Paragraph 10.

11.     Defendants lack information sufficient to admit or deny, and therefore deny, what "former employees" are reported to have said.  Defendants otherwise deny the allegations in Paragraph 11.

12.     Defendants admit that Paragraph 12 contains partial quotations from the transcripts of Evolent's May 7, 2019 and May 30, 2019 investor calls.  The transcripts speak for themselves, and Defendants refer the Court to the full text of the transcripts for a complete and accurate depiction of their contents and the context of the partial quotations found in Paragraph 12. Defendants otherwise deny the allegations in Paragraph 12.

13.     Defendants admit that Evolent issued a press release on May 29, 2019, which speaks for itself.  Defendants refer the Court to the full text of the press release for a complete and accurate depiction of its contents.  Evolent's historical stock prices speak for themselves. Defendants otherwise deny the allegations in Paragraph 13.

3

14. Defendants lack information sufficient to admit or deny, and therefore deny, what various analysts purportedly stated. To the extent Paragraph 14 quotes an analyst report, the report speaks for itself and Defendants refer the Court to the report for a complete and accurate description of its contents. Defendants otherwise deny the allegations in Paragraph 14.

15. Defendants admit that Paragraph 15 contains partial quotations from the transcript of Evolent's May 30, 2019 investor call. The transcript speaks for itself and Defendants refer the Court to the full text of the transcript for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 15. Defendants otherwise deny the allegations in Paragraph 15.

16. Defendants admit that the Commonwealth of Kentucky announced in November 2019 that it would not renew Passport's Medicaid contract   did not obtain a Medicaid contract in May 2020 following an RFP bid. Defendants further admit that Evolent sold Passport to Molina Healthcare, Inc. Defendants otherwise deny the allegations in Paragraph 16.

17. To the extent Paragraph 17 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents. Defendants otherwise deny the allegations in Paragraph 17.

18. To the extent Paragraph 18 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents. Defendants otherwise deny the allegations in Paragraph 18.

19. To the extent Paragraph 19 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete

and accurate description of their contents.   Defendants otherwise deny the allegations in Paragraph 19.

20.    Defendants admit that Paragraph 20 contains partial quotations from a letter received by Passport in March 2019.   To the extent Paragraph 20 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents.   Defendants otherwise deny the allegations in Paragraph 20.

21.    The first sentence of Paragraph 21 is a legal argument and contains no factual allegations that Defendants are required to admit or deny.   Defendants admit that Evolent shareholders seek damages in this action.   Defendants otherwise deny the allegations in Paragraph 21.

22.    Defendants lack sufficient knowledge to admit or deny the information alleged about Lead Plaintiff Plymouth County Retirement System in Paragraph 22.  Defendants admit that the Court appointed Plymouth County Retirement System as Lead Plaintiff for the Class on November 12, 2019.

23.    Defendants lack sufficient knowledge to admit or deny the information alleged about Lead Plaintiff Oklahoma Police Pension and Retirement System in Paragraph 23. Defendants admit that the Court appointed Oklahoma Police Pension and Retirement System as Lead Plaintiff for the Class on November 12, 2019.

24.    No response is required to Paragraph 24.

25.    Defendants admit that Evolent Health, Inc. is a Delaware corporation with its principal office located in Arlington, Virginia.  Defendants admit that Evolent was founded in 2011 by some members of its management team, the Advisory Board and the University of

Pittsburgh Medical Center.  Defendants admit that Williams and Blackley worked for the Advisory Board.  Defendants admit that Evolent held its initial public offering in June 2015, and its common stock trades on the NYSE under the symbol "EVH."  Defendants otherwise deny the allegations in Paragraph 25.

26.    Defendants admit that Frank Williams was CEO of Evolent during the Class Period. Defendants admit that Williams is a co-founder of Evolent and sits on Evolent's Board of Directors.  Defendants admit that prior to founding Evolent, Williams served as CEO of the Advisory Board from June 2001 to September 2008.  Defendants admit that he served as Chairman of the Board but deny it was during the time period listed in paragraph 26.

27.    Defendants admit that Nicholas McGrane was Evolent's CFO during the Class Period.

28.    Defendants admit that Seth Blackley is a co-founder and Board member of Evolent, and was President of Evolent and Evolent's operating subsidiary, Evolent Health LLC during the Class Period. Defendants admit that Blackley was the Executive Director of Corporate Development and Strategic Planning at the Advisory Board from May 2004 to August 2011.

29.    No response is required to Paragraph 29.

30.    No response is required to Paragraph 30.

31.    Paragraph 31 is a legal argument that requires no response. To the extent that Paragraph 31 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

32.    Paragraph 32 is a legal argument that requires no response. To the extent that Paragraph 32 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

6

33.    Paragraph 33 is a legal argument that requires no response. To the extent that Paragraph 33 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

34.    Paragraph 34 is a legal argument that requires no response. To the extent that Paragraph 34 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

35.    Defendants admit the description of Passport is correct and that a deal was announced and closed on the listed dates.

36.    Defendants admit that Mark Carter was Passport's CEO during the Class Period.

37.    Defendants admit that David Stanley was Passport's CFO until April 2019.

38.    Paragraph 38 is a legal argument that requires no response.  To the extent that Paragraph 38 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

39.    Paragraph 39 is a legal argument that requires no response.  To the extent that Paragraph 39 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

40.    Paragraph 40 is a legal argument that requires no response.  To the extent that Paragraph 40 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

41.    Defendants admit that the description in Paragraph 41 of Evolent is similar to the descriptions in Evolent's 10-Ks, which speak for themselves.  Defendants refer the Court to those 10-Ks for context.  To the extent Paragraph 41 makes other characterizations or allegations, Defendants deny them.

42.    Defendants admit that the January 2014 changes implemented through the Affordable Care Act included encouragements to transition to value-based care. Defendants admit that the category of value-based care includes a "per member per month" capitation payment model. Defendants otherwise deny the allegations in Paragraph 42.

43.    Defendants admit that Paragraph 43 contains partial quotations from Evolent's 2016, 2017, and 2018 10-Ks. Those documents speak for themselves, and Defendants refer the Court to the full texts for a complete and accurate depiction of their contents and the context of the partial quotations found in Paragraph 43. Defendants otherwise deny the allegations in Paragraph 43.

44.    Defendants admit that Evolent filed an 8-K with the SEC on February 1, 2016 announcing a long-term master services agreement ("MSA") with Passport. Defendants admit that the MSA had a term of ten years. Defendants lack information sufficient to admit or deny when or if Carter made the statement in Paragraph 44. Defendants otherwise deny the allegations in Paragraph 44.

45.    Defendants admit that Passport was a significant partner of Evolent's. Evolent's 10-Ks speak for themselves, and Defendants refer the Court to those 10-Ks for a complete and accurate depiction of their contents and for context. Defendants otherwise deny the allegations in Paragraph 45.

46.    Defendants admit that Paragraph 46 contains partial quotations from the transcript of the August 7, 2017 earnings call. The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 46. Defendants otherwise deny the allegations in Paragraph 46.

47.    Defendants admit that Paragraph 47 contains partial quotations from the transcript

of the August 7, 2017 earnings call.  The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 47.  Defendants otherwise deny the allegations in Paragraph 47.

48.    Defendants lack information sufficient to admit or deny, and therefore deny, what "former employees" are purported to have said.  Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 is reported to have said or what her background is.  Defendants otherwise deny the allegations in Paragraph 48.

49.    Defendants admit that Paragraph 49 contains a partial quotation from the transcript of the May 30, 2019 investor call.  The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 49.  Defendants otherwise deny the allegations in Paragraph 49.

50.    Defendants deny the allegations in Paragraph 50.

51.    Defendants admit that, per the MSA and other contractual agreements with Passport, some Passport employees were transferred to work for Evolent.  Defendants lack information sufficient to admit or deny, and therefore deny, what "former employees" are reported to have said.  Defendants otherwise deny the allegations in Paragraph 51.

52.    Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 is reported to have said.  Defendants otherwise deny the allegations in Paragraph 52.

53.    Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 is reported to have said.  Defendants lack information sufficient to admit or deny, and therefore deny, what CW2 or CW3 are reported to have said or what their backgrounds are.  Defendants otherwise deny the allegations in Paragraph 53.

54.    To the extent Paragraph 54 quotes figures from Evolent's SEC filings, the filings

9

speak for themselves, and Defendants refer the Court to the full texts for a complete and accurate depiction of their contents and the context. Defendants otherwise deny the allegations in Paragraph 54.

55. Defendants admit that Evolent performed risk adjustment services for Passport. Defendants lack information sufficient to admit or deny, and therefore deny, what CW3 is reported to have said. Defendants otherwise deny the allegations in Paragraph 55.

56. Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 is reported to have said. Defendants otherwise deny the allegations contained in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants lack information sufficient to admit or deny, and therefore deny, what "former employees" are purported to have said. Defendants otherwise deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants admit that Evolent announced in or around May 2017 that Passport had contracted to use Evolent's Valence system and that it started using the system on or around October 1, 2017. Defendants admit that Evolent acquired Valence and Aldera. Defendants otherwise deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants admit that Paragraph 64 contains a partial quotation from the transcript of the May 11, 2018 Investor and Analyst Day. The transcript speaks for itself, and Defendants

10

refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotation found in Paragraph 64. Defendants otherwise deny the allegations in Paragraph 64.

65. Defendants admit that Paragraph 65 contains partial quotations from May 9, 2017 earnings call transcript. The transcript speaks for itself, and Defendants refer the Court to the full text of the transcript for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 65. Defendants otherwise deny the allegations in Paragraph 65.

66. Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 is reported to have said. Defendants otherwise deny the allegations in Paragraph 66.

67. Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 and CW3 are reported to have said. Defendants otherwise deny the allegations in Paragraph 67.

68. Defendants lack information sufficient to admit or deny, and therefore deny, what CW3 and CW2 are reported to have said. Defendants otherwise deny the allegations in Paragraph 68.

69. Defendants lack information sufficient to admit or deny, and therefore deny, what CW2 is reported to have said. Defendants lack information sufficient to admit or deny, and therefore deny, what CW4 is reported to have said or what her background is. Defendants otherwise deny the allegations in Paragraph 69.

70. Defendants admit that sentences four and five of Paragraph 70 contain partial quotations from the transcript of Evolent's Nov. 2, 2017 earnings call. The transcript of the earnings call speaks for itself, and Defendants refer the Court to the full text for a complete and

11

accurate depiction of its contents and the context of the partial quotations found in sentences four and five of Paragraph 70.  Defendants lack information sufficient to determine from where or when the quote in sentences two and three came; lacking such information sufficient to admit or deny it, they deny it.  Defendants otherwise deny the allegations in Paragraph 70.

71.     Defendants lack information sufficient to admit or deny, and therefore deny, what CW4 is reported to have said.  Defendants otherwise deny the allegations in Paragraph 71.

72.     Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 is reported to have said.  Defendants otherwise deny the allegations in Paragraph 72.

73.     Defendants lack information sufficient to admit or deny, and therefore deny, what CW3 is reported to have said.  Defendants otherwise deny the allegations in Paragraph 73.

74.     Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 is reported to have said.  Defendants otherwise deny the allegations in Paragraph 74.

75.     Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 and CW3 are reported to have said.  Defendants otherwise deny the allegations in Paragraph 75.

76.     Defendants deny the allegations in Paragraph 76.

77.     Defendants admit that contracts between Kentucky and each Medicaid plan include contractual penalties related to issues with encounter data submission.  Defendants otherwise deny the allegations in Paragraph 77.

78.     Defendants admit that Medicaid plans must submit encounter data to the Commonwealth of Kentucky.  Defendants otherwise deny the allegations in Paragraph 78.

79.     Defendants lack information sufficient to admit or deny, and therefore deny, what documents Lead Plaintiffs may have obtained.  Defendants otherwise deny the allegations in

12

Paragraph 79.

80.     The documents referenced in Paragraph 80 speak for themselves.  Defendants otherwise deny the allegations in Paragraph 80.

81.     Defendants admit that Passport received encounter data penalty letters before and after October 2017.  The penalty letters speak for themselves, and Defendants refer the Court to the full text for a complete and accurate depiction of their contents.  Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 and CW3 are reported to have said. Defendants otherwise deny the allegations contained in Paragraph 81.

82.     Defendants admit that the Commonwealth of Kentucky caps encounter data penalties to .33% of the Medicaid plan's monthly capitation revenue.  Defendants otherwise deny the allegations in Paragraph 82.

83.     Defendants deny the allegations in Paragraph 83.

84.     Defendants admit that Kentucky altered the Medicaid capitation rates across the Commonwealth, to apply retroactively, in or around November 2018.  Kentucky's historical Medicaid rates are publicly available and speak for themselves.  Defendants otherwise deny the allegations in Paragraph 84.

85.     Defendants lack information sufficient to admit or deny, and therefore deny, what "multiple CWs" and CW3 are reported to have said.  Defendants otherwise deny the allegations in Paragraph 85.

86.     Defendants lack information sufficient to admit or deny, and therefore deny, what CW3 and CW1 are reported to have said.  Defendants otherwise deny the allegations in Paragraph 86.

87.     Defendants admit that Kentucky's changes to the Medicaid rates had a significant,

negative impact on Passport's finances.  Defendants otherwise deny the allegations in Paragraph 87.

88.    Defendants admit that Passport was and is a strong Medicaid plan.  Defendants admit that Passport's contract with Kentucky was renewed for the term 2015-2020.  Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 is reported to have said.  Defendants lack information sufficient to admit or deny, and therefore deny, the rankings referenced in Paragraph 88.  Defendants otherwise deny the allegations in Paragraph 88.

89.    Defendants admit that Passport's administrative expenses are listed in Evolent's Feb. 28, 2020 8-K.   Defendants refer the Court to the full document for a complete and accurate depiction of the financial context partially referenced in Paragraph 89.  Defendants otherwise deny the allegations in Paragraph 89.

90.    Defendants lack information sufficient to admit or deny, and therefore deny, what CW4 is reported to have said.  Defendants otherwise deny the allegations in Paragraph 90.

91.    Defendants admit that Passport's net underwriting profits fluctuated over time, and refer the Court to Evolent's Feb. 28, 2020 8-K that includes accounting information for a complete and accurate depiction of the financial context partially described in Paragraph 91.  Defendants otherwise deny the allegations in Paragraph 91.

92.    Defendants lack information sufficient to admit or deny, and therefore deny, what "former employees" are reported to have said.  Defendants otherwise deny the allegations contained in Paragraph 92.

93.    Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said, what her background is, and how or when CW5 first spoke with Plaintiffs' counsel.  To the extent that Paragraph 93 contains additional factual allegations,

14

Defendants deny them.

94. Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said. Defendants otherwise deny the allegations in Paragraph 94.

95. Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said. Defendants otherwise deny the allegations in Paragraph 95.

96. Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said. Defendants otherwise deny the allegations in Paragraph 96.

97. Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said. Defendants otherwise deny the allegations in Paragraph 97.

98. Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said. Defendants otherwise deny the allegations in Paragraph 98.

99. Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said. Defendants otherwise deny the allegations in Paragraph 99.

100. Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said or recalled. Defendants otherwise deny the allegations in Paragraph 100.

101. Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said. Defendants otherwise deny the allegations in Paragraph 101.

102. Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said. Defendants otherwise deny the allegations in Paragraph 102.

103. Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said. Defendants otherwise deny the allegations in Paragraph 103.

104. Defendants lack information sufficient to admit or deny, and therefore deny, what

CW5 is reported to have said.  Defendants otherwise deny the allegations in Paragraph 104.

105.    Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said.  Defendants otherwise deny the allegations in Paragraph 105.

106.    Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said or recalled.  Defendants otherwise deny the allegations in Paragraph 106.

107.    Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said.  Defendants otherwise deny the allegations in Paragraph 107.

108.    Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said.  Defendants otherwise deny the allegations in Paragraph 108.

109.    Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said or recalled.  Defendants otherwise deny the allegations in Paragraph 109.

110.    Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said.  Defendants otherwise deny the allegations Paragraph 110.

111.    Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said or recalled.  Defendants otherwise deny the allegations in Paragraph 111.

112.    Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said or recalled.  Defendants otherwise deny the allegations in Paragraph 112.

113.    Defendants admit that Passport transitioned to a PBM with the assistance of Evolent.  Defendants admit that a PBM develops and maintains formularies and negotiates rate

16

and discounts, but deny the rest of the description in footnote 5. Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said. Defendants otherwise deny the allegations in Paragraph 113.

114. Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said. Defendants otherwise deny the allegations in Paragraph 114.

115. Defendants admit that Kentucky altered the Medicaid capitation rates, to apply retroactively, in or around November 2018. The rates then in effect are publicly available and speak for themselves. Defendants otherwise deny the allegations in Paragraph 115.

116. The *Insider Louisville* article referenced in Paragraph 116 speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and context of the partial quotation found in Paragraph 116. Defendants otherwise deny the allegations in Paragraph 116.

117. The article referenced in Paragraph 117 speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and context of the partial quotation found in Paragraph 117. Defendants admit that an Evolent employee responded via email to a question from *Insider Louisville,* and the email produced in discovery speaks for itself. Defendants otherwise deny the allegations in Paragraph 117.

118. Defendants admit that Paragraph 118 partially quotes from an analyst report. The report speaks for itself and Defendants refer the Court to the report for a complete and accurate description of its contents. Defendants otherwise deny the allegations in Paragraph 118.

119. Defendants admit that Passport filed a lawsuit on February 15, 2019. The lawsuit speaks for itself, and Defendants refer the Court to the lawsuit for a complete and accurate description of its contents and the context for the summary in Paragraph 119. Evolent's historical

17

stock prices speak for themselves.  Defendants otherwise deny the allegations in Paragraph 119.

120.    Defendants lack sufficient knowledge to admit or deny, and therefore deny, whether "investors and analysts" had concerns.  Defendants admit that Paragraph 120 contains partial quotations from the transcript of the February 26, 2019 earnings call.  The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 120.  Defendants otherwise deny the allegations in Paragraph 120.

121.    Defendants admit that Paragraph 121 contains partial quotations from the transcript of the February 26, 2019 earnings call.  The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 121.  Defendants otherwise deny the allegations in Paragraph 121.

122.    Defendants lack information sufficient to admit or deny, and therefore deny, what various analyst reports stated.  To the extent Paragraph 122 quotes analyst reports, the reports speak for themselves, and Defendants refer the Court to the reports for a complete and accurate description of their contents.  Defendants admit that Passport undertook cost-cutting measures in early 2019.  Defendants further admit that Kentucky again altered the Medicaid rates in the Spring of 2019 and that it increased the amount paid to Passport, thus improving Passport's finances. Defendants otherwise deny the allegations in Paragraph 122.

123.    Defendants admit that Paragraph 123 contains a partial quotation from the transcript of the May 7, 2019 earnings call.  The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 123.  Defendants lack information sufficient to admit or deny, and

18

therefore deny, what the referenced analyst report stated. To the extent Paragraph 123 quotes an analyst report, the report speaks for itself, and Defendants refer the Court to the report for a complete and accurate description of their contents. Defendants otherwise deny the allegations in Paragraph 123.

124.    Defendants admit that Evolent issued a press release on May 29, 2019, which speaks for itself. Defendants refer the Court to the full text of the press release for a complete and accurate depiction of its contents and the context of the partial quotation found in Paragraph 124. Defendants otherwise deny the allegations in Paragraph 124.

125.    Defendants admit that Paragraph 125 contains partial quotations from the transcript of the May 29, 2019 investor call. The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 125. Defendants otherwise deny the allegations in Paragraph 125.

126.    Evolent's historical stock prices speak for themselves. Defendants otherwise deny the allegations in Paragraph 126.

127.    Defendants lack information sufficient to admit or deny, and therefore deny, what various analyst reports stated. To the extent Paragraph 127 quotes analyst reports, the reports speak for themselves, and Defendants refer the Court to the reports for a complete and accurate description of their contents. Defendants otherwise deny the allegations in Paragraph 127.

128.    Defendants admit that Paragraph 128 contains a partial quotation from the transcript of the May 30, 2019 investor call. The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotation found in Paragraph 128. Defendants otherwise deny the allegations in Paragraph 128.

129.    Defendants admit that Paragraph 129 contains partial quotations from the transcript

19

of the May 30, 2019 investor call.  The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 129.  Defendants otherwise deny the allegations in Paragraph 129.

130.   Defendants admit that the Commonwealth of Kentucky issued a RFP, as planned and expected, to award Medicaid contracts, and that Passport submitted a proposal in response.  Defendants otherwise deny the allegations in Paragraph 130.

131.   The Commonwealth of Kentucky's announcement speaks for itself.  Defendants otherwise deny the allegations in Paragraph 131.

132.   The *Courier-Journal* article speaks for itself.  Defendants refer the Court to the full text of the article for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 132.  Defendants otherwise deny the allegations in Paragraph 132.

133.   Evolent's historical stock prices speak for themselves.  Defendants otherwise deny the allegations in Paragraph 133.

134.   Documents from the Commonwealth of Kentucky speak for themselves.  Defendants refer the Court to the full text of the documents referenced by Plaintiffs for a complete and accurate depiction of their contents and for context.  Defendants otherwise deny the allegations in Paragraph 134.

135.   The Piper Jaffray report speaks for itself.  Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 131.  Defendants otherwise deny the allegations in Paragraph 135.

136.   Governor Beshear's announcement speaks for itself.  Defendants otherwise deny the allegations in Paragraph 136.

137.    Defendants admit that the Commonwealth of Kentucky announced the results of

the Medicaid rebidding process on May 29, 2020 and that Passport did not receive a Medicaid contract. Defendants further admit that Evolent announced on July 17, 2020 that it would sell Passport to Molina Healthcare, Inc. Defendants otherwise deny the allegations in Paragraph 137.

138. Defendants deny the allegations of Paragraph 138.

139. To the extent Paragraph 139 quotes or partially quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents. Defendants otherwise deny the allegations in Paragraph 139.

140. To the extent Paragraph 140 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents. Defendants otherwise deny the allegations in Paragraph 140.

141. Defendants lack information sufficient to determine what emails, cost analyses, and other documents are referenced; lacking such information sufficient to admit or deny them, they deny them. Defendants otherwise deny the allegations of Paragraph 141.

142. To the extent Paragraph 142 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents. Defendants otherwise deny the allegations in Paragraph 142.

143. To the extent Paragraph 143 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents. Defendants otherwise deny the allegations in Paragraph 143.

144. To the extent Paragraph 144 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents. Defendants otherwise deny the allegations in Paragraph 144.

145. To the extent Paragraph 145 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents. Defendants otherwise deny the allegations in Paragraph 145.

146. To the extent Paragraph 146 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents. Defendants otherwise deny the allegations in Paragraph 146.

147. To the extent Paragraph 147 quotes a document produced in discovery, the document speaks for itself, and Defendants refer the Court to the document for a complete and accurate description of its contents. Defendants otherwise deny the allegations in Paragraph 147.

148. To the extent Paragraph 148 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents. Defendants otherwise deny the allegations in Paragraph 148.

149. Defendants lack information sufficient to determine from where or when the quote in the second sentence of Paragraph 149 came; lacking such information sufficient to admit or deny it, they deny it. To the extent Paragraph 149 quotes a document produced in discovery, the document speaks for itself, and Defendants refer the Court to the document for a complete and

accurate description of its contents.  Defendants admit that David Stanley resigned from Passport. Defendants otherwise deny the allegations in Paragraph 149.

150.    To the extent Paragraph 150 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents.  Defendants otherwise deny the allegations in Paragraph 150.

151.    To the extent Paragraph 151 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents.  Defendants otherwise deny the allegations in Paragraph 151.

152.    To the extent Paragraph 152 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents.  Defendants otherwise deny the allegations in Paragraph 152.

153.    To the extent Paragraph 153 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents.  Defendants otherwise deny the allegations in Paragraph 153.

154.    To the extent Paragraph 154 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents.  Defendants otherwise deny the allegations in Paragraph 154.

155.    Defendants admit that Paragraph 155 contains partial quotations from the transcript

of the February 26, 2019 earnings call.  The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 155.  Defendants otherwise deny the allegations in Paragraph 155.

156.    Defendants lack information sufficient to determine what "internal emails" are referred to in sentence one of Paragraph 156; lacking such information, deny them.  To the extent Paragraph 156 quotes or partially quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents.  Defendants otherwise deny the allegations in Paragraph 156.

157.    To the extent Paragraph 157 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents.  Defendants otherwise deny the allegations in Paragraph 157.

158.    Defendants admit that Paragraph 158 contains partial quotations from the transcript of the February 26, 2019 earnings call.  The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations found in Paragraph 158. To the extent Paragraph 158 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents.  Defendants otherwise deny the allegations in Paragraph 158.

159.    To the extent Paragraph 159 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents.  Defendants otherwise deny the allegations in

Paragraph 159.

160.    Paragraph 160 is a legal argument that requires no response.  To the extent that Paragraph 160 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

161.    Paragraph 161 is a legal argument that requires no response.  To the extent that Paragraph 161 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

162.    Defendants admit that Defendants Williams and McGrane presented at the 36th Annual J.P. Morgan Healthcare Conference on January 10, 2018 and that the slide presentation used was filed with the SEC on Form 8-K the same day.  The filing speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the quotes in Paragraph 162.  Defendants deny the remainder of Paragraph 162.

163.    The first sentence of Paragraph 163 is a legal argument that requires no response. To the extent that the first sentence of Paragraph 163 contains factual allegations or otherwise requires a response, Defendants deny the allegations.  To the extent Paragraph 163 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents.  Defendants otherwise deny the allegations in Paragraph 163.

164.    Defendants admit that on May 11, 2018, Evolent held an Investor and Analyst Day. Defendants admit that Paragraph 164 contains partial quotations from the transcript of that event. The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations.  To the extent Paragraph 164 contains other factual allegations, Defendants deny them.

25

165.    Defendants admit that Paragraph 165 contains partial quotations from the transcript of the Investor and Analyst Day event held on May 11, 2018.  The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations.  To the extent Paragraph 165 contains any other factual allegations, Defendants deny them.

166.    The first sentence of Paragraph 166 is a legal argument that requires no response. Defendants admit that Paragraph 166 contains partial quotations from the transcript of the Investor and Analyst Day event held on May 11, 2018.  The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations.  To the extent Paragraph 166 contains any other factual allegations, Defendants deny them.

167.    Defendants admit that Paragraph 167 contains partial quotations from the transcript of the Investor and Analyst Day event held on May 11, 2018.  The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations.  Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 and CW5 are reported to have said.  To the extent Paragraph 167 contains any other factual allegations, Defendants deny them.

168.    The first and last sentences of Paragraph 168 include legal arguments that require no response.  To the extent that the first and last sentences of Paragraph 168 contains factual allegations or otherwise requires a response, Defendants deny the allegations.  To the extent Paragraph 168 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents.  Defendants otherwise deny the allegations in Paragraph 168.

169. Defendants admit that Evolent participated in the Wells Fargo Healthcare Conference on September 5, 2018. To the extent that Paragraph 169 quotes from a transcript of a call that occurred during the conference, the transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotations. Defendants otherwise deny the allegations in Paragraph 169.

170. Defendants deny that the MTD Order made such a holding. Defendants lack information sufficient to determine from where or when the quotes in Paragraph 171 came; lacking such information sufficient to admit or deny them, they deny them. Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 and CW5 said. Defendants deny the remaining allegations of Paragraph 170.

171. The first sentence of Paragraph 171 is a legal argument that requires no response. To the extent that the first sentence of Paragraph 171 contains factual allegations or otherwise requires a response, Defendants deny the allegations. To the extent Paragraph 171 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents. Defendants otherwise deny the allegations in Paragraph 171.

172. The *Insider Louisville* article referenced in Paragraph 172 speaks for itself and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotation found in Paragraph 170. Defendants otherwise deny the allegations in Paragraph 172.

173. The *Insider Louisville* article referenced in Paragraph 173 speaks for itself and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotation found in Paragraph 173. Defendants admit that an Evolent

27

employee responded to a question from *Insider Louisville*, which speaks for itself, but otherwise deny the allegations in Paragraph 173.

174. Defendants deny that the MTD Order made such a holding. Defendants lack information sufficient to admit or deny, and therefore deny, what "former employees," CW1, CW5, or CW3 are reported to have said. To the extent Paragraph 171 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents. Defendants otherwise deny the allegations in Paragraph 174.

175. To the extent Paragraph 175 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents. Defendants otherwise deny the allegations in Paragraph 175.

176. To the extent Paragraph 176 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents. Defendants otherwise deny the allegations in Paragraph 176.

177. Defendants admit that Evolent held an earnings call on February 26, 2019 and filed on February 28, 2019 its 2018 Form 10-K, and that Defendants Williams and McGrane attended the call.

178. Defendants lack sufficient knowledge to admit or deny, and therefore deny, whether "analysts and investors remained concerned". Defendants admit that Paragraph 178 contains a partial quotation from the transcript of the February 26, 2019 earnings call. The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of

28

its contents and the context of the partial quotation found in Paragraph 178. Defendants otherwise deny the allegations in Paragraph 178.

179. Defendants admit that the Paragraph 179 contains a partial quotation from the transcript of the February 26, 2019 earnings call. The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotation found in Paragraph 179. Defendants otherwise deny the allegations in Paragraph 179.

180. Defendants deny that the MTD Order made such a holding. Defendants deny the remaining allegations in Paragraph 180.

181. The first sentence of Paragraph 181 is a legal argument that requires no response. To the extent that the first sentence of Paragraph 181 contains factual allegations or otherwise requires a response, Defendants deny the allegations. Defendants lack information sufficient to determine from where or when the quotes in sentences three and four of Paragraph 181 came; lacking such information sufficient to admit or deny them, they deny them. To the extent Paragraph 181 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents. Defendants otherwise deny the allegations in Paragraph 181.

182. To the extent Paragraph 182 quotes or partially quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents. Defendants otherwise deny the allegations in Paragraph 182.

183. Defendants admit that Evolent held an earnings call on May 7, 2019 and that Defendants Williams and McGrane attended the call.

29

184. Defendants admit that Paragraph 184 contains a partial quotation from the transcript of Evolent's May 7, 2019 earnings call. The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotation found in Paragraph 184. To the extent Paragraph 184 contains any other factual allegations, Defendants deny them.

185. Defendants deny that the MTD Order made such a holding. Defendants deny the remaining allegations in Paragraph 185.

186. To the extent Paragraph 186 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents. Defendants otherwise deny the allegations in Paragraph 186.

187. Defendants lack information sufficient to determine from where or when the quotes in Paragraph 187 came; lacking such information sufficient to admit or deny them, they deny them. To the extent Paragraph 187 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents. Defendants otherwise deny the allegations in Paragraph 187.

188. The first sentence of paragraph 188 is a legal argument that requires no response. Defendants otherwise deny the allegations in Paragraph 188

189. Defendants deny the allegations in Paragraph 189.

190. Defendants admit that Paragraph 190 contains a partial quotation from the transcript of Evolent's August 7, 2019 earnings call. The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotation found in this Paragraph. To the extent Paragraph 190 contains any other

allegations, Defendants deny them.

191. Defendants lack information sufficient to admit or deny, and therefore deny, what "former employees" are purported to have said.  Defendants lack information sufficient to admit or deny, and therefore deny, what CW1 is reported to have said.  Defendants otherwise deny the allegations contained in Paragraph 191.

192. Defendants lack information sufficient to admit or deny, and therefore deny, what CW3 is reported to have said.  Defendants otherwise the allegations contained in Paragraph 191.

193. Defendants lack information sufficient to admit or deny, and therefore deny, what CW3 or CW1 reportedly said.  Defendants otherwise deny the allegations in Paragraph 193.

194. Defendants deny the allegations in Paragraph 194.

195.  Paragraph 195 is a legal argument that requires no response.  To the extent that Paragraph 195 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

196. Defendants admit that Passport was Evolent's largest partner by revenue.  Evolent's 10-Ks speak for themselves, and Defendants refer the Court to the filings for context.  To the extent Paragraph 196 makes other allegations, Defendants deny them.

197. Paragraph 197 is a legal argument that requires no response.  To the extent Paragraph 197 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

198. Defendants lack information sufficient to admit or deny, and therefore deny, what "former employees" are purported to have said.  Defendants lack information sufficient to admit or deny, and therefore deny, what CW5 is reported to have said.  Defendants otherwise deny the allegations in Paragraph 198.

199.    Defendants lack information sufficient to admit or deny, and therefore deny, what CW2, CW4, or CW1 are reported to have said.  Defendants otherwise deny the allegations in Paragraph 199.

200.    Defendants lack information sufficient to admit or deny, and therefore deny, what CW3 or CW4 are reported to have said.  Defendants otherwise deny the allegations in Paragraph 200.

201.    Paragraph 201 is a legal argument that requires no response.  To the extent Paragraph 201 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

202.    Defendants admit that Paragraph 202 contains a partial quotation, albeit with some inaccuracies, from the transcript of Evolent's May 30, 2019 earnings call.  The transcript speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the partial quotation found in this Paragraph.  To the extent Paragraph 202 contains factual allegations or otherwise requires a response, Defendants deny them.

203.    Paragraph 203 is a legal argument that requires no response.  To the extent Paragraph 203 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

204.    Defendants deny the allegations in Paragraph 204.

205.    Paragraph 205 is a legal argument that requires no response.  To the extent Paragraph 205 contains factual allegations or otherwise requires a response, Defendants deny the allegations.  To the extent Paragraph 187 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate

description of their contents.

206.    To the extent Paragraph 206 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents.  To the extent that the third sentence quotes from the slide presentation at the 36th Annual J.P. Morgan Healthcare Conference on January 10, 2018, the filing speaks for itself, and Defendants refer the Court to the full text for a complete and accurate depiction of its contents and the context of the quotes in Paragraph 206.  Defendants otherwise deny the allegations in Paragraph 206.

207.    Defendants lack information sufficient to determine from where or when the quotes in all of the sentences of Paragraph 207 came; lacking such information sufficient to admit or deny them, they deny them.  To the extent Paragraph 207 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents.  Defendants otherwise deny the allegations in Paragraph 207.

208.    Defendants lack information sufficient to determine from where or when the quotes in all of the sentences of Paragraph 208 came; lacking such information sufficient to admit or deny them, they deny them.  To the extent Paragraph 208 quotes documents produced in discovery, the documents speak for themselves, and Defendants refer the Court to the documents for a complete and accurate description of their contents.  Defendants otherwise deny the allegations in Paragraph 208.

209.    Paragraph 209 is a legal argument that requires no response.  To the extent that Paragraph 206 contains factual allegations or otherwise requires a response, Defendants admit that Evolent shares were traded on the NYSE and deny the rest of the allegations in Paragraph 209.

210.    Paragraph 210 is a legal argument that requires no response.  To the extent that Paragraph 210 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

211.    Paragraph 211 is a legal argument that requires no response. To the extent that Paragraph 211 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

212.    Paragraph 212 is a legal argument that requires no response. To the extent that Paragraph 211 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

213.    Defendants refer the Court to the full text of the lawsuit referenced in Paragraph 213, which speaks for itself, for a complete and accurate depiction of its contents.  The historical prices of Evolent's stock are publicly available and speak for themselves.  Defendants otherwise deny the allegations in Paragraph 213.

214.    Defendants admit that Evolent issued a press release on May 29, 2019, which speaks for itself.  Defendants refer the Court to the full text of the press release for a complete and accurate depiction of its contents and the context of the quotation found in Paragraph 214. Evolent's historical stock prices are publicly available and speak for themselves.  Defendants otherwise deny the allegations in Paragraph 214.

215.    Paragraph 215 is a legal argument that requires no response. To the extent that Paragraph 215 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

216.    Paragraph 216 is a legal argument that requires no response.  To the extent that Paragraph 216 contains factual allegations or otherwise requires a response, Defendants deny the

allegations.

217.    Paragraph 217 is a legal argument that requires no response.  To the extent that Paragraph 217 contains factual allegations or otherwise requires a response, Defendants admit that there are a number of shares of Evolent common stock outstanding and deny the rest of the allegations in Paragraph 217.

218.    Defendants lack information sufficient to admit or deny, and therefore deny, the allegations regarding Lead Plaintiffs.  Paragraph 218 is otherwise a legal argument and requires no response.  To the extent that Paragraph 218 contains additional factual allegations or otherwise requires a response, Defendants deny the allegations.

219.    Defendants lack information sufficient to admit or deny, and therefore deny, the allegations regarding Lead Plaintiffs, Class Members, or Plaintiffs' counsel.  Paragraph 219 is otherwise a legal argument and requires no response.  To the extent that Paragraph 219 contains additional factual allegations or otherwise requires a response, Defendants deny the allegations.

220.    Paragraph 220 is a legal argument that requires no response.  To the extent that Paragraph 220 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

221.    Paragraph 221 is a legal argument that requires no response.  To the extent that Paragraph 221 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

222.    Paragraph 222 is a legal argument that requires no response. To the extent that Paragraph 222 contains factual allegations or otherwise requires a response, Defendants admit that Evolent is listed on the NYSE and filed reports with the SEC.  Defendants otherwise deny the allegations in Paragraph 222.

223.    Paragraph 223 is a legal argument that requires no response. To the extent that Paragraph 223 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

224.    Paragraph 224 is a legal argument that requires no response. To the extent that Paragraph 224 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

225.    Paragraph 225 is a legal argument that requires no response. To the extent that Paragraph 225 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

226.    Paragraph 226 is a legal argument that requires no response. To the extent that Paragraph 226 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

227.    Paragraph 227 is a legal argument that requires no response. To the extent that Paragraph 224 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

228.    Paragraph 228 repeats and realleges the allegations in the above Paragraphs, so Defendants refer the Court to the admissions and denials set forth above.  To the extent that Paragraph 228 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

229.    Paragraph 229 is a legal argument that requires no response.  To the extent Paragraph 229 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

230.    Paragraph 230 is a legal argument that requires no response.  To the extent

36

Paragraph 230 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

231.    Paragraph 231 is a legal argument that requires no response.  To the extent Paragraph 231 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

232.    Paragraph 232 contains a legal argument that requires no response.  Defendants otherwise deny the allegations in Paragraph 232.

233.    Paragraph 233 is a legal argument that requires no response.  To the extent Paragraph 233 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

234.    Paragraph 234 is a legal argument that requires no response.  To the extent Paragraph 234 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

235.    Defendants lack information sufficient to admit or deny, and therefore deny, allegations regarding "Lead Plaintiffs and the other members of the Class."  Paragraph 235 is otherwise a legal argument that requires no response.  To the extent Paragraph 235 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

236.    Defendants lack information sufficient to admit or deny, and therefore deny, allegations regarding "Lead Plaintiffs and the other members of the Class."  Paragraph 236 is otherwise a legal argument that requires no response.  To the extent Paragraph 236 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

237.    Paragraph 237 repeats and realleges the allegations in the above Paragraphs, so Defendants refer the Court to the admissions and denials set forth above.  To the extent that

Paragraph 237 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

238.    Paragraph 238 is a legal argument that requires no response.  To the extent Paragraph 238 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

239.    Paragraph 239 is a legal argument that requires no response.  To the extent Paragraph 239 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

240.    Paragraph 240 is a legal argument and that requires no response.  To the extent Paragraph 240 contains factual allegations or otherwise requires a response, Defendants admit that some Individual Defendants signed some of the SEC filings.  Defendants otherwise deny the allegations in Paragraph 240.

241.    Paragraph 241 is a legal argument that requires no response.  To the extent Paragraph 241 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

242.    Defendants lack information sufficient to admit or deny, and therefore deny, allegations regarding "Lead Plaintiffs and the other members of the Class."  Paragraph 242 is otherwise a legal argument that requires no response.  To the extent Paragraph 242 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

243.    Paragraph 243 is otherwise a legal argument that requires no response.  To the extent Paragraph 243 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

244.    Plaintiffs' prayer for relief does not require a response, but insofar as an answer is deemed necessary, Defendants deny that Plaintiffs are entitled to the requested relief and judgment or to any relief whatsoever.

245.    No response is required.

## DEFENSES

As separate and distinct defenses to the SAC, and to each purported cause of action therein, without assuming any burden of proof or persuasion that they would otherwise not bear, Defendants assert the following defenses:

**First Defense**

Every act or omission alleged in the Complaint was done or omitted in good faith conformity with the rules and regulations of the Securities and Exchange Commission, and therefore, pursuant to Section 23(a) of the Securities Exchange Act of 1934, there is no liability for any act or omission so alleged.

**Second Defense**

Plaintiffs' claim under Section 20(a) of the Exchange Act fails because the Individual Defendants acted with good faith and did not directly or indirectly induce any act or acts constituting a direct or primary violation of theSecurities Exchange Act of 1934 or the rules or regulations thereunder.

**Third Defense**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff assumed risks about which it complains in this action.

**Fourth Defense**

Plaintiff's claims are barred, in whole or in part to the extent applicable, by waiver, release, and discharge.

**Fifth Defense**

Plaintiff's claims are barred to the extent they are untimely under the applicable statute of limitations and/or doctrine of laches.

**Sixth Defense**

Defendants are not liable for alleged misstatements and omissions protected by the safe harbor provision of Section 10(b) of the Exchange Act and the rules promulgated thereunder and/or the "bespeaks caution" doctrine.

**Seventh Defense**

Without admitting that Plaintiff suffered damages, or that Defendants are liable for any such damages, Defendants assert that any liability is limited by 15 U.S.C. § 78u-4(e) & (f) and under principles of equitable allocation, recoupment, set-off, proportionate liability, comparative fault, and failure to mitigate.

**Eighth Defense**

Defendants are not liable under the "truth-on-the-market" doctrine because the truth concerning any alleged misstatement or omission of material fact by Defendants was at all relevant times publicly available to the market through credible sources.

**Ninth Defense**

Plaintiffs and members of the purported class had actual or constructive knowledge of the alleged misrepresentations and omissions alleged in the SAC at the time they acquired their shares.

40

**Tenth Defense**

Plaintiffs either knew or should have known about the matters alleged in the Complaint, and their own negligence or other fault proximately contributed to any damages or injuries allegedly suffered by Plaintiffs from the purchase or sale of Evolent common stock, and bars any recovery to the extent thereof.

**Eleventh Defense**

Any damages or injuries suffered by Plaintiffs were not legally caused by any act or omission by Defendants and were the proximate result, either in whole or in part, of actions or omissions of persons or entities other than Defendants.

**Twelfth Defense**

Plaintiffs did not reasonably rely on any alleged untrue or misleading statement of material fact when they purchased Evolent common stock, and the "fraud on the market" presumption of reliance is unavailable in this action.

**Reservation of Defenses**

Additional facts may be revealed by future discovery that supports additional affirmative defenses presently available to, but unknown to, Defendants. Therefore, Defendants reserve the right to assert additional defenses in the event that discovery and investigation indicate that additional defenses would be appropriate.

DATED: April 1, 2022

/s/ Robert R. Vieth
Robert R. Vieth, Esq. (VSB No. 24304)
Abigail J. Johansen (VSB No. 93585)
**HIRSCHLER FLEISCHER, PC**
8270 Greensboro Drive, Suite 700
Tysons Corner, VA 22102
Tel: (703) 584-8366
Fax: (703) 584-8901
rvieth@hirschlerlaw.com
ajohansen@hirschlerlaw.com

*Local counsel for Defendants*


Ashley C. Parrish
Virginia Bar No. 43089
**KING & SPALDING LLP**
700 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006-4707
Tel: (202) 626-2627
Fax: (202) 626-3737
aparrish@kslaw.com

Paul R. Bessette, *pro hac vice*
Michael J. Biles, *pro hac vice*
Jill R. Carvalho, *pro hac vice*
**KING & SPALDING LLP**
500 W. 2nd Street, Suite 1800
Austin, TX 78701
Tel: (512) 457-2050
Fax: (512) 457-2100
pbessette@kslaw.com
mbiles@kslaw.com
jcarvalho@kslaw.com

*Counsel for Defendants*

42

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 1, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF Filing System on all parties in this case.

*/s/ Robert R. Vieth*
Robert R. Vieth (VSB No. 24304)
**HIRSCHLER FLEISCHER, PC**
8270 Greensboro Drive, Suite 700
Tysons Corner, VA 22102
Tel: (703) 584-8366
Fax: (703) 584-8901
rvieth@hirschlerlaw.com
ajohansen@hirschlerlaw.com

*Local counsel for Defendants*
