**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

|  |  |
|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM and OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> EVOLENT HEALTH, INC., FRANK WILLIAMS, NICHOLAS MCGRANE, and SETH BLACKLEY, <br><br> Defendants. | Case No. 1:19-cv-01031-MSN-TCB |

**LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS'**
**MOTION FOR LEAVE TO PRESENT LIVE EXPERT TESTIMONY AND TO FILE**
<u>**SUPPLEMENTAL BRIEF OPPOSING CLASS CERTIFICATION**</u>

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND .......................................................................................................................3

ARGUMENT.............................................................................................................................5

I.     An Evidentiary Hearing Is Not Warranted at Class Certification ....................................5

       A.     Defendants Provide No Credible Rationale for an Evidentiary Hearing ...............5

       B.     Defendants' Arguments to the Contrary Are Meritless ........................................7

II.    Defendants' Briefing Request Is a "Pretext for a Partial Trial On the Merits" ................12

CONCLUSION.......................................................................................................................13

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*3D Sys. Corp.*, No. CV 0:15-2393-MGL,
   2017 WL 4297450 (D.S.C. Sept. 28, 2017) ...........................................................................10

*BMG Rts. Mgmt. (US) LLC v. Cox Enterprises, Inc.*,
   No. 1:14-CV-1611, 2018 WL 4444011 (E.D. Va. Aug. 9, 2018)...............................................5

*City of Cape Coral Mun. Firefighters' Ret. Plan v. Emergent Biosolutions, Inc., HQ*,
   322 F. Supp. 3d 676 (D. Md. 2018) ........................................................................................8

*City of Livonia Employees' Ret. Sys. v. Wyeth*,
   284 F.R.D. 173 (S.D.N.Y. 2012) ..........................................................................................10

*City of Sterling Heights General Employees' Retirement System v.
   Prudential Financial, Inc.*,
   2015 WL 5097883 (D.N.J.  Aug. 31, 2015) ...........................................................................6

*Comcast Corp. v. Berhend*,
   569 U.S. 27 (2013) .................................................................................................................7

*DeLoach v. Philip Morris Companies, Inc.*,
   206 F.R.D. 551 (M.D.N.C. 2002) ........................................................................................11

*Freudenberg v. E\*Trade Fin. Corp.*,
   712 F. Supp. 2d 171 (S.D.N.Y. 2010)......................................................................................7

*George v. China Auto. Sys., Inc.*,
   No. 11 CIV. 7533 KBF, 2013 WL 3357170 (S.D.N.Y. July 3, 2013)......................................7

*In re Allstate Corporation Secs. Litig.*,
   2020 WL 7490280 (N.D. Ill. Dec. 21, 2020)....................................................................1, 10

*In re Apple Inc. Sec. Litig.*,
   No. 4:19-CV-2033-YGR, 2022 WL 354785 (N.D. Cal. Feb. 4, 2022).....................................6

*In re BofI Holding, Inc. Sec. Litig.*,
   977 F.3d 781 (9th Cir. 2020) .................................................................................................8

*In re Chicago Bridge & Iron Co. N.V. Sec. Litig.*,
   No. 17 CIV. 01580 (LGS), 2019 WL 5287980 (S.D.N.Y. Oct. 18, 2019)................................9

*In re Hot Topic, Inc. Sec. Litig.*,
   2014 WL 12462472 (C.D. Cal. Nov. 3, 2014).........................................................................6

*In re Mattel, Inc. Sec. Litig.*,
No. 219CV10860MCSPLA, 2021 WL 4704578 (C.D. Cal. Oct. 6, 2021) ...............................6

*In re NII Holdings, Inc. Sec. Litig.*,
311 F.R.D. 401 (E.D. Va. 2015) .................................................................................................8

*In re Vale S.A. Sec. Litig.*,
No. 19-CV-526-RJD-SJB, 2022 WL 122593 (E.D.N.Y. Jan. 11, 2022) .........................5, 8, 12

*In re Vivendi Universal, S.A. Sec. Litig.*,
765 F. Supp. 2d 512 (S.D.N.Y. 2011) ........................................................................................9

*Kaplan v. S.A.C. Cap. Advisors, L.P.*,
146 F. Supp. 3d 588 (S.D.N.Y. 2015) ......................................................................................12

*Kim v. U.S. Bank, N.A.*,
No. 1:12CV0986 (LO/JFA), 2013 WL 12139151 (E.D. Va. Jan. 24, 2013).............................5

*Kleen Prod. LLC v. Int'l Paper Co.*,
831 F.3d 919 (7th Cir. 2016) .....................................................................................................5

*Massachusetts Ret. Sys. v. CVS Caremark Corp.*,
716 F.3d 229 (1st Cir. 2013)......................................................................................................8

*Mineworkers' Pension Scheme v. First Solar Inc.*,
881 F.3d 750 (9th Cir. 2018) .....................................................................................................8

*Monroe v. City of Charlottesville, Va.*,
579 F.3d 380 (4th Cir. 2009) .....................................................................................................6

*Morrison v. Booth*,
730 F.2d 642 (11th Cir. 1984) ...................................................................................................6

*Plymouth Cnty. Ret. Sys. v. Patterson Companies, Inc.*,
No. CV 18-871 (MJD/HB), 2020 WL 5757695 (D. Minn. Sept. 28, 2020)............................10

*Police Ret. Sys. of St. Louis v. Granite Constr. Inc.*,
2021 WL 229310 (N.D. Cal. Jan. 21, 2021)..............................................................................9

*Pub. Employees' Ret. Sys. of Mississippi v. TreeHouse Foods, Inc.*,
2020 WL 919249 (N.D. Ill. Feb. 26, 2020) ...............................................................................9

*Soutter v. Equifax Info. Servs. LLC*,
299 F.R.D. 126 (E.D. Va. 2014) ................................................................................................5

*Stillmock v. Weis Markets, Inc.*,
385 F. App'x 267 (4th Cir. 2010) ..............................................................................................6

*Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*,
546 F.3d 196 (2nd Cir. 2008) ...............................................................................................5

*Thompkins v. Key Health Med. Sols., Inc.*,
2015 WL 1292228 (M.D.N.C. Mar. 23, 2015) ......................................................................6

*UMG Recordings, Inc. v. Kurbanov*,
No. 118CV957CMHTCB, 2021 WL 6492907, n.3 (E.D. Va. Dec. 16, 2021) .........................11

**RULES**

Fed. R. Civ. P. 78 .......................................................................................................................11

Local Civil Rule
7(E) ......................................................................................................................................4, 13
7(J) ........................................................................................................................................11

Lead Plaintiffs Plymouth County Retirement System and Oklahoma Police Pension and Retirement System ("Lead Plaintiffs" or "Plaintiffs"), respectfully submit this Opposition to Defendants' Motion for Leave to Present Live Expert Testimony and to File Supplemental Brief Opposing Class Certification (ECF No. 218).

**PRELIMINARY STATEMENT**

Defendants' request for a four-hour "evidentiary hearing" and a "supplemental brief" on class certification is unwarranted, untimely, and should be denied.

First, while Defendants claim that the remaining issues relevant to Plaintiffs' motion for class certification are purportedly "complex" and "technical," in reality, the arguments raised in Defendants' opposition brief are commonplace in securities class actions and routinely addressed by courts at the class certification stage *without* requiring live testimony. *See, e.g.*, *In re Allstate Corporation Secs. Litig.*, 2020 WL 7490280, at *4-7 (N.D. Ill. Dec. 21, 2020) (declining evidentiary hearing and finding that Defendants' same expert here, Ms. Allen, had failed to establish a lack of price impact). Indeed, Defendants have expressly ***conceded*** market efficiency and the statistical significance of the alleged corrective disclosures—thereby removing much of the technicality and complexity attendant to expert testimony at class certification. As discussed in detail below, the remaining issues Defendants rely on to justify their request are routinely rejected and neither novel or difficult, and the Court will have the parties' briefs, expert reports, exhibits thereto, deposition transcripts, and oral argument in ruling on class certification.

Second, Defendants' request for an evidentiary hearing is dilatory. Indeed, the June 24, 2022 hearing on class certification has been scheduled since March 23, 2022, and Plaintiffs' motion for class certification was filed two months ago, on April 8, 2022. It was not until June 2, 2022—the day before filing their motion, and a mere three weeks before the scheduled hearing—

1

that Defendants first disclosed their intention of requesting an evidentiary hearing. If an "evidentiary hearing" were truly necessary, it was incumbent upon Defendants to inform Plaintiffs of that months ago, at the time the hearing was set and certainly by early April when Plaintiffs filed their motion for class certification and their expert's report on market efficiency. Defendants' failure to do so is particularly inappropriate given Defendants' refusal to make their own expert, Ms. Allen, available for a deposition earlier than June 14, 2022—just three days before Plaintiffs' reply brief is due—without Defendants notifying Plaintiffs at that time of Defendants' intention to call Ms. Allen to present live testimony.

Third, converting oral argument on class certification into an evidentiary hearing at this late stage would be inappropriate and unduly prejudicial to Plaintiffs because Plaintiffs' market efficiency expert, Mr. Coffman, is unavailable on June 24, 2022, and thus Plaintiffs would be deprived of the opportunity to present rebuttal testimony at any contemplated evidentiary hearing. Denying Defendants' motion would thus avoid this prejudice and comports with the Court's explicit direction to avoid further delay to class certification and to maintain the pretrial conference currently scheduled for June 30, 2022.

Last, Defendants' request to file a "supplemental" brief to address Plaintiffs' ***merits*** expert reports on loss causation and damages is likewise unjustified as it is tantamount to a sur reply on *Plaintiffs'* motion that improperly seeks to inject merits issues at the class certification stage. Those reports are plainly not before the Court in connection with Plaintiffs' motion for class certification, and it would be premature for the Court to rule on the merits issues raised therein until summary judgment and related briefing on the admissibility of expert testimony.

Accordingly, the equitable exercise of the Court's discretion requires denial of Defendants' untimely and prejudicial request to conduct an evidentiary hearing by ambush, to deviate from the

2

negotiated and Court-ordered schedule, and to prematurely advance summary judgment issues on loss causation and damages at the class certification stage.

## BACKGROUND

At the hearing on Defendants' motion to dismiss Plaintiffs' Third Amended Complaint ("TAC"), the Court directed the parties to agree upon a proposed schedule whereby class certification would be complete and a pretrial conference would be scheduled "by June at the latest, at the very latest." (ECF No. 193 at 43:24-44:2). After extensive negotiations, the parties mutually agreed that class certification briefing would be completed by June 17, 2022, and that oral argument thereon would take place on June 24, 2022, subject to the Court's approval. ECF No. 191. During these negotiations, Defendants never raised the need for a sur reply on class certification or an evidentiary hearing *despite* having the benefit of Plaintiffs' earlier-filed class certification motion.[1] On March 23, 2022, the Court ordered a schedule incorporating these dates and set the pretrial conference for June 30, 2022, as jointly proposed by the parties. ECF No. 192.

Defendants waited until June 2, 2022 to notify Plaintiffs of their request to convert the June 24, 2022 oral argument on class certification into an evidentiary hearing. By the time of Defendants' request, the class certification oral argument date had been on the Court's calendar for more than two months, and Defendants had been in possession of Plaintiffs' class certification motion since April 8, 2022. Defendants' correspondence on the topic did not offer any rationale for why such an "evidentiary hearing" would be necessary.

Plaintiffs promptly responded indicating that (i) they did not believe their class certification motion presented any novel or complex issues requiring live expert testimony (particularly given

---

[1] Defendants had ample opportunity to review Plaintiffs' class certification motion, as Plaintiffs' initial motion for class certification, filed on October 19, 2021, ECF No. 134, was mooted by virtue of the filing of the TAC. The current motion is substantially similar to the earlier motion.

that Defendants had failed to identify any); (ii) Defendants' request was untimely and dilatory; (iii) presenting the live testimony of Ms. Allen would be particularly prejudicial to Plaintiffs given that Mr. Coffman would be unavailable on June 24 to rebut her testimony;[2] and (iv) Defendants had refused to make Ms. Allen available for a deposition earlier than June 14—a mere three days before Plaintiffs' class certification reply brief is due.

Defendants again emailed Plaintiffs on the afternoon of June 3, 2022, that they nonetheless intended to file the instant motion. Defendants further informed Plaintiffs, for the first time, that they intended to seek the Court's permission to file a "supplemental brief" to address purported "new evidence"—i.e. Mr. Coffman's damages report and yet-to-be-served rebuttal damages report, which are merits reports and are **not** submitted as part of Plaintiffs' class certification briefing. Defendants offered to "confer regarding an alternative date for the hearing," but did not offer to meet and confer on why they believed an evidentiary hearing or a supplemental brief would be needed in the first place. Again, Defendants presented no factual or legal rationale for their request and did not engage in any in-person or telephonic discussions with Plaintiffs' counsel as required by Local Civil Rule 7(E).

Plaintiffs again opposed Defendants' requests, reiterating that Defendants had provided no justification for an evidentiary hearing and supplemental briefing. Plaintiffs reminded Defendants that Mr. Coffman's merits reports were not pertinent to class certification and that they were not before the Court as part of the parties' class certification briefing. Plaintiffs also reminded

---

[2] Contrary to Defendants' characterizations, Plaintiffs never represented that Mr. Coffman was free on June 24, 2022. To the contrary, Plaintiffs confirmed that they would reserve dates for Mr. Coffman's deposition the week of June 20. Indeed, Mr. Coffman's deposition has been set for June 20—the *only* day during that week that Defendants stated they could schedule his deposition. Defendants never stated, and it would have been illogical for Plaintiffs to believe, that Defendants wanted to depose Mr. Coffman the *same day* as the oral argument on class certification.

4

Defendants of the Court's prior direction to schedule a pretrial conference before the end of June, and expressed that they thus opposed any further delay to the schedule.

Defendants did not respond and instead filed their Motion, representing the first time Defendants have identified to Plaintiffs the issues that they believe require live testimony and supplemental briefing.[3]  As set forth below, these purportedly "complex" issues are commonplace in securities class actions and are routinely addressed without live testimony or additional briefing.

## ARGUMENT

### I.   An Evidentiary Hearing Is Not Warranted at Class Certification

#### A.   Defendants Provide No Credible Rationale for an Evidentiary Hearing

Courts have "ample discretion" to "limit . . . the extent of the hearing on Rule 23 issues." *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 204 (2nd Cir. 2008) (internal quotations omitted); *In re Vale S.A. Sec. Litig.*,  2022 WL 122593, at *2 (E.D.N.Y. Jan. 11, 2022), *report and recommendation adopted,*, 2022 WL 969724 (E.D.N.Y. Mar. 31, 2022) (same); *Soutter v. Equifax Info. Servs. LLC*, 299 F.R.D. 126, 129 (E.D. Va. 2014) ("[n]o circuit literally requires the district court to hold a formal evidentiary hearing with live witnesses, so as to comply with the rigorous analysis standard. . ."); *see also Kleen Prod. LLC v. Int'l Paper Co.*, 831 F.3d 919, 922 (7th Cir. 2016) (denial of defendants' request for class certification evidentiary hearing "was a case-management decision that we have no reason to second-guess, despite

---

[3] As such, Defendants failed to satisfy the meet-and-confer requirement of Local Rule 7(E), which states it is "incumbent upon the counsel desiring such hearing to meet and confer in person or by telephone with his or her opposing counsel in a good-faith effort to narrow the area of disagreement."  The Court may deny Defendants' motion on this basis alone.  *See, e.g.*, *Kim v. U.S. Bank, N.A.*, 2013 WL 12139151, at *1 (E.D. Va. Jan. 24, 2013) (denying defendant's Motion for Leave to File for failure to certify compliance with the good faith consultation requirement in Local Rule 7(E)); *BMG Rts. Mgmt. (US) LLC v. Cox Enterprises, Inc.*, 2018 WL 4444011, at *3 (E.D. Va. Aug. 9, 2018) ("the Court reminds the parties that their obligation to meet and confer is not a mere formality").

Defendants' complaints.").

Contrary to Defendants' assertion, evidentiary hearings on Rule 23 motions in securities class actions are an exceedingly rare exception to the rule. *See, e.g., In re Mattel, Inc. Sec. Litig.*, 2021 WL 4704578, at *1 (C.D. Cal. Oct. 6, 2021) (certifying class and noting that the Court had "deemed the matter appropriate for decision without oral argument and vacated the hearing."); *In re Apple Inc. Sec. Litig.*, 2022 WL 354785, at *1 (N.D. Cal. Feb. 4, 2022) (certifying stockholder class, and denying certification of option holder class, based on briefing and oral argument); *In re Hot Topic, Inc. Sec. Litig.*, 2014 WL 12462472, at *1 (C.D. Cal. Nov. 3, 2014) (certifying class, finding "this matter suitable for disposition without oral argument," and vacating the hearing); *City of Sterling Heights General Employees' Retirement System v. Prudential Financial, Inc.*, 2015 WL 5097883 (D.N.J. Aug. 31, 2015) (no oral argument heard in certifying the class). Tellingly, while Defendants argue that courts in this Circuit "routinely" hold evidentiary hearings at class certification (Mot. at 3), ***none*** of the cases Defendants cite for this proposition were securities class actions, ***none*** occurred in this District, and the most recent example Defendants cite is more than seven years old.[4]

Defendants have articulated no credible reason why an evidentiary hearing is needed here. Contrary to Defendants' claims, the issues here are not particularly "technical" or "complex." Defendants and their expert have conceded market efficiency (*see* ECF No. 217-4 at ¶24: "For the purpose of this analysis . . . I have been asked to assume that Plaintiffs' claim of market efficiency

---

[4] *See Monroe v. City of Charlottesville, Va.*, 579 F.3d 380 (4th Cir. 2009) (civil rights discrimination action); *Stillmock v. Weis Markets, Inc.*, 385 F. App'x 267, 269 (4th Cir. 2010) (FACTA class action); *Thompkins v. Key Health Med. Sols., Inc.*, 2015 WL 1292228 (M.D.N.C. Mar. 23, 2015) (action alleging unfair and deceptive trade practices and unfair debt collection practices); *Morrison v. Booth*, 730 F.2d 642 (11th Cir. 1984) (employment discrimination class action).

is true."); and Defendants and their expert have also conceded that statistically significant price declines took place on each of Plaintiffs' alleged corrective disclosure dates (*id.* at ¶29). Accordingly, Defendants' concessions thus obviate the need for further expert analysis on the two most "technical" issues at play in certification of securities class actions.[5]

### B.     Defendants' Arguments to the Contrary Are Meritless

Nonetheless, Defendants point to three arguments that they claim require live expert testimony: (i) Plaintiffs' damages model is not viable because no market participant "drew a connection between those price drops and the misrepresentations they supposedly 'correct'"; (ii) "Plaintiffs have failed to proffer a methodology for calculating classwide damages in a manner consistent with their theories of liability," under *Comcast Corp. v. Berhend*, 569 U.S. 27 (2013); and (iii) "none of the alleged misrepresentations relating to cost savings had an impact on Evolent's stock price." Mot. at 5-6. However, these oft-rejected arguments are routinely raised in opposition to class certification in securities class actions, without the need for an evidentiary hearing, as there is nothing uniquely "technical" or "complex" about them.

First, Defendants' argument about the purported lack of a direct connection between the misrepresentations and resulting statistically significant stock price declines is a premature attack on loss causation. But, even to the extent courts have found that the price impact inquiry overlaps with the merits inquiry, Defendants' attack is ultimately irrelevant as it is founded on an inapposite and overly restrictive legal interpretation of loss causation. *See, e.g.*, *Freudenberg v. E\*Trade Fin. Corp.*, 712 F. Supp. 2d 171, 202 (S.D.N.Y. 2010) ("Moreover, neither the Supreme Court in *Dura*, nor any other court addressing the loss causation pleading standard require a corrective disclosure

---

[5] By contrast, in *George v. China Auto. Sys., Inc.*,  2013 WL 3357170, at \*10 (S.D.N.Y. July 3, 2013), the defendants **contested** market efficiency, prompting the court to hold a hearing to question the parties' respective experts regarding their market efficiency reports.

be a 'mirror image' tantamount to a confession of fraud. . . . Thus, the 'relevant truth' required under *Dura* is not that a fraud was committed *per se*, but that the 'truth' about the company's underlying condition, when revealed, causes the 'economic loss.'"); *In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d 781, 791 (9th Cir. 2020), *cert. denied sub nom. BofI Holding, Inc. v. Houston Mun. Emps. Pension Sys.*, 142 S. Ct. 71, 211 L. Ed. 2d 11 (2021) ("a corrective disclosure need not be a mirror image of the prior misstatement."); *Massachusetts Ret. Sys. v. CVS Caremark Corp.*, 716 F.3d 229, 240 (1st Cir. 2013) (same); *Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750, 753-54 (9th Cir. 2018) ("Because loss causation is simply a variant of proximate cause, the ultimate issue is whether the defendant's misstatement, as opposed to some other fact, foreseeably caused the plaintiff's loss. . . . A plaintiff may . . . prove loss causation by showing that the stock price fell upon the revelation of an earnings miss, *even if the market was unaware at the time that fraud had concealed the miss*.") (emphasis added).

Second, Defendants' appeal to *Comcast* undermines their purported need for an evidentiary hearing as virtually no court has relied on *Comcast* to deny certification in a securities class action based on Defendants' arguments here. *See, e.g., City of Cape Coral Mun. Firefighters' Ret. Plan v. Emergent Biosolutions, Inc., HQ*, 322 F. Supp. 3d 676, 692 (D. Md. 2018) ("Defendants do not cite to a single Rule 10(b)–5 securities fraud case, and the Court could not find one, in which the court did not certify the proposed class based on the class's proposal of a sufficiently explained out-of-pocket damages model when the plaintiffs relied on a fraud-on-the-market theory of liability, which Lead Plaintiffs do here."). Significantly, as courts in this District and around the country have universally held, the out-of-pocket damages model applied by Mr. Coffman in this action "is widely accepted as the traditional measure of damages for Rule 10b-5 actions." *In re NII Holdings, Inc. Sec. Litig.*, 311 F.R.D. 401, 413-14 (E.D. Va. 2015) (Brinkema, J.); *Vale*, 2022 WL

122593, at *18 (the out-of-pocket method satisfied *Comcast*); *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.*, 2021 WL 229310, at *7 (N.D. Cal. Jan. 21, 2021) (Mr. Coffman's "out-of-pocket method will be suitable and fulfills the damages element of Rule 23(b)"); *Pub. Employees' Ret. Sys. of Mississippi v. TreeHouse Foods, Inc.*, 2020 WL 919249, at *9–10 (N.D. Ill. Feb. 26, 2020) (Mr. Coffman's use of "an event study to determine out of pocket losses due to inflation is widely considered an accepted method for the evaluation of [ ] damages to a class of stockholders in a defendant corporation, even in the face of confounding information").

While Defendants quibble with the attribution of inflation between the various misstatements, this argument fundamentally ignores the TAC's well-pled allegations that the misstatements "maintained" the artificial inflation caused by Defendants' fraud, thus rendering Defendants' argument irrelevant. *See, e.g.*, TAC ¶210 ("thus causing the Company's stock price to be overvalued and artificially inflated ***and/or maintained*** at artificially inflated levels at all relevant times."). Courts around the country have routinely rejected virtually identical challenges to the one Defendants proffer here, including by Defendants' own expert, Ms. Allen. *In re Chicago Bridge & Iron Co. N.V. Sec. Litig.*, 2019 WL 5287980, at *19–20 (S.D.N.Y. Oct. 18, 2019), *report and recommendation adopted in part*, 2020 WL 1329354 (S.D.N.Y. Mar. 23, 2020) (dismissing a similar challenge by Defendants' expert here and noting that "the repetition of misleading information can maintain the price of the stock; prevent an otherwise expected decrease in the price; or, can continue to cause artificial inflation in the price by the repeated assurance that the false statement is true."); *In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 562 (S.D.N.Y. 2011), aff'd sub nom. *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223 (2d Cir. 2016) ("Vivendi also argues that plaintiffs failed to establish loss causation because their inflation band did not correspond to the fifty-seven alleged misstatements on Table A. The Court [disagrees with

Vivendi] and holds that a statement can cause inflation by causing the stock price to be artificially maintained at a level that does not reflect its true value."); *In re Allstate Corporation Secs. Litig.*, 2020 WL 7490280, at *2 (declining to hold an evidentiary hearing because the "class certification record is closed, and the parties have provided a robust written record," and holding that "Allen erroneously conflates the lack of an increase with the lack of inflation. Her first argument consequently fails to rebut the *Basic* presumption in light of plaintiffs' inflation maintenance theory.").

Third, with respect to price impact, the dispute between the parties is neither technical or novel, and overlaps substantially with Defendants' first point concerning the viability of Plaintiffs' damages model. The parties not only agree that the market for Evolent stock was efficient during the Class Period, but also agree that the news contained in the alleged corrective disclosures caused statistically significant price declines. The only disagreement between the parties concerning price impact is whether the alleged "Cost Savings" statements had price impact, a question that is not "technical" or one that requires live expert testimony to answer. *See, e.g., Plymouth Cnty. Ret. Sys. V. Patterson Companies, Inc.*, 2020 WL 5757695, at *12 (D. Minn. Sept. 28, 2020) (finding, without holding evidentiary hearing, that Defendants failed to rebut presumption of reliance where market efficiency was conceded and "even Defendants' expert does not dispute that there were statistically significant price drops following all three disclosure dates," which was "sufficient to prevent Defendants from completely severing the link between the alleged misrepresentations and any impact on Patterson's stock price."); *KBC Asset Mgmt. NV v. 3D Sys. Corp.*, No. CV 0:15-2393-MGL, 2017 WL 4297450, at *8 (D.S.C. Sept. 28, 2017) (finding "on the record before it" that, where the parties had not disputed that plaintiff was entitled to *Basic* presumption of reliance, Defendants had failed to show sufficient evidence of lack of price impact to rebut presumption);

10

*see also City of Livonia Employees' Ret. Sys. v. Wyeth*, 284 F.R.D. 173, 185 (S.D.N.Y. 2012) (noting that, in securities class action, "the Court declines Defendants' invitation to pursue an evidentiary hearing regarding predominance.").

Moreover, even if any of the outstanding issues are arguably complex, an evidentiary hearing is particularly unnecessary here, where, at the time of oral argument, the parties will have thoroughly briefed the issues, supported by expert reports, deposition testimony, and documentary evidence.[6] *See UMG Recordings, Inc. v. Kurbanov*, 2021 WL 6492907, at *2, n.3 (E.D. Va. Dec. 16, 2021) (Buchanan, Mag. J.) ("An evidentiary hearing is unnecessary when the record presents an adequate basis for the relief requested."); *DeLoach v. Philip Morris Companies, Inc.*, 206 F.R.D. 551, 553, n.2 (M.D.N.C. 2002) ("[t]he court will determine the propriety of class certification based on the extensive briefs and exhibits submitted by the parties. An evidentiary hearing on class certification is unnecessary, as both parties have thoroughly briefed their positions.").[7]

Defendants' undue and prejudicial delay in seeking an evidentiary hearing and supplemental briefing independently merits denial of Defendants' motion. Significantly, the June 24, 2022 class certification hearing date has been on the Court's schedule since March 23, 2022 (ECF No. 192), and Plaintiffs filed their motion for class certification nearly two months ago, on April 8, 2022. As such, there is no excuse for Defendants delaying this request until just three

---

[6] Contrary to Defendants' assertion, Plaintiffs do not intend to submit a "further report from their expert economist with their reply brief in support of class certification on June 17, 2022 to address price impact issues." Indeed, as noted above, such a further report is unnecessary given Defendants' concessions on market efficiency and statistical significance, as well as impractical considering Defendants' refusal to make Ms. Allen available for deposition prior to just days before the reply deadline. A proper meet and confer would have clarified Plaintiffs' position.

[7] Moreover, under Local Civil Rule 7(J), and "[i]n accordance with Fed. R. Civ. P. 78, the Court may rule upon motions without an oral hearing," let alone an evidentiary hearing featuring live expert testimony.

11

weeks before the hearing scheduled for June 24, 2022, a week during which all merits experts will be deposed.  If Defendants believed that an "evidentiary hearing" were truly necessary, surely Defendants would have informed Plaintiffs and the Court of this request months ago, at the time the schedule was negotiated, and at the latest in early April, when Plaintiffs filed their motion and Mr. Coffman's expert report on market efficiency.  Moreover, because of Defendants' delay, Plaintiffs' expert, Mr. Coffman, is unavailable on June 24 for the proposed evidentiary hearing, and it would be unduly prejudicial to Plaintiffs if Defendants were allowed to present live expert testimony without affording Plaintiffs the opportunity to present rebuttal testimony from their expert at any contemplated evidentiary hearing.

## II.     Defendants' Briefing Request Is a "Pretext for a Partial Trial On the Merits"

The Court should also reject Defendants' improper request to file a sur reply.  As it stands, Defendants have filed the maximum-length 30-page opposition brief supported by 29 exhibits totaling approximately 500 pages, including a 54-page expert report, as well as excerpts from the deposition of Plaintiffs' expert and his report.  The fact that Plaintiffs will have served Defendants with two merits expert reports on damages and loss causation—as specifically contemplated by the Court's schedule—by the time of oral argument does not warrant additional briefing.  Neither of those merits reports were filed with or relied upon in connection with Plaintiffs' class certification briefing, and neither is needed by the Court to determine, as Defendants argue, whether there is a "mismatch" between the alleged false statements and corrective disclosures so great as to completely "sever the link" and rebut the presumption of reliance.

To allow briefing (or a hearing) on Mr. Coffman's merits reports—which address loss causation and damages—at this stage would precisely contravene the Court's duty to "assure that a class certification motion does not become a pretext for a partial trial of the merits."  *Vale*, 2022 WL 122593, at *2; *see also Kaplan v. S.A.C. Cap. Advisors, L.P.*, 146 F. Supp. 3d 588, 588–90

12

(S.D.N.Y. 2015) (rejecting Defendants' request to file a supplemental opposition brief regarding the proposed start date of the class period, "in the interests of judicial economy and to minimize duplicative motion practice as much as possible in what is already a sprawl of litigation generated by this case," and noting the issue was "a merits issue not properly resolvable at the class certification stage."). Plaintiffs respectfully submit that the Court should so hold here.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Defendants' Motion be denied in its entirety. Should the Court determine within the exercise of its discretion that supplemental briefing or an evidentiary hearing are warranted, Plaintiffs respectfully request that the Court order Defendants to meet and confer with Plaintiff in compliance with Local Civil Rule 7(E) and discuss, in good faith, an extension of the case schedule that will avoid undue prejudice to Plaintiffs and allow for a reasonable opportunity for Plaintiffs to respond to Defendants' new arguments.

Dated: June 8, 2022                         Respectfully submitted,


                                            */s/ Steven J. Toll*
                                            Steven J. Toll
                                            Va. Bar No. 15300
                                            stoll@cohenmilstein.com
                                            Daniel S. Sommers
                                            dsommers@cohenmilstein.com
                                            **COHEN MILSTEIN SELLERS
                                            & TOLL PLLC**
                                            1100 New York Avenue, Suite 500
                                            Washington, D.C. 20005
                                            Tel: (202) 408-4600
                                            Fax: (202) 408-4699

                                            *Liaison Counsel for Lead Plaintiffs and the
                                            Proposed Class*


13

**SAXENA WHITE P.A.**
Maya Saxena
Joseph E. White III
Lester R. Hooker
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Tel: (561) 206-6708
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com

Steven B. Singer
Sara DiLeo
Joshua H. Saltzman
Alec Coquin
10 Bank Street, 8th Floor
White Plains, New York 10606
Tel: (914) 437-8551
ssinger@saxenawhite.com
sdileo@saxenawhite.com
jsaltzman@saxenawhite.com
acoquin@saxenawhite.com

*Lead Counsel for Lead Plaintiffs and the Proposed Class*

14

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2022, I caused the foregoing to be electronically filed with

the Clerk of Court via CM/ECF, which will send a notice of electronic filing to all registered users.

/s/ Steven J. Toll

Steven J. Toll
Va. Bar No. 15300
stoll@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, Suite 500
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699

*Liaison Counsel for Lead Plaintiffs and the
Proposed Class*

15