# Exhibit 1

| From: | Joshua Saltzman |
|---|---|
| To: | Peter Starr |
| Cc: | Michael Smith; Paul R. Bessette; Robert Vieth; Michael Biles; Cheri Grosvenor; Jill Carvalho; Lauren Smith; Sara DiLeo; Lester Hooker; Don Grunewald; Alec Coquin |
| Subject: | Re: [EXTERNAL]RE: [EXTERNAL]PCRS v. Evolent - Class Cert. Hearing |
| Date: | Friday, June 3, 2022 1:29:31 PM |
| Attachments: | image002.png |
| | image003.png |
| | image004.png |
| | image001.png |
| | Outlook-xdvm5kvz.png |
| | Outlook-mg3okhvw.png |
| | Outlook-twekd1aj.png |

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Peter,

Plaintiffs maintain their opposition to an evidentiary hearing. Defendants have failed to identify any novel or difficult issues here requiring such a hearing, or, indeed, to provide any explanation at all as to why they feel one is necessary. Class certification motions in securities class actions are routinely decided by courts in this District, Circuit and around the country without evidentiary hearings, and here, the Court will have the benefit of extensive briefing, plaintiff and expert deposition testimony, and documentary evidence.

Plaintiffs also oppose any continuance of the June 24 hearing date. The Court admonished the parties at the motion to dismiss hearing in March that it wanted the class certification process completed and a final pretrial conference scheduled "by June at the latest, at the very latest" (MTD Hearing Tr. at 43:24-44:2), and a pretrial conference is now scheduled for June 30. Further, Defendants correctly observe that the parties have known of this hearing date for months--as such, it is unclear why Defendants have only now decided to seek to convert the standard oral argument previously contemplated by the parties and the Court into an evidentiary hearing.

Finally, Plaintiffs oppose Defendants' request to file supplemental briefing to address Mr. Coffman's merits reports. Plainly, these reports are not before the Court in connection with Plaintiffs' class certification motion, but rather address merits issues such as damages and loss causation that will be examined at summary judgment or trial. As such, any supplemental briefing regarding these reports would be improper and premature at this stage.

Best regards,

Josh

## Joshua H. Saltzman
Attorney



Saxena White P.A.
10 Bank St.
8th Floor
White Plains, NY 10606
Direct Dial / Skype: 914-437-8625
Cell: 609-577-5884
jsaltzman@saxenawhite.com
www.saxenawhite.com



Please consider the environment before printing this email.

---

**From:** Peter Starr <pstarr@kslaw.com>
**Sent:** Friday, June 3, 2022 12:22 PM
**To:** Joshua Saltzman <jsaltzman@saxenawhite.com>
**Cc:** Michael Smith <mrsmith@KSLAW.com>; Paul R. Bessette <PBessette@KSLAW.com>; Robert Vieth <RVieth@hirschlerlaw.com>; Michael Biles <MBiles@KSLAW.com>; Cheri Grosvenor <CGrosvenor@KSLAW.com>; Jill Carvalho <JCarvalho@KSLAW.com>; Lauren Smith <LNSmith@KSLaw.com>; Sara DiLeo <sdileo@saxenawhite.com>; Lester Hooker <lhooker@saxenawhite.com>; Don Grunewald <dgrunewald@saxenawhite.com>; Alec Coquin <acoquin@saxenawhite.com>
**Subject:** [EXTERNAL]RE: [EXTERNAL]PCRS v. Evolent - Class Cert. Hearing

Josh,

Defendants disagree with the points you make below and intend to file a motion today requesting an evidentiary hearing. To the extent Plaintiffs would like to present testimony from Mr. Coffman—who you say is unavailable on June 24, despite having had knowledge of this hearing date for months and despite having recently represented to Defendants he is available the week of June 20 for deposition—Defendants are willing to confer regarding an alternative date for the hearing.

Separately, Defendants also intend to seek leave to submit a supplemental brief not to exceed 6 pages addressing the impact on Defendants' Opposition of two reports Mr. Coffman has written (or will have written) since Defendants filed their Opposition: (1) Coffman's May 27 damages report and (2) Coffman's June 17 rebuttal report. Defendants require the opportunity to address this new evidence prior to the Court's resolution of Plaintiffs' motion for class certification—and thus, we

intend to seek leave to file this brief the week of June 20.

Please advise us of Plaintiffs' position with respect to Defendants' proposed supplemental brief. We require a response on this issue today as we will file our motion by the 5:00 p.m. deadline.

Regards,
Peter

___

**Peter Starr**
*Senior Associate*

T: +1 404 572 2767  |  E: pstarr@kslaw.com  |  Bio  |  vCard

King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309
King & Spalding



kslaw.com

**From:** Joshua Saltzman <jsaltzman@saxenawhite.com>
**Sent:** Thursday, June 2, 2022 4:44 PM
**To:** Peter Starr <pstarr@kslaw.com>
**Cc:** Michael Smith <mrsmith@KSLAW.com>; Paul R. Bessette <PBessette@KSLAW.com>; Robert Vieth <RVieth@hirschlerlaw.com>; Michael Biles <MBiles@KSLAW.com>; Cheri Grosvenor <CGrosvenor@KSLAW.com>; Jill Carvalho <JCarvalho@KSLAW.com>; Lauren Smith <LNSmith@KSLaw.com>; Sara DiLeo <sdileo@saxenawhite.com>; Lester Hooker <lhooker@saxenawhite.com>; Don Grunewald <dgrunewald@saxenawhite.com>; Alec Coquin <acoquin@saxenawhite.com>
**Subject:** Re: [EXTERNAL]PCRS v. Evolent - Class Cert. Hearing

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Peter,

Plaintiffs oppose Defendants' request for an evidentiary hearing on class certification.

First, there is no need for an evidentiary hearing. The arguments raised by Defendants' opposition are of the type routinely addressed in motions for class certification in securities class actions, and there are no novel or difficult issues here requiring an evidentiary hearing. The Court will have the parties' briefs, expert reports, exhibits relied upon, and the deposition transcripts readily available when it rules on class certification, and we fail to see why an evidentiary hearing is necessary under these circumstances.

Second, Defendants' request comes far too late.  Plaintiffs' expert, Mr. Coffman, is not available on June 24 for the proposed evidentiary hearing, and it would be obviously inappropriate and unduly prejudicial to Plaintiffs if Defendants were allowed to present live expert testimony without the opportunity to present rebuttal testimony at any contemplated evidentiary hearing.  Significantly, as you know, the June 24 class certification hearing date has been on the Court's schedule since March 23, 2022, and Plaintiffs filed their motion for class certification nearly two months ago, on April 8, 2022.  As such, there is no excuse for Defendants' delaying this request until just three weeks before the hearing.  If an "evidentiary hearing" were truly important, it was incumbent upon Defendants to inform the parties of that months ago, at the time the schedule was set and certainly by the time in early April that Plaintiffs filed their motion and provided Defendants with Mr. Coffman's expert report.

Third, Defendants' request is particularly inappropriate given the difficulties Plaintiffs have had simply scheduling Ms. Allen's deposition.  Indeed, Defendants have been unwilling to make Ms. Allen available for a deposition earlier than June 14, 2022 -- a mere three days before Plaintiffs' reply brief is due -- and the parties have only just agreed to move Ms. Allen's deposition a day later, to the 15th, without Defendants notifying Plaintiffs that they intended to call Ms. Allen to present live testimony.  Accordingly, Defendants' scheduling issues have afforded Plaintiffs' expert insufficient time to prepare a rebuttal report for filing with Plaintiffs' reply brief that incorporates and responds to Ms. Allen's deposition testimony.

Best regards,

Josh


## Joshua H. Saltzman
Attorney

Saxena White P.A.
10 Bank St.
8th Floor
White Plains, NY 10606
Direct Dial / Skype: 914-437-8625
Cell: 609-577-5884
jsaltzman@saxenawhite.com
www.saxenawhite.com

 

 Please consider the environment before printing this email.

**From:** Peter Starr <pstarr@kslaw.com>
**Sent:** Thursday, June 2, 2022 1:48 PM
**To:** Sara DiLeo <sdileo@saxenawhite.com>; Lester Hooker <lhooker@saxenawhite.com>; Joshua Saltzman <jsaltzman@saxenawhite.com>; Don Grunewald <dgrunewald@saxenawhite.com>; Alec Coquin <acoquin@saxenawhite.com>
**Cc:** Michael Smith <mrsmith@KSLAW.com>; Paul R. Bessette <PBessette@KSLAW.com>; Robert Vieth <RVieth@hirschlerlaw.com>; Michael Biles <MBiles@KSLAW.com>; Cheri Grosvenor <CGrosvenor@KSLAW.com>; Jill Carvalho <JCarvalho@KSLAW.com>; Lauren Smith <LNSmith@KSLaw.com>
**Subject:** [EXTERNAL]PCRS v. Evolent - Class Cert. Hearing

Counsel:

In connection with the hearing on Plaintiffs' motion for class certification, Defendants intend to present live testimony through their expert, Ms. Allen.  Accordingly, we plan to file a motion tomorrow asking the Court to hold an evidentiary hearing on class certification. Please let us know Plaintiffs' position on this issue.

Regards,
Peter

---

**Peter Starr**
*Senior Associate*

T: +1 404 572 2767  |  E: pstarr@kslaw.com  |  Bio  |  vCard

King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309
King & Spalding



kslaw.com

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.