UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION


**PLYMOUTH COUNTY RETIREMENT**          :
**SYSTEM, et al.,**                     :
                                        :    Civil Action
            **Plaintiffs,**             :    No. 1:19-cv-1031
                                        :
       **v.**                           :
                                        :    June 14, 2022
**EVOLENT HEALTH, INC., et**            :    2:00 p.m.
**al.,**                                :
                                        :
                                        :
            **Defendants.**             :
                                        :

..............................


**TRANSCRIPT OF MOTION PROCEEDINGS**
**BEFORE THE HONORABLE MICHAEL S. NACHMANOFF,**
**UNITED STATES DISTRICT COURT JUDGE**

APPEARANCES:

  For the Plaintiffs:          SAXENA WHITE, P.A.
                               ALEC COQUIN, ESQ.
                               7777 Glades Road, Suite 300
                               Boca Raton, FL 33434

                               COHEN MILSTEIN SELLERS & TOLL, PLLC
                               STEVEN TOLL, ESQ.
                               DANIEL S. SOMMERS, ESQ.
                               1100 New York Avenue NW, Suite 500
                               West Tower
                               Washington, DC 20005

  For the Defendants:         HIRSCHLER FLEISCHER, P.C.
                               ROBERT R. VIETH, ESQ.
                               8270 Greensboro Drive, Suite 700
                               Tysons Corner, VA 22102

                               KING & SPALDING, LLP
                               MICHAEL SMITH, ESQ.
                               PETER STARR, ESQ.
                               1180 Peachtree Street NE
                               Suite 1600
                               Atlanta, GA 30309

Court Reporter:                Diane Salters, CSR, RPR, RCR
                               Official Court Reporter
                               United States District Court
                               401 Courthouse Square
                               Alexandria, VA 22314
                               Email: Dianesalters.edva@gmail.com

Proceedings reported by machine shorthand, transcript produced by computer-aided transcription.

THE COURTROOM DEPUTY:  *Plymouth County Retirement System, et al., vs. Evolent Health, Inc., et al.*, Case Number 19-cv-1031.  Will the parties please note their appearances for the record.

MR. TOLL:  Good afternoon, Your Honor.  Steven Toll and my partner Dan Sommers from Cohen Milstein, and also Alec Coquin, who will -- from lead counsel, Saxena White -- who will argue today.

THE COURT:  Good afternoon to all three of you.

MR. VIETH:  Your Honor, I hope it's okay to remove the mask while addressing the Court.  I'll put it back on if Your Honor would prefer.

THE COURT:  It is all right.  It will make it much easier for me to hear and for you to speak.  So when you're at the podium, feel free to take off your mask.

MR. VIETH:  Thank you, Your Honor.

Robert Vieth for the defendants, and with me at counsel table are Michael Smith and Peter Starr, both of the Atlanta office of King & Spalding.  And with the Court's permission, they'll be participating this afternoon as well.

THE COURT:  Thank you.

MR. VIETH:  Thank you.

THE COURT:  Good afternoon to all three of you.  Thank you for being here today, and it gives us an opportunity to do some housekeeping work.

We're here on defendant's motion for leave to present live testimony and to file supplemental brief opposing class certification. I've reviewed the briefs, the opposition, and reply brief. There are a lot of things going on all at the same time. I'm going to try and expedite matters and tell you where things stand, and then I'll give everyone a chance to be heard.

I appreciate the invitation to consider live testimony. My inclination is to deny that motion at this time based on the fact that I have substantial materials and, of course, will consider all of the evidence that's been submitted in terms of the expert reports and other exhibits. I can certainly reserve the possibility that should I find it too difficult, even with the able advocacy of the lawyers and the experts, to weigh through the issues, that I will consider hearing live testimony, but I don't think that it will aid the efficient resolution of this issue on class certification. Again, I'll give you a chance to speak. I just felt it was more efficient to lay where I'm thinking now rather than go through it.

Likewise -- and I'll give you a chance to clarify -- I don't think that a further supplemental brief or sur-reply will be necessary. I want to make sure I'm understanding fully, because I see one of the arguments made was a reference to two expert reports, one filed by Mr. Coffman, which is attached to the motion for class certification, which I have. The other, I believe, is an expert report that was disclosed on May 27th, but

not filed with the Court as an exhibit or otherwise, that defendants believe raises issues that would prompt the necessity of further supplemental briefing in connection with the class certification, and I'm simply not seeing how it becomes relevant, so I'll give you a chance to address that.  It could be that you believe that, somehow, it will become relevant in a reply brief that's being filed today or in some other way, but I want to make sure we're keeping separate issues separate, and so I'm also inclined to deny that motion unless I learn something that I don't know.

I have to move the date for the oral argument on class certification.  I apologize.  I know you-all have been working hard, but it turns out that I will be unavailable on the 24th of June.  And so I say that because I know some of the arguments reflected concerns about timing and the availability of potential experts, but my inclination is to move that class certification date for the oral argument, and I certainly do intend to hear oral argument, if not take live testimony, on July 8th, which is a Friday, at 10:00 a.m.  So I'll hear from you-all on that.

And then, finally, after we address all of these issues, I'd like to talk about what that means in terms of the final pretrial conference, which is currently scheduled on June 30th, but I do not think it makes any sense to go forward with it on that date, so maybe we can take these things one step at a time.

So let me hear from you first, Mr. Smith, since it's your motion.  I appreciate that I have foreclosed a number of issues that you may have wanted to raise, but I'll hear anything you have to say.

MR. SMITH:  Well, thank you, Your Honor.  And I appreciate you laying out your inclinations at this point to give me a chance to address them and see if I can change your view, at least somewhat.  I'll give it a try.

So we are asking for the live testimony and the supplemental brief.  I think if you look at the context of a class certification motion like this, it's clear that in the absence of this fraud-on-the-market presumption of reliance, there can be no class certified in typical fraud cases. Individual questions of reliance will, of course, predominate and make sure that there can be no class certified.

Here, we have raised two specific issues in opposition to class certification that deal with -- at least the price impact issue deals with -- the application of the fraud-on-the-market presumption.  We've cited to you cases -- recent Supreme Court authority in the *Goldman Sachs* case -- that admonishes courts that they must consider all evidence that is pertinent to the class certification decision, where at the evidentiary stage, the Court must make findings.

And, here, to kind of crystalize the issue, Your Honor, there is absolute direct conflict between the experts on this

question of price impact and a related question on the *Comcast* argument that we make, which is that their damages model does not fit their theories of liability because it measures damages and inflation from dismissed statements.  Twenty-two or -- 16 of the original 22 statements challenged in the case in which plaintiffs allege have caused inflation have been dismissed.

THE COURT:  I think I understand all those arguments. My question is what is it that live testimony provides that is not already contained in your expert's report and the arguments you're making about the significance or the errors on the part of the plaintiff that are not already set forth in your opposition?

MR. SMITH:  So there's two things:  There's live testimony and then the opportunity to brief and submit these new reports that we maintain are directly relevant to the question. But when you have direct conflict, I think it -- I don't see how the Court could weigh the credibility of the experts, sift through the theories, ask questions, get to the bottom of the conflict in the evidence on these critical points, and that's why we think that live testimony -- we're not talking about days' worth of hearings; we're talking about half a day, maybe have each expert not go through their entire report because the Court will have that, but, really, focused presentations of maybe an hour or so each that we think would aid the Court in resolving what are clearly direct conflicting positions on the critical issues to the class cert motion.

And then on the report itself -- you raised the new report that was filed after the defendants responded to the motion for class certification -- the new report, which is a damages and loss causation report, is directly relevant to both the price impact and *Comcast* arguments that we raise, whereas the first report said, Gee, you know, I'm thinking about this general model, haven't really considered what's a corrective disclosure, haven't really considered whether any confounding factors need to be parsed out, and I haven't really decided how I'm going to measure damages.  That's what the first report said.

The second report absolutely makes crystal clear the damages model that they propose using in this case, and we maintain and submit it demonstrates that they have not isolated out the inflationary effects of the dismissed statements, therefore, measures damages based on dismissed theories and claims, and also articulates a -- identifies what are the corrective disclosures, and comes up with a theory that we maintain shows that there is a mismatch between the corrective disclosures and the misrepresentations, which is relevant both to the price impact argument and the *Comcast* argument that we made about the model not fitting the surviving theories of liability.

So we're only asking for six pages -- you mentioned that they didn't file the second report that their expert put in. We did attach it to the reply brief on this matter, so it's in the court docket.  But we've got that report, and then the

plaintiffs have indicated in their opposition that they plan on submitting another report from Mr. Coffman.  We're not really sure what it will address.  They say it's a rebuttal report.  Our expert hasn't put in a damages report, so we don't know what they're going to rebut, but we'll see that, I guess, later today. Today is the deadline.  But whether they file this third report or whether it's just the report filed May 27th, we do need the opportunity, in just a few pages, to explain to the Court the impact and importance of the second report on our class certification motion.

So in light of the *Goldman* case and the other cases, it says it's critically important that the Court consider all evidence.  And in light -- Your Honor, no matter which way the Court rules on class certification -- for defendants, for plaintiffs, or even some mixed bag -- it's highly likely that the party that loses out, in part or in whole, is going to seek a 23(f) appeal at the Fourth Circuit; and in light of the mere inevitability that there's at least appellate review that's going to be sought, we think it's in everybody's interest to have a full and complete record.  If the Court ultimately decides, Well, this isn't relevant or that wasn't helpful, so be it.  There will not have been too much time invested under the circumstances.

THE COURT:  Okay.  Just to be clear, the report that was disclosed on May 27th was disclosed as a part of a schedule that you and the plaintiffs had agreed to, correct --

MR. SMITH:  Yes.

THE COURT:  -- that was separate and apart from the class certification schedule?

MR. SMITH:  It certainly was a separate date on the schedule for putting in merits reports.  It just so happens that this merits report on damages, it's completely relevant.  Of course, we had no idea what was going to be in the report.  And once it's filed, we read it, and it's abundantly clear that it relates -- even though it is styled as a merits report, it puts forth their damages model in particulars.  It definitely is directly relevant to the class certification arguments we make on both price impact and on *Comcast*.

THE COURT:  I understand.  But you'll be able to file a responsive report to that May 27th report in the ordinary course of the schedule that you set out, correct?

MR. SMITH:  We are filing a report -- not filing it -- I guess we're submitting a report today.  We would like to file that report with the Court.  We would like the second report that, you know, we've already attached to the reply brief here, so it's on the court docket.  But to the extent they file another report, and if that report relates to our price impact and *Comcast* arguments, we'd like to get all of that in the record, and, frankly, have a couple pages to tell the Court why we think that they are important, and direct the Court to look at this paragraph or that paragraph, and this is why it is relevant to

our class certification arguments.

THE COURT:  Thank you.

Mr. Coquin.

MR. COQUIN:  Good morning, Your Honor.

THE COURT:  Good afternoon.

MR. COQUIN:  Good afternoon.  Thank you.

Just to set the record straight on the schedule, you know, this was a negotiated schedule between the parties.  We understand the schedule to address class certification, opening report, responsive report, and briefs related thereto, and we separately understand that there's a merits section of the schedule which involves an opening report, a responsive report, and briefs related thereto.

Defendants are trying now to completely change that schedule and are arguing that all of the evidence, expert reports, and everything that is part of the merits question is now implicated at class certification.  We think that's wrong.  We think it doesn't comport with the schedule the parties negotiated, and, frankly, at this point, is prejudicial to plaintiffs should defendants' request for supplemental briefing or a hearing -- an evidentiary hearing -- excuse me -- be granted.

Fundamentally, we think the issues are simple and easily resolved.  On the *Comcast* issue, courts in this district, like Judge Brinkema, for example in the *NII* case, affirmatively

stated that the out-of-pocket model is widely used and accepted in securities class actions.  That's the model that Mr. Coffman uses at the class certification stage to say, I will be able to calculate damages in this case.  I don't think there's a reasonable dispute about that, and that typically ends the inquiry in the *Comcast* situation.

I think all the cases the defendant cites to the contrary involve cases where the out-of-pocket model was not used or complicating factors related to individual reliance not being found, related to part of the class period being excluded and the model no longer being -- excuse me -- and the model no longer being valid.

And, finally, their final case relates to the issue of valuing illiquid securities that were backed by complex mortgage-backed securities.  Those examples, I think, are illustrated through the fact that the damages model and the question posed at class cert, Is Mr. Coffman capable of coming up with a damages model, is yes, he is.  He's done that.  And that should end the *Comcast* inquiry.

Defendants make a second *Comcast* point that there's a lack of fit between the allegedly corrective disclosures and the statements that defendants made.  That's a typical argument.  We see it in practically every securities case.  Defendants' goal and their expert's goal is to narrowly construe the alleged misstatements; and from there, to say, Of course, it does not fit

the disclosures.  And that's just what Ms. Allen has done.  But those efforts have been routinely rejected in similar securities class actions.

THE COURT:  Let me stop you, because this is not the class certification motion, and I'm not going to rule on the merits, and I'm going to give everyone a fair chance to be heard.  So the only thing I want to hear from you is whether or not you have anything you want to respond to with regard to their request either for live testimony -- and you've made your argument that it's not necessary and it's not often done here, and I've received your brief -- and you've made an argument about the effort, in your view, for them to conflate the schedule for expert disclosures that started on May 27th with what's already going on and already has been briefed in class certification.

Let me just ask you specifically:  Do you intend in any way to use the May 27th expert report in connection with your motion for class certification?

MR. COQUIN:  Only to the extent, Your Honor, that defendants are advancing arguments based on that more recent report.  We are not intending to submit a supplemental report by Mr. Coffman today.  That's not part of the schedule, that's not what we negotiated, and that's not what we're doing.  So, generally, no.  It is only to the extent that defendants raised merits issues that we need an opportunity to respond to those merits issues, a request that defendants ignore from us to -- if

defendants get a chance to raise these merits issues at class certification, which we believe is completely inappropriate, then we need an opportunity to respond to those merits arguments. And so to the extent the Court is even thinking about either granting supplemental briefing or having an evidentiary hearing, I think, just procedurally, we need an opportunity to respond to those arguments.

THE COURT: I understand, and I will share with you the wisdom that was imparted to me when I was a young lawyer, which is never try to snatch defeat from the jaws of victory.

MR. COQUIN: Yes, Your Honor.

THE COURT: Is there anything else you wish to say?

MR. COQUIN: No, Your Honor. Thank you.

THE COURT: With regard to --

MR. SMITH: May I have just a brief reply?

THE COURT: You may.

MR. SMITH: Thank you.

So I just wanted to read into the record the cite from the *Goldman* Supreme Court decision from last year. At 141 S. Ct. 1951, page 1961: A court cannot conclude that Rule 23's requirements are satisfied without considering all evidence relevant to price impact.

The report that they put in on damages is directly relevant to our price impact argument as well as our *Comcast* argument. Our rebuttal report to that, which we're going to file

today, is relevant to the class certification and price impact issue.

What you have here is the uniqueness of this case and the uniqueness of the EDVA Rocket Docket schedule. In almost every securities case, you don't have this damages report filed and available for defendants before the Court rules on class certification. Here, we do have it. It's relevant and it should be part of the record. There were some --

THE COURT: Well, you've told me you've made it part of the record by attaching it as an exhibit.

MR. SMITH: We have. We have filed it on the court's docket. We haven't had the opportunity to raise argument about it like we would want to in that short supplemental brief, but --

THE COURT: I guess what I'm hearing you say is that it's a windfall to you as defendants that the speed of the Rocket Docket has allowed you to see something that you otherwise would not have normally had access to in other courts that move more slowly; is that right?

MR. SMITH: Frankly, it's not a bone to the defendants; it's a bone to the parties and the Court so the Court doesn't have to guess about what the model might be, and I'm thinking of doing this, but, of course, I won't know until the end of discovery how we're going to approach it. Now, you know. We know. And because they have made this clear, then the Court should take that specific model, not this, Well, I'm not really

sure, but I may approach it this way, we'll see after discovery, which is what the first report says.  Now, we know.  We know exactly what their theory is, and we just would like -- we have filed it on the docket.  We will file on the docket, I guess, our rebuttal to that to the extent it bears on the class cert issues.  They've hedged a little bit.  They're going to file some report --

THE COURT:  Let me stop you there, Mr. Smith.  You know, we have very clear ways of doing things here.  One of them is that discovery is generally not filed on the docket, that expert reports are exchanged between the parties.  When they become relevant, whether someone's trying to strike an expert report or challenge based on *Daubert* or when it's relevant to summary judgment, then they would be filed as exhibits.

I think I've heard enough, and I appreciate -- you have made your record well, both in writing and today.  I am going to deny the motion for live testimony and the motion for supplemental briefing.  I understand your concern and your belief that their May 27th report bears on the issues at hand.  Because you sought this motion, that report is in the record.  I'm not striking it from the record, but I'm going to consider the issues that are briefed before me on the schedule that was agreed to by the parties.  If I conclude at the oral argument that there is a deficit of information and that I need further briefing or I need live testimony, I can certainly order that, but I don't see that

need now.  I have confidence in the briefing capabilities of the lawyers on both sides, and I will consider, following Supreme Court precedent, all of the relevant evidence, whether or not that's live testimony or whether it's submitted by affidavit, expert report, or exhibits.  And so I want to be sure the record is clear that all of that will be considered, and I will make the requisite findings whether I deny or grant class certification. But I do want to avoid overly complicating or extending the litigation on these issues.  Of course, everybody wants to have the last word.  The burden falls on the plaintiffs on class certification.  The schedule that was agreed to was the motion is filed, an opposition is filed, and now we'll have a reply.  I'm not going to engage in multiple rounds beyond that, not because lawyers can't find interesting and relevant things to say, but because I'm not sure that it is beneficial, ultimately, to the ultimate decision of the Court.

So I certainly -- you've made your record, and I will certainly consider it if I find that there is confusion at a later date, but the goal here will be to have this fully briefed on the schedule that was already set out.  I am moving the oral argument to July 8th, but I will certainly hear whatever arguments are relevant, including whatever new information you feel you need to articulate based on the filing of the reply brief.

MR. SMITH:  Thank you, Your Honor.

THE COURT:  We'll do that in the normal course of business.

MR. SMITH:  Can I make one point and a question?  One point:  You did say that the burden is on the plaintiffs, and it is except on price impact.  The Supreme Court has flipped the burden to the defendants.  I just wanted to make that one clarification.

THE COURT:  Yes.  Your brief makes clear that there is a burden shifting, that the presumption shifts; nonetheless, the briefing schedule was set out by agreement, and the Court adopted it, and I will not alter it at this time.

MR. SMITH:  And the question:  To the extent that these expert reports due today, we believe, bear on the issues we've raised -- price impact and *Comcast* -- may we simply just attach those to a notice of filing so they'll be in the court record?

THE COURT:  Well, you can put them in the record.  I have no objection to that.  Whether or not they will bear -- they will have any relevance --

MR. SMITH:  I totally --

THE COURT:  -- to the decision on class certification as opposed to the merits as the plaintiffs purport them to be relative will be an issue for another day.

MR. SMITH:  Understood.  Thank you, Your Honor.

THE COURT:  Let me address the second issue that I raised at the outset, which is having moved the oral argument on

class certification to July 8th.  What is the position of the parties with regard to the final pretrial conference?  As you know, I inherited this case; it was reassigned to me.  There have been -- there was an initial scheduling order that, I think, followed the standard language of our scheduling orders in this court.  That has been updated, obviously, because we've changed the dates for certain matters.  I am not sure that a standard final pretrial conference prior to the resolution of summary judgment makes the most sense, and so I will hear from the parties whether or not you wish to simply set another date for the final pretrial conference and remain on the same schedule we had before, but, obviously, set it for a date after the resolution of class certification, or whether or not we want to suspend setting the final pretrial conference until the parties have set out a schedule for summary judgment.

MR. SMITH:  I'll let the plaintiffs speak first, but I think we have some thoughts.

MR. COQUIN:  Your Honor, I think --

THE COURT:  You can come to the podium.

MR. COQUIN:  Yes, Your Honor.

No strong preference, candidly, but I do think plaintiffs -- it makes more sense under the current situation to suspend the current pretrial conference and allow the parties to meet and confer on a reasonable summary judgment schedule that we can then share with the Court in an effort to have a summary

judgment schedule.

THE COURT:  Thank you.

Mr. Smith.

MR. SMITH:  We're in agreement on something, Your Honor.  That's what I was going to recommend.

THE COURT:  Well, I will accept that proposal, and I always like it when the lawyers can find ways to agree.  I will say that I'm not doing that in any way to suggest that we will not adhere to a schedule that moves this case forward.  And I will direct that you confer, come up with a summary judgment schedule, and that you be mindful of the length of time it will take to brief and resolve that issue, because I will want to promptly move forward.  This is a way, I think, of promoting some efficiency, because requiring you to prepare hundreds or thousands of exhibits and witness lists and all of the other things that are done in our usual final pretrial conference process seems premature to me until we've resolved the issues of class certification and, ultimately, potentially, summary judgment.  And so in this limited circumstance, I will suspend the final pretrial conference.  I will direct that, by Friday, you submit a joint proposal regarding briefing and oral argument for summary judgment on the understanding that class certification will be resolved promptly following the oral argument on July 8th.

MR. SMITH:  One thing I did want to just raise, and

we'll certainly confer about this:  If a class gets certified, of course, there has to be a -- a notice will have to be drafted, and it will have to be sent to the class.  There will have to be time for class members who wish to opt out to opt out, but we'll -- to the extent that bears on this schedule, we'll include that in our meet-and-confer discussions.

THE COURT:  That's fine, and your local counsels on both sides are familiar with the way we've done that here in the Eastern District of Virginia.

Have the parties consulted with Judge Brinkema as I recommended several months ago regarding settling?

MR. COQUIN:  The parties have not, Your Honor, though now that the Court is asking, the parties have scheduled a mediation for July 11th, where we hope the issue may be resolved.

And before -- just to have some clarity on the schedule, I know the Court set July 8th as the date for the hearing.  Mr. Hooker, who argued the motion to dismiss before you, has been out with COVID and, unfortunately, wasn't available today.  I would just like to check with him to make sure that he is available to do that hearing before the Court on class certification on that date.

THE COURT:  Yes.  Well, I will set it for July 8th.  You can certainly consult with him.  I would hope that he will be able to be available.  If not, there are many, many capable lawyers on the plaintiffs' side that I'm sure could argue.  And

if for some compelling reason, that I find hard to imagine, you'd like to discuss moving that date, I'd certainly consider it.  I don't want to inconvenience anyone, but at the same time, I do want to move things forward, and so the Court is moving this, and I take on that responsibility.  I'm sorry, but I do want to keep it as promptly as we can on July 8th.

MR. COQUIN:  Understood.  Thank you, Your Honor.

THE COURT:  Okay.  Well, I'm delighted to hear that you are making some efforts to think about an alternate resolution of this matter.  I think it's always a good practice for both sides to do so.  And if you've got private mediation, that's fine with me.  As I said the last time we were here, Judge Brinkema rarely agrees to mediate, and her willingness to do so is very fortunate for you-all.  To the extent you feel that would be helpful, you can certainly pursue that, but I'm not asking you to cancel or alter your plans if you have alternative arrangements that you're pursuing.  I was concerned that, perhaps, there was no discussion going on, so I'm reassured to know that you're making efforts in that direction.

Is there anything else I need to address this afternoon on this matter for the plaintiff?

MR. COQUIN:  No.

THE COURT:  For the defense?

MR. SMITH:  Not from the defendants, Your Honor.

THE COURT:  Thank you very much.

<u>CERTIFICATE OF REPORTER</u>

I hereby certify that the foregoing transcript is a true and accurate record of the stenographic proceedings in the above matter.


/s/ Diane Salters                      June 16, 2022
_____        _____
Diane Salters, CSR, RCR, RPR           Date
Official Court Reporter

*Diane Salters, B.S., CSR, RPR, RCR*
Official Court Reporter