# EXHIBIT 3

CONFIDENTIAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION
CASE NO.:  1:19-cv-01031-MSN-TCB

PLYMOUTH COUNTY RETIREMENT SYSTEM and
OKLAHOMA POLICE PENSION AND RETIREMENT
SYSTEM, Individually and On Behalf of All
Others Similarly Situated,

        Plaintiff(s),

-vs-

EVOLENT HEALTH, INC., FRANK WILLIAMS,
NICHOLAS MCGRANE and SETH BLACKLEY,
        Defendant(s).
_____/


                        Saxena White, PA
                        7777 Glades Road, Suite 300
                        Boca Raton, FL 33434

                        DATE:  Thursday, April 21, 2022
                        TIME:  9:48 a.m. - 12:47 p.m.

                C O N F I D E N T I A L
            VIDEO DEPOSITION OF REGINA SIGLER,
             CORPORATE REPRESENTATIVE 30(b)(6)




        Taken on behalf of the DEFENDANTS before
Jennifer L. Bush, RPR, FPR, FPR-C, Notary Public in and
for the State of Florida at Large, pursuant to Notice of
Taking Deposition in the above cause.

                                        Page 1

CONFIDENTIAL

Q.    At a high level, what did their alleged fraud entail?

A.    They took over a -- they invested in a company, and told the company's -- and -- and all the investors that they were going to save them all of this money.  And in fact, they reduced their salaries, their total salaries, by taking some of their employees and making them their own employees.

And then in return, they charged them exorbitant fees for the same people that they had employed -- that they took from the other company, they charged higher fees than what they were actually paying those employees.

Q.    So, who are the alleged victims of this fraud?

A.    Everyone who purchased stock during the time period of January 10, 2018, and May 28, 2019, and -- because they purchased those stocks at inflated rates.

Q.    You said earlier the defendants made false and misleading statements, right?

A.    Yes.

Q.    On what subjects were those false and misleading statements made?

A.    On the fact that they were actually saving

Page 22

CONFIDENTIAL

Passport money when, in fact, they were actually charging them more fees, which led to their demise.

Q.    When were these false statements made?

A.    One was January 10, 2018, one was 5/11/2018, one was 9/5/2018, one was 1/25/2019, one was 2/26/2019 and May 7, 2019.

Q.    In your view, was the falsity of these alleged misstatements revealed?

A.    Absolutely.

Q.    When?

A.    May 29, 2019.

Q.    How was the alleged -- how was the falsity of these alleged misstatements revealed?

A.    Because Mr. Frank Williams, who was the CEO of the company, had to come out and say that we, in fact, have to purchase 70 percent of Passport to keep it afloat.

Q.    Which court is this case pending in?

A.    In the Eastern District of Virginia.

Q.    Have you reviewed any orders issued by the District Court for the Eastern District of Virginia?

A.    Yes, I have.

Q.    Which ones?

A.    The ones where they were making their -- their orders on motions to dismiss, motions

Page 23

CONFIDENTIAL

to -- the second -- the -- more complaints, the first complaint, the second complaint, the third complaint, I've reviewed those.

Q.    How many complaints have Oklahoma filed in this case?

A.    We're working on our third amended complaint.

Q.    That's the current operative complaint?

A.    Yes, it is.

Q.    And why were the prior complaints amended?

A.    Because every time we filed a complaint, something came up to make the period either go longer or more evidence was found.  After the second one, another confidential witness came forward, and that's why we filed the third amendment.

MR. STARR:  Lauren, can you please promote Tab 2.  You guys can just let me know when that's up on your end.

MR. HOOKER:  I see it.

MR. STARR:  Does the stamp look correct?

MR. HOOKER:  Stamp is correct.

MR. STARR:  Okay.

(Defendants' Exhibit 502 is marked for Identification.)

BY MR. STARR:

Page 24

CONFIDENTIAL

Saxena in the event the System pursues a claim that was first identified by Saxena?

A.    Not necessarily.

Q.    Could you explain what you mean by that?

A.    As I said before, sometimes we use different -- different firms.  There are some times that we don't pursue cases that are brought to us.

Q.    If you elected to pursue a case that's identified by one of those firms -- excuse me, by Saxena White, are you obligated to retain Saxena White to represent you in connection with that claim?

A.    Not if we have multiple firms present the case.

Q.    So my question is:  If Saxena White is the first firm to bring a legal claim to your attention, and you elect to pursue that legal claim, are you required to hire Saxena White to represent you?

A.    No, I am not.

Q.    So the monitoring agreement has no obligation to retain a law firm that identifies the claim to you first?

A.    No.

Q.    With respect to the monitoring agreement with Cohen Milstein, again, at a high level, what are the terms of that agreement?

Page 74

CONFIDENTIAL

Do you see that?

A.    Yes, I do.

Q.    What has the System done to supervise the prosecution of this case?

A.    We have been informed and kept to date -- up to date on things that were happening with the case.  We were given examples of what was going to be filed, before they were filed, for us to review.  And we just have -- have been updated on a regular basis with the lead counsel.

Q.    And are you -- you are the person at the System who is responsible for doing that?

A.    Correct.

Q.    Do you share that responsibility with anybody?

A.    I do not.

Q.    If you go to about the fifth line down, the -- paragraph 115, still, it states that the lead plaintiff applicants, Plymouth County and the System, "plan on consulting with each other and with counsel regarding the prosecution of this lawsuit via telephone and e-mail."  It continues, "We also understand that some of these meetings may need to be conducted without counsel."

Did I read that correctly?

Page 101