# EXHIBIT 10

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION


**PLYMOUTH COUNTY RETIREMENT**          :
**SYSTEM, et al.**                      :
                                        :   Civil Action
                    **Plaintiffs,**     :   No. 1:19-cv-1031
                                        :
           **v.**                       :
                                        :   March 18, 2022
**EVOLENT HEALTH, INC., et**            :   10:00 a.m.
**al.,**                                :
                                        :
                                        :
                    **Defendants.**     :
                                        :

..............................


**TRANSCRIPT OF MOTION PROCEEDINGS**
**BEFORE THE HONORABLE MICHAEL S. NACHMANOFF,**
**UNITED STATES DISTRICT COURT JUDGE**

APPEARANCES:

For the Plaintiffs:          SAXENA WHITE, P.A.
                             JOSEPH E. WHITE, III, ESQ.
                             LESTER R. HOOKER, ESQ.
                             7777 Glades Road, Suite 300
                             Boca Raton, FL 33434

                             COHEN MILSTEIN SELLERS & TOLL, PLLC
                             STEVEN JEFFREY TOLL, ESQ.
                             DANIEL S. SOMMERS, ESQ.
                             1100 New York Avenue NW, Suite 500
                             West Tower
                             Washington, DC 20005

For the Defendants:          HIRSCHLER FLEISCHER, P.C.
                             ROBERT R. VIETH, ESQ.
                             8270 Greensboro Drive, Suite 700
                             Tysons Corner, VA 22102

                             KING & SPALDING, LLP
                             PAUL BESSETTE, ESQ.
                             JILL CARVALHO, ESQ.
                             500 W. 2nd Street, Suite 1800
                             Austin, TX 78701

statements are unnamed and ambiguous who they're referring to. The market clearly didn't know; the plaintiffs didn't know; and the reason they didn't know is because the 10-Ks for Evolent disclosed there are 35-plus clients; and, yes, Passport is a significant one, but there are three or four other significant clients.  In fact, in the same year of 2017, in the 10-K, Evolent discloses that three different plans accounted for 60 percent of Evolent's A.R., accounts receivable.  There were significant clients with significant revenues, and that statement in the slide deck, which doesn't reference Passport, is not corrected by or related back to by corrective disclosures about Passport, looking at 2018 and 2019.  They're just unrelated.  The same rationale that Judge Alston used doesn't apply here.

THE COURT:  Well, the plaintiff is correct that you're not disputing that those slide decks referring to the $100 million in savings, in fact, did refer to Passport; not that the word "Passport" was in the slide, but you're not making an argument that that $100 million was a reference to a different client, are you?

MR. BESSETTE:  Correct, I'm not making that argument, because as plaintiffs --

THE COURT:  And so it was a choice that was made by Evolent to not specify the client, for whatever reasons; for -- I don't know, I don't know what reasons there would be.

Presumably, there wouldn't have been negative repercussions to identifying their, you know, one of their best, most lucrative clients recognizing this savings as a result of work that Evolent did, right?

MR. BESSETTE:  Right.

THE COURT:  So it can't be that if this was knowingly false, that they knew that it wasn't realizing this savings and it was misleading the market, potentially, that you could avoid liability by simply saying risk partner generically as opposed to identifying the specific client in order to then later argue, well, no one could have relied on this.  Because the point of including it in the slide was to demonstrate that Evolent is a competent company that is helping healthcare companies realize savings by doing the things that they're doing, right?

MR. BESSETTE:  I would say no, Your Honor, that's not correct.  Here's the distinction, right:  Plaintiffs argue that the statement was false and they have other documents to suggest it was false.  And we can get into the weeds because it's not false.  They're pointing to different savings -- clinical, pharmacy -- that really aren't related to MLR/ALR, which is very specific in this statement.  But we don't want to get into a factual dispute, and we don't need to, because showing falsity is one element of a 10b-5 case.  So they have to plead, with specificity in this circuit, loss causation,

36

Mr. Williams had actual knowledge.  That's higher than scienter.  They've barely met scienter in the pleading.  This document, which is the only one Mr. Williams got, which the Court shouldn't consider anyway because it was amended -- it's, in effect, amending the third amended complaint by their opposition -- is not a smoking gun.  It doesn't show actual knowledge at all.

THE COURT:  I feel like we've wandered far away from the standard of Rule 59.

MR. BESSETTE:  With that, I submit, Your Honor.

THE COURT:  Thank you.

Well, this matter comes before the Court on defendant's partial motion to dismiss the third amended complaint; and as I noted at the outset, this case has a long history and there's been a lot written about it already by Judge Alston, and it has been very thoroughly briefed, and I've reviewed those briefs and listened carefully to the arguments of counsel, and I appreciate the care that everyone has taken.

I'm going to grant the motion in part and deny the motion in part.  I believe I understand the arguments on loss causation and materiality.  I do find that the risk partner statements are actionable and can go forward.  While it is true that Passport is not mentioned specifically, I do find, for purposes of the PSLRA, 9(b), and the pleading standards, that the plaintiffs have met their burden and that the January 2018

and May 2018 statements are sufficiently pled at this stage to go forward for purposes of this case.  I don't find the mere fact that Passport is not named, given all the other circumstances, to be dispositive; and I do find that there's a sufficient connection between the corrective statements and that information.

I will not revisit and overturn Judge Alston's decisions with regard to the other two sets of statements; in other words, I am going to dismiss and grant the motion to dismiss with regard to Blackley's statements.  I do not find that there's a basis under Rule 59, which I believe is the correct standard, to revisit Judge Alston's decision.  I understand the plaintiffs' arguments that these statements fall under the same categories with those recognized in other circumstances by Judge Alston.  I do not find that, by the stringent standard of manifest injustice or a clear error of law, that he erred, however, in dismissing those statements.

With regard to the third set of statements, I am not going to overturn his decision.  I'm going to let those matters go forward as actionable as he concluded; however, I will make the record clear that I've considered the arguments regarding the meaningful cautionary language and the information that he did not consider; and having looked at that language, I find that it is not specific enough, that it is too vague and overly broad, and not tailored to provide the safe harbor for those