EXHIBIT A-1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM and OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>EVOLENT HEALTH, INC., FRANK WILLIAMS, NICHOLAS MCGRANE, and SETH BLACKLEY,<br><br>Defendants. | Case No. 1:19-cv-01031-MSN-TCB |

**NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: All persons and entities who purchased or otherwise acquired publicly-traded common stock of Evolent Health, Inc. ("Evolent" or the "Company") between January 10, 2018 and May 28, 2019, inclusive (the "Settlement Class Period") and were damaged thereby.**

_**A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.**_

**NOTICE OF SETTLEMENT:**  This notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Virginia (the "Court").  Please be advised that the Court-appointed Lead Plaintiffs, Plymouth County Retirement Association and Oklahoma Police Pension and Retirement System (together, "Lead Plaintiffs" or "Plaintiffs"), on behalf of themselves and the Court-certified Settlement Class (as defined in the Stipulation and below), have reached a proposed settlement of the above-captioned securities class action (the "Action") for twenty-three million, five-hundred thousand dollars ($23,500,000.00) that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to**

**participate in the Settlement, please DO NOT contact Evolent, any other Defendants in the Action, or their counsel.  All questions should be directed to the Claims Administrator or Lead Counsel (*see* paragraph 82 below).**

1.      **Description of the Action and the Settlement Class**:  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that Defendants made false and misleading statements related to the partnership between Evolent and Passport Health Plan ("Passport"), a Kentucky non-profit Medicaid health insurance plan that was Evolent's largest client during the Settlement Class Period.[1] Defendants strongly deny these allegations.  A more detailed description of the Action is set forth in paragraphs 11-21 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 22 below.

2.      **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of twenty-three million, five-hundred thousand dollars ($23,500,000.00) (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (i.e., the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes and Tax Expenses, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, (d) any attorneys' fees awarded by the Court, and (e) any other Court-approved deductions) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.   The proposed plan of allocation (the "Plan of Allocation") is set forth in paragraphs 49-66 below.

3.      **Estimate of Average Amount of Recovery Per Share:**  Based on Lead Plaintiffs' damages expert's estimates of the number of shares of publicly-traded Evolent common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) per alleged damaged share (hereinafter the "damaged shares") is $0.43.  Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate.  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired and sold their publicly-traded Evolent common stock shares, and the total number and recognized loss amount of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein or such other plan of allocation as may be ordered by the Court.

4.      **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action.  Among other things, Defendants deny each and all the claims and contentions alleged

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated August 2, 2022 (the "Stipulation"), which is available at www.EvolentSecuritiesLitigation.com. The singular forms of nouns and pronouns include the plural and vice versa.

by Lead Plaintiffs in the Action and do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by Lead Plaintiffs or any members of the Settlement Class as a result of their alleged conduct.

5.     **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, who have been prosecuting the Action on a wholly contingent basis since its inception in August 2019, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.   Court-appointed Lead Counsel Saxena White P.A. ("Lead Counsel") will apply to the Court for an award of attorneys' fees on behalf of Plaintiffs' Counsel[2] in an amount not to exceed one-third (33⅓%) of the Settlement Fund.  In addition, Lead Plaintiffs will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims asserted against the Defendants, in an amount not to exceed $1,000,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class.[3]  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  Estimates of the average cost per damaged share of Evolent common stock, if the Court approves Lead Counsel's fee and expense application, is $0.16 per damaged share.

6.     **Identification of Attorneys' Representative:**  Lead Plaintiffs and the Settlement Class are represented by Lester R. Hooker, Esq. of Saxena White P.A., 7777 Glades Road, Suite 300, Boca Raton, FL 33434, (561) 206-6708, lhooker@saxenawhite.com.

7.     **Reasons for the Settlement:**  Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after further contested motions, a trial of the Action, and the likely appeals that would follow a trial.  This process could be expected to last several years.  Without admitting any wrongdoing or liability on their part whatsoever, Defendants are nevertheless willing to settle provided that all of the claims of the Settlement Class are settled and compromised, in order to avoid the continuing burden, expense, time, and uncertainty associated with further protracted litigation.  Before agreeing to the Settlement, Lead Counsel conducted extensive investigation and research into the merits of the Action. This investigation included consultation with experts concerning the amount of damages allegedly suffered by the Class; detailed review of Evolent's public filings, including SEC filings, press releases, and other public statements; deposing fact and expert witnesses; collecting from Defendants and reviewing

---

[2] As set forth in the Stipulation, in addition to Lead Counsel, Plaintiffs' Counsel also includes Court-appointed Liaison Counsel Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein"). Lead Counsel intends to distribute a portion of any Court-approved fee award it receives to Cohen Milstein commensurate with Cohen Milstein's time and efforts contributed to this litigation.

[3] If the requested fee is granted, it would represent a negative multiplier of Lead Counsel's professional investment in this action, meaning that the fee received would be less than the total value of the attorney and staff hours invested in the case.

more than 663,000 pages of documents; and researching the applicable law with respect to the claims asserted in the complaint filed in this Action and the potential defenses thereto.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED OR COMPLETED ONLINE NO LATER THAN _____, 202_.** | This is the only way to be potentially eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in paragraph 30 below) that you have against Defendants and the other Defendant Releasees (defined in paragraph 31 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 202_.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendant Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 202_.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON [____, 202_], AT __:___ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 202_.** | Filing a written objection and notice of intention to appear by _____, 202_, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

4

| **WHAT THIS NOTICE CONTAINS** | |
| --- | --- |
| Why Did I Get This Notice? | Page ___ |
| What Is This Case About? | Page ___ |
| How Do I Know If I Am Affected By The Settlement? | |
|    Who Is Included In The Settlement Class? | Page ___ |
| What Are Lead Plaintiffs' Reasons For The Settlement? | Page ___ |
| What Might Happen If There Were No Settlement? | Page ___ |
| How Are Settlement Class Members Affected By The Action | |
|   And The Settlement? | Page ___ |
| How Do I Participate In The Settlement?  What Do I Need To Do? | Page ___ |
| How Much Will My Payment Be? | Page ___ |
| What Payment Are The Attorneys For The Settlement Class Seeking? | |
|   How Will The Lawyers Be Paid? | Page ___ |
| What If I Do Not Want To Be A Member Of The Settlement Class? | |
|    How Do I Exclude Myself? | Page ___ |
| When And Where Will The Court Decide Whether To Approve The Settlement? | |
|   Do I Have To Come To The Hearing?  May I Speak At The Hearing If I | |
|   Don't Like The Settlement? | Page ___ |
| What If I Bought Shares On Someone Else's Behalf? | Page ___ |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? | Page ___ |

## WHY DID I GET THIS NOTICE?

8.     The Court directed that this Notice be mailed to you because you, someone in your family, or an investment account for which you serve as a custodian may have purchased or otherwise acquired publicly-traded Evolent common stock during the Settlement Class Period. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.     The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Plaintiffs for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").   See paragraph 73 below for details about the Settlement Hearing, including the date and location of the hearing.

10.   The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.   The initial securities class action complaint in the Action was filed in this District by Plymouth County Retirement Association on August 8, 2019, asserting claims of violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

12.   On November 12, 2019, the Court appointed Plymouth County Retirement Association and Oklahoma Police Pension and Retirement System as Lead Plaintiffs pursuant to the requirements of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and approved Lead Plaintiffs' selection of Saxena White P.A. as Lead Counsel and Cohen Milstein Sellers & Toll PLLC as Liaison Counsel.

13.   On January 10, 2020, Lead Plaintiffs filed their Amended Class Action Complaint (the "Amended Complaint"). On June 5, 2020, the Court granted Lead Plaintiffs' motion for leave to file the Second Amended Complaint ("SAC"). On March 24, 2021, the Court issued an order granting in part and denying in part Defendants' motion to dismiss the SAC.  On December 2, 2021, the Third Amended Complaint (the "Complaint" or "TAC") became the operative complaint in the Action when the Court granted Plaintiffs' motion for leave to amend the SAC.[4]

14.   The TAC alleged, among other things, that throughout the Settlement Class Period (as defined below), Defendants made false and misleading statements regarding the partnership between Evolent, a provider of technology-enable clinical and administrative services to health systems, and Passport, including: (1) statements about Evolent's purported cost savings for Passport; (2) statements that Evolent was providing services to Passport "at cost" or at a lower cost compared to prior periods; (3) statements that Evolent did not intend to purchase an ownership stake in Passport or its assets; and (4) statements that Evolent believed that Passport's financial condition was improving.  The TAC asserted that Defendants' alleged materially false and misleading statements and omissions artificially inflated Evolent's common stock price during the Settlement Class Period and that Evolent's common stock price declined substantially when the truth regarding Defendants' alleged misrepresentations was revealed.

15.   On December 22, 2021, Defendants filed their partial motion to dismiss the TAC. Lead Plaintiffs filed their opposition on January 28, 2022, and on February 10, 2022, Defendants filed their reply. After conducting a hearing on this partial motion to dismiss, the Court entered an order denying in part and granting in part Defendants' partial motion to dismiss.

---

[4] Christie Spencer and Steven Wigginton (together, "Former Defendants") were originally named as defendants in the Action, but Lead Plaintiffs opted not to name them as defendants in the TAC and did not continue to pursue claims against them.

16.    From September 2021 until December 2021 and then again from March 2022 through June 2022 (discovery was stayed temporarily from December 2021 to March 2022 pending briefing of Defendants' partial motion to dismiss the TAC), counsel for Lead Plaintiffs and Defendants engaged in extensive fact and expert discovery. Among other things, Defendants collected, reviewed, and produced on behalf of themselves, Passport, Molina Health Inc. (which later acquired Passport's assets), and Defendants' experts; and Lead Plaintiffs reviewed, approximately 61,000 documents spanning 663,000 pages. Lead Plaintiffs collected, reviewed, and produced, and Defendants reviewed, approximately 1,750 documents spanning 31,600 pages on behalf of Plaintiffs and their experts. Finally, the Parties reviewed nearly 8,500 documents spanning more than 90,000 pages from other third parties. Additionally, the Parties served and/or filed eleven expert reports in this Action. The Parties conducted a total of 23 depositions (including 6 expert depositions) in this Action between April 21, 2022 and June 28, 2022, which occurred remotely and/or in-person in Florida, Illinois, New York, Virginia, Washington, D.C., Kentucky, Texas, and Colorado.

17.    While discovery was underway again after the Court's March 18, 2022 order on Defendants' partial motion to dismiss the TAC, Lead Plaintiffs filed a renewed Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel and Liaison Counsel on April 8, 2022.  Defendants filed an opposition to this motion on May 20, 2022, and Plaintiffs filed their reply in further support of their motion for class certification on June 17, 2022.  On July 8, 2022, the Court conducted a hearing on Plaintiffs' motion for class certification and took the Parties' arguments under advisement. The Court had yet to issue a decision on Plaintiffs' motion for class certification when then Parties agreed to settle the Action in principle.

18.    After previously participating in a full-day, mediation session with Jed D. Melnick, Esq. serving as mediator on December 1, 2021 (at which the Parties were unable to resolve the Action), the Parties participated in second a full-day mediation on July 11, 2022, again with Mr. Melnick serving as mediator. At the conclusion of the mediation, the Parties reached an agreement in principle to settle the action for $23.5 million, subject to final approval of the appropriate board or management of the respective parties, and the execution of the Stipulation and related documents.

19.    Based on their investigation, discovery, prosecution, and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable, and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests.  Based on Lead Plaintiffs' oversight of the prosecution of this matter and with the advice of Lead Counsel, Plaintiffs have agreed to settle and release the claims alleged in the Complaint or otherwise raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; (b) the significant risks and costs of continued litigation and trial; and (c) the desirability of permitting the proposed Settlement to be consummated as provided by the terms of the Stipulation.

20.    The Stipulation and the Settlement constitute a compromise of matters that are in dispute among the Parties and shall not be in any way referred to for any reason against any of the Defendant Releasees or Plaintiff Releasees in any other civil, criminal, or administrative action

or proceeding. Defendants expressly deny that the claims asserted against them in the Action have merit, and deny any and all fault, liability, wrongdoing, or damages whatsoever arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action, and the Settlement and Stipulation shall in no event be construed or deemed to be evidence of or an admission, presumption, or concession on the part of any of the Defendants. The Stipulation and the Settlement also shall in no event be construed or deemed to be evidence of or an admission, presumption, or concession on the part of Lead Plaintiffs of an infirmity in any of the claims asserted in the Action, or an admission, presumption, or concession that any of the Defendants' defenses to liability had any merit.

21.   On _____, 2022, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider, among other things, whether to grant final approval to the Settlement.

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

22.   If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> All persons and entities who purchased or otherwise acquired publicly-traded Evolent common stock between January 10, 2018 and May 28, 2019, inclusive, and were damaged thereby.

Excluded from the Settlement Class are Defendants, the Officers and directors of Evolent at all relevant times, and Defendants' Related Persons.   Also excluded from the Settlement Class are those persons and entities who file valid and timely requests for exclusion in accordance with the Preliminary Approval Order.  See "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?" on page [  ] below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE POTENTIALLY ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED OR SUBMITTED ONLINE AT THE SETTLEMENT WEBSITE, www.EvolentSecuritiesLitigation.com, NO LATER THAN _____, 202_.**

### WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?

23.   Based upon their investigation and prosecution of the case, Lead Plaintiffs and Lead Counsel believed that the claims asserted in the Action have merit and that the evidence developed in discovery further supports those claims.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through further motion practice, trial, and appeals, as well as the very substantial risks they would face in

establishing liability and damages.   Lead Plaintiffs have also taken into account the uncertain outcome and risk of any litigation, especially in complex actions such as this Action, as well as the difficulties and delays of such litigation.   Lead Plaintiffs are also mindful of the inherent difficulties of proof associated with, and possible defenses to, the securities law violations asserted in the Action.   For example, among other things, Defendants likely would have asserted that their alleged misrepresentations were not materially false or misleading; were not made with the requisite state of mind to support the securities fraud claim alleged; and did not cause the losses attributed to them in the TAC. Even if these hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statements would be hotly contested.   Moreover, to achieve a recovery, Lead Plaintiffs would have to prevail at several stages – including, without limitation, class certification, summary judgment, and trial, and, if they prevailed on those, on the appeals that were likely to follow.   Thus, there were very significant risks attendant to the continued prosecution of the Action.

24.   In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class.   Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $23,500,000 (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after resolution summary judgment, trial, and appeals, possibly years in the future.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

25.   If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor any other members of the Settlement Class would recover anything from Defendants.   Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

26.   As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.   You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

27.   If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?" below.

28.   If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Plaintiffs' request for attorneys' fees and reimbursement of Litigation

Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

29.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims alleged in the TAC against the Defendant Releasees (as defined in paragraph 31 below) and will provide that, upon the Effective Date of the Settlement, Plaintiff Releasees (as defined in paragraph 36 below), shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, dismissed, and discharged each and every one of the Released Plaintiffs' Claims against the Defendants and the other Defendant Releasees, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any or all of the Released Plaintiffs' Claims against any of the Defendant Releasees, whether or not such Settlement Class Member executes and delivers a Proof of Claim Form, seeks or obtains a distribution from the Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to any aspect of the Stipulation or the Settlement, the Plan of Allocation, or Lead Plaintiffs' motion for an award of attorneys' fees or Litigation Expenses.  This release shall not apply to any Settlement Class Member who timely and properly excludes himself, herself, or itself from the Settlement Class.

30.    "Released Plaintiffs' Claims" means any and all claims, demands, losses, rights, liability, or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, matured or unmatured, direct, individual or representative, of every nature and description whatsoever, whether known or unknown, or based on federal, state, local, statutory, or common law or any other law, rule or regulation, (including the law of any jurisdiction outside the United States), that were or could have been asserted in the Action or could in the future be asserted in any forum, whether foreign or domestic, against Defendant Releasees by Class Representatives or any member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents in their capacity as such, which arise out of, are based upon, concern or relate in any way to (i) any of the allegations, facts, transactions, events, matters, occurrences, acts, disclosures, oral or written statements, representations, omissions, failures to act, filings, publications, disseminations, press releases, or presentations involved, related to, set forth, alleged or referred to in the Action; or (ii) the purchase, acquisition, holding, sale, or disposition of any publicly-traded Evolent common stock during the Settlement Class Period.  "Released Plaintiffs' Claims" shall not include any claims to enforce this Settlement, any claims asserted in a derivative action or ERISA action based on similar allegations, or any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted and approved by the Court.

31.    "Defendant Releasees" means each and all Defendants, Former Defendants, Defendants' Counsel, and their respective Related Persons.

32.    "Related Persons" means (i) with respect to Defendants, Defendants' Counsel, and each of their respective current and former, Officers, directors, agents, parents, affiliates, subsidiaries, insurers, reinsurers, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such; and (ii) with respect to the Individual Defendants and the Former

Defendants, their Immediate Family members, heirs, successors, executors, estates, administrators, attorneys, agents, accountants, insurers or reinsurers, personal representatives, trusts, community property, and any other entity in which any of them has a controlling interest, and as to such entities, each and all of their predecessors, successors, past, present or future parents, subsidiaries, affiliates, and each of their respective past or present officers, directors, shareholders, agents, partners, principals, members, employees, attorneys, advisors, trustees, auditors and accountants, insurers and reinsurers.

33.   "Unknown Claims" means (i) any Released Plaintiffs' Claims that Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and (ii) any Released Defendants' Claims that any Defendant or any other Defendant Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it might have affected his, her, or its settlement with and release, or might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Plaintiff Releasees and Defendant Releasees shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Releasees acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but they are notwithstanding this potential entering into the Stipulation and intend it to be a full, final, and permanent resolution of the matters at issue in this Action.  Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Plaintiff Releasees and Defendant Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

34.   The Judgment will also provide that, upon the Effective Date of the Settlement, Defendant Releasees, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in paragraph 35) against any of the Plaintiff Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

35.   "Released Defendants' Claims" means all claims, demands, losses, rights, liability, or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, matured or unmatured, direct, individual or representative, of every nature and

description whatsoever, whether known or unknown, or based on federal, state, local, statutory, or common law or any other law, rule or regulation, (including the law of any jurisdiction outside the United States), that were or could have been asserted in the Action or could in the future be asserted in any forum, whether foreign or domestic, against Plaintiff Releasees by Defendants, Former Defendants, or any member of Defendant Releasees, or their successors, assigns, executors, administrators, representatives, attorneys, and agents in their capacity as such, which arise out of, relate to, or are based upon, the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement and any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

36.   "Plaintiff Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, Plaintiffs' Counsel, and all other Settlement Class Members, as well as each of their respective current and former Officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

37.   The Judgment will also provide that, upon the Effective Date, to the extent allowed by law, the Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Settlement Class Member against any of the Defendant Releasees with respect to any Released Plaintiffs' Claim, or brought by a Defendant against any of the Plaintiff Releasees with respect to any Released Defendants' Claim.

38.   The Judgment shall, among other things, provide for the dismissal with prejudice of the Action against the Defendant Releasees, without costs to any Party or Related Persons except for the payments expressly provided for in the Stipulation.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

39.   To be potentially eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation postmarked or submitted online at the Settlement website, www.EvolentSecuritiesLitigation.com, no later than _____, 202_.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.EvolentSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 877-354-3840. Please retain all records of your ownership of and transactions in Evolent common stock, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

40.   At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

41.    Pursuant to the Settlement, Defendants shall pay or cause their insurers to pay twenty-three million, five-hundred thousand dollars ($23,500,000.00).  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any and all interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; (c) any attorneys' fees and Litigation Expenses awarded by the Court; and (d) other Court-approved deductions) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

42.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

43.    No Defendant Releasee or any person or entity that paid any portion of the Settlement Amount on Defendants' behalf is entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the Plan of Allocation.  In no instance shall any Defendant Releasee be required to pay any amount other than as expressly provided for in the Stipulation.

44.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

45.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked or submitted online at the Settlement website, www.EvolentSecuritiesLitigation.com, on or before _____, 202_, shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in paragraph 30) against the Defendant Releasees (as defined in paragraph 31) and will be forever barred and enjoined from commencing, instituting, prosecuting, or maintaining any of the Released Plaintiffs' Claims against any of the Defendant Releasees whether or not such Settlement Class Member submits a Claim Form.

46.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

47.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

48.    Only Settlement Class Members, i.e., persons or entities who purchased or otherwise acquired publicly-traded Evolent common stock during the Settlement Class Period, and were

damaged thereby, will be potentially eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  The only security that is included in the Settlement is publicly-traded Evolent common stock.

## PROPOSED PLAN OF ALLOCATION

49.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a proximate result of the alleged wrongdoing.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

50.    The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that Defendants' alleged false and misleading statements and material omissions proximately caused the price of Evolent common stock to be artificially inflated throughout the Settlement Class Period.  In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in Evolent common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces.

51.    In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of Evolent common stock.  In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period between January 10, 2018 and May 28, 2019, inclusive, which had the effect of artificially inflating the price of Evolent common stock.  Lead Plaintiffs further allege that corrective information was released to the market on February 15, 2019 and May 29, 2019, which removed the artificial inflation from the price of Evolent common stock on February 19, 2019 and May 29, 2019.

52.    Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of Evolent common stock at the time of purchase or acquisition and at the time of sale, or the difference between the actual purchase price and sale price. Accordingly, in order to have a Recognized Loss under the Plan of Allocation, a Settlement Class Member who or which purchased or otherwise acquired publicly-traded Evolent common stock during the Settlement Class Period must have held those shares through at least one of the dates where new corrective information was released to the market and partially removed the artificial inflation from the price of Evolent common stock.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

53.    Based on the formula stated below, a Recognized Loss Amount will be calculated for

each purchase or acquisition of shares of publicly traded Evolent common stock made in the United States that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

54.    For each share of publicly traded Evolent common stock purchased or otherwise acquired in the United States during the Settlement Class Period (i.e., during the period from January 10, 2018 through and including the close of trading on May 28, 2019), and:

     i.     sold before February 19, 2019, the Recognized Loss Amount will be $0.00.

     ii.     sold from February 19, 2019 through and including the close of trading on May 28, 2019, the Recognized Loss Amount will be ***the lesser of:*** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A below minus the amount of artificial inflation per share on the date of sale as stated in Table A below; or (ii) the purchase/acquisition price minus the sale price.

     iii.     sold from May 29, 2019 through and including the close of trading on August 26, 2019, the Recognized Loss Amount will be ***the least of:*** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A below; (ii) the purchase/acquisition price minus the average closing price between May 29, 2019 and the date of sale as stated in Table B below; or (iii) the purchase/acquisition price minus the sale price.

     iv.     held as of the close of trading on August 26, 2019, the Recognized Loss Amount will be ***the lesser of:*** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A below; or (ii) the purchase/acquisition price minus $7.70.[5]

## **ADDITIONAL PROVISIONS**

55.    **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to publicly-traded Evolent common stock.

---

[5] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Evolent common stock during the "90-day look-back period," May 29, 2019 through and including August 26, 2019.  The mean (average) closing price for Evolent common stock during this 90-day look-back period was $7.70.

56.   **FIFO Matching:** If a Settlement Class Member made more than one purchase/acquisition or sale of publicly-traded Evolent common stock during the Settlement Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis.  Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

57.   **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of Evolent common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Evolent common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Evolent common stock for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Evolent common stock unless (i) the donor or decedent purchased or otherwise acquired or sold Evolent common stock during the Settlement Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Evolent common stock.

58.   **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Evolent common stock.  The date of a "short sale" is deemed to be the date of sale of the Evolent common stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

59.   In the event that a Claimant has an opening short position in Evolent common stock, the earliest purchases or acquisitions of Evolent common stock during the Settlement Class Period will be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

60.   **Common Stock Purchased/Sold Through the Exercise of Options:** With respect to Evolent common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

61.   **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

62.   If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

63.   If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

64.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court, or as otherwise ordered by the Court.

65.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, any Parties' expert(s), Defendants, Defendants' Counsel, or any of the other Plaintiff Releasees or Defendant Releasees, or the Claims Administrator or any other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiffs, the Defendants and their respective counsel, and all other Defendant Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes, or any losses incurred in connection therewith.

66.    The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.EvolentSecuritiesLitigation.com.

## TABLE A

| Estimated Artificial Inflation with Respect to Transactions in Evolent Common Stock January 10, 2018 through May 28, 2019 | |
| --- | --- |
| Date Range | Artificial Inflation Per Share |
| January 10, 2018 – February 18, 2019 | $5.01 |

| February 19, 2019 – May 28, 2019 | $3.23 |
|---|---|

## TABLE B

| 90-Day Look-back Table for Evolent Common Stock Closing Price and Average Closing Price May 29, 2019 through August 26, 2019 |||||||
|---|---|---|---|---|---|---|
| **Date** | **Closing Price** | **Average Closing Price between May 29, 2019 and Date Shown** | | **Date** | **Closing Price** | **Average Closing Price between May 29, 2019 and Date Shown** |
| 5/29/2019 | $10.01 | $10.01 | | 7/15/2019 | $7.44 | $8.41 |
| 5/30/2019 | $10.69 | $10.35 | | 7/16/2019 | $7.46 | $8.39 |
| 5/31/2019 | $10.64 | $10.45 | | 7/17/2019 | $7.19 | $8.35 |
| 6/3/2019 | $10.63 | $10.49 | | 7/18/2019 | $7.01 | $8.31 |
| 6/4/2019 | $10.33 | $10.46 | | 7/19/2019 | $6.65 | $8.27 |
| 6/5/2019 | $10.24 | $10.42 | | 7/22/2019 | $6.45 | $8.22 |
| 6/6/2019 | $9.41 | $10.28 | | 7/23/2019 | $6.59 | $8.18 |
| 6/7/2019 | $8.90 | $10.11 | | 7/24/2019 | $6.85 | $8.15 |
| 6/10/2019 | $8.88 | $9.97 | | 7/25/2019 | $6.48 | $8.11 |
| 6/11/2019 | $8.83 | $9.86 | | 7/26/2019 | $6.74 | $8.07 |
| 6/12/2019 | $7.94 | $9.68 | | 7/29/2019 | $6.82 | $8.04 |
| 6/13/2019 | $8.44 | $9.58 | | 7/30/2019 | $6.91 | $8.02 |
| 6/14/2019 | $7.98 | $9.46 | | 7/31/2019 | $6.82 | $7.99 |
| 6/17/2019 | $8.07 | $9.36 | | 8/1/2019 | $6.38 | $7.96 |
| 6/18/2019 | $7.98 | $9.26 | | 8/2/2019 | $6.39 | $7.92 |
| 6/19/2019 | $7.99 | $9.19 | | 8/5/2019 | $6.12 | $7.89 |
| 6/20/2019 | $7.90 | $9.11 | | 8/6/2019 | $5.82 | $7.84 |
| 6/21/2019 | $8.41 | $9.07 | | 8/7/2019 | $6.69 | $7.82 |
| 6/24/2019 | $8.26 | $9.03 | | 8/8/2019 | $7.14 | $7.81 |
| 6/25/2019 | $7.74 | $8.96 | | 8/9/2019 | $7.17 | $7.79 |
| 6/26/2019 | $7.71 | $8.90 | | 8/12/2019 | $7.42 | $7.79 |
| 6/27/2019 | $7.87 | $8.86 | | 8/13/2019 | $7.12 | $7.78 |
| 6/28/2019 | $7.95 | $8.82 | | 8/14/2019 | $7.10 | $7.76 |
| 7/1/2019 | $7.83 | $8.78 | | 8/15/2019 | $6.98 | $7.75 |
| 7/2/2019 | $7.56 | $8.73 | | 8/16/2019 | $7.30 | $7.74 |
| 7/3/2019 | $7.64 | $8.69 | | 8/19/2019 | $7.41 | $7.74 |
| 7/5/2019 | $7.63 | $8.65 | | 8/20/2019 | $7.57 | $7.73 |
| 7/8/2019 | $7.34 | $8.60 | | 8/21/2019 | $7.31 | $7.73 |
| 7/9/2019 | $7.55 | $8.56 | | 8/22/2019 | $7.41 | $7.72 |
| 7/10/2019 | $7.26 | $8.52 | | 8/23/2019 | $7.02 | $7.71 |
| 7/11/2019 | $7.22 | $8.48 | | 8/26/2019 | $7.02 | $7.70 |

| 90-Day Look-back Table for Evolent Common Stock Closing Price and Average Closing Price May 29, 2019 through August 26, 2019 | | | | | | |
| Date | Closing Price | Average Closing Price between May 29, 2019 and Date Shown | | Date | Closing Price | Average Closing Price between May 29, 2019 and Date Shown |
| --- | --- | --- | --- | --- | --- | --- |
| 7/12/2019 | $7.36 | $8.44 | | | | |

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?
## HOW WILL THE LAWYERS BE PAID?

67.   Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.   Before final approval of the Settlement, Lead Plaintiffs will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed one-third (33⅓%) of the Settlement Fund.   At the same time, Lead Plaintiffs also intend to apply for reimbursement of Litigation Expenses in an amount not to exceed $1,000,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class.   The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.   Such sums as may be approved by the Court will be paid from the Settlement Fund.   Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

68.   Each Settlement Class Member will be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion from the Settlement Class, addressed to Evolent Securities Litigation, Exclusions, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217. The exclusion request must be received no later than _____, 2022.   You will not be able to exclude yourself from the Settlement Class after that date.   Each request for exclusion must (a) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Plymouth County Retirement System and Oklahoma Police Pension and Retirement System v. Evolent Health, Inc., et al.*, Case No. 1:19-cv-01031-MSN-TCB (E.D. Va.); (c) state the number of shares of publicly-traded Evolent common stock that the person or entity requesting exclusion purchased/acquired and

sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

69.   If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendant Releasees.

70.   If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

71.   Evolent has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Evolent as set forth in a confidential Supplemental Agreement.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

72.   Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.

73.   The Settlement Hearing will be held on [_____, 2022] at __:__ _.m., before the Honorable Michael S. Nachmanoff at the United States District Court for the Eastern District of Virginia, Albert V. Bryan United States Courthouse, 401 Courthouse Square, Courtroom 400, Alexandria, VA 22314.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Plaintiffs' motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing with such modification(s) as may be consented to by the Parties to the Stipulation and without further notice to the members of the Settlement Class.

74.   Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Plaintiffs' motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Eastern District of Virginia at the address set forth below on or before _____, 2022.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are received on or before _____, 2022.

| Clerk's Office | Lead Counsel | Defendants' Counsel |
|---|---|---|
| Albert V. Bryan | Saxena White P.A. | King & Spalding LLP |
| U.S. Courthouse | Lester R. Hooker, Esq. | Paul R. Bessette, Esq. |
| 401 Courthouse Square | 7777 Glades Road | 500 W. 2nd Street |
| Alexandria, VA 22314 | Suite 300 | Suite 1800 |
| | Boca Raton, FL 33434 | Austin, TX 78701 |

75.    Any objection (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of publicly-traded Evolent common stock that the objecting Settlement Class Member purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period, and must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement..  You may not object to the Settlement, the Plan of Allocation, or Lead Plaintiffs' motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

76.    You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

77.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Plaintiffs' request for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is received on or before _____, 2022.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

78.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in paragraph 74 above so that the notice is received on or before _____, 2022.

79.   The Court may adjourn the Settlement Hearing or any adjournment thereof without further written notice of any kind to the Settlement Class.  Settlement Class Members should check the Settlement website at www.EvolentSecuritiesLitigation.com, the Court's PACER site (defined in paragraph 82 below), or contact Lead Counsel at the address in paragraph 82 below.

80.   Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Plaintiffs' motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval of the Settlement.

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

81.   If you purchased or otherwise acquired publicly-traded Evolent common stock during the Settlement Class Period for the beneficial interest of persons or organizations other than yourself, you must either (a) within ten (10) business days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners, and within ten (10) business days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) *within ten (10) business days of receipt of this Notice, provide a list of the names and addresses (and e-mail addresses, if available) of all such beneficial owners to* Evolent Securities Litigation, c/o A.B. Data Ltd., P.O. Box 173032, Milwaukee, WI 53217.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may obtain reimbursement of their reasonable expenses incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the Settlement website maintained by the Claims Administrator, **www.EvolentSecuritiesLitigation.com, or by calling the Claims Administrator toll-free at 877-354-3840.**

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

82.   This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which are available by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.vaed.uscourts.gov/, or by visiting the Office of the Clerk, United States District Court for the Eastern District of Virginia, Albert V. Bryan United States Courthouse, 401 Courthouse Square, Alexandria, VA 22314 during regular office hours.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the Settlement website maintained by the Claims Administrator, www.EvolentSecuritiesLitigation.com.

Inquiries, other than requests for the Notice and Claim Form, should be made directed to:

*Evolent Health Securities Litigation*
c/o A.B. Data, Ltd.
PO Box 173032

Milwaukee, WI 53217
www.EvolentSecuritiesLitigation.com
Info@EvolentSecuritiesLitigation.com

and/or

SAXENA WHITE P.A.
Lester R. Hooker, Esq.
7777 Glades Rd., Suite 300
Boca Raton, FL 33434
(561) 206-6708
lhooker@saxenawhite.com


**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2022

By Order of the Court
United States District Court
Eastern District of Virginia