# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM and OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> EVOLENT HEALTH, INC., FRANK WILLIAMS, NICHOLAS MCGRANE, and SETH BLACKLEY, <br><br> Defendants. | Case No. 1:19-cv-01031-MSN-WEF |

**DECLARATION OF TIMOTHY J. SMYTH IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, PLAN OF ALLOCATION AND REQUEST FOR ATTORNEYS' FEES AND EXPENSES**

I, Timothy J. Smyth, hereby declare under penalty of perjury as follows:

1.      I am the Executive Director for the Plymouth County Retirement Association ("Plymouth County" or "PCRA"), which, along with the Oklahoma Police Pension and Retirement System ("Oklahoma Police"), are the Court-appointed Lead Plaintiffs in this Action.[1] I have served in my position as Executive Director since July 2022.  I submit this declaration on behalf of

---

[1] Unless otherwise indicated, capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement, dated August 2, 2022 (ECF No. 245) (the "Settlement Agreement" or "Stipulation").

1

Plymouth County in support of Lead Plaintiffs' Motion for Final Approval of Class Action Settlement, Plan of Allocation and Request for Attorneys' Fees and Expenses.

2.      Plymouth County is aware of and understands the requirements and responsibilities of a lead plaintiff in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA").  PCRA has been directly involved in monitoring and overseeing the prosecution of the Action (primarily through my work and that of Plymouth County's former Executive Director David Sullivan), as well as the negotiations leading to the Settlement, and could and would produce a PCRA representative to testify competently thereto. Attached to this declaration as Exhibit 1 is a declaration by Mr. Sullivan attesting to the hours that he expended in assisting the Class in prosecuting this Action.  I incorporated the information sworn to by Mr. Sullivan about his time expended to my tallies of the total time expended by Plymouth County in this Action in the sections below.

## I.      **Plymouth County's Oversight of the Action**

3.      Plymouth County is a public pension system based in Plymouth, Massachusetts and organized for the benefit of current and retired municipal and county employees of the county.  As of April 2022, Plymouth County had approximately 11,500 active and retired members and their beneficiaries, and approximately $1.3 billion in assets under management.

4.      Plymouth County purchased Evolent common stock during the Settlement Class Period and suffered substantial losses as a result.  Plymouth County is accustomed to serving as a fiduciary and believes that its active participation in appropriate litigation, such as this Action, is necessary to protect the interest of its pension fund participants.

5.      Plymouth County's understanding of the responsibilities and fiduciary duties involved in securities class action litigation and settlements is informed by Plymouth County's

experience serving as a lead plaintiff in other securities class actions, including with other institutional investors. Notably, Plymouth County's achievements in securities class actions include *Plymouth County Ret. Sys. v. Patterson Co., Inc.,* No. 18-cv-99871 (D. Minn.) ($63 million settlement); *Medoff v. CVS Caremark Corp.*, No. 09-cv-00554 (D.R.I.) ($48 million settlement); *In re Carter's Inc. Sec. Litig.*, No. 08-cv-02940 (N.D. Ga.) ($23.3 million recovery); *In re Aqua Metals, Inc. Sec. Litig.*, No. 17-cv-07142 (N.D. Cal.) ($7 million settlement).

6.      One of Mr. Sullivan's former responsibilities (and now my own) as Executive Director involved overseeing litigation brought by Plymouth County, including with respect to this Action, which included monitoring Plymouth County's selected counsel for litigation, participating in the collection of documents on behalf of Plymouth County, serving as the designated representative for the deposition of Plymouth County, and participating in strategic decision making and settlement approval.

7.      On behalf of Plymouth County, I, Mr. Sullivan, and our colleagues had regular communications with Court-appointed Lead Counsel Saxena White P.A. ("Saxena White"). Plymouth County, through the active and continuous involvement by Mr. Sullivan, me, and our colleagues, as detailed below, closely supervised and participated in all material aspects of the prosecution of the Action.

8.      Plymouth County received regular status reports from Saxena White on case developments and participated in regular discussions with attorneys from Saxena White concerning the prosecution of the Action, the strengths of and risks to the claims, and the Settlement.

9.      In particular, throughout the course of this Action, I, Mr. Sullivan, and other PCRA representatives coordinated with Lead Counsel about, and participated in, the following events:

**a)** **Initiating the Action**. Plymouth County demonstrated its commitment to vigorously prosecuting this Action by investigating the claims asserted and deciding to file the initial complaint and thereby commence the Action. In connection with filing the initial complaint, Mr. Sullivan reviewed certain materials provided by Saxena White—including, among other documents, a draft of the initial complaint and Plymouth County's PSLRA certification—and communicated with Saxena White. In total, Mr. Sullivan devoted approximately 3.5 hours in connection with commencing this Action.

**b)** **Lead Plaintiff Appointment Process**. In connection with the Court's appointment of Plymouth County as a Lead Plaintiff (along with Oklahoma Police), Mr. Sullivan reviewed Plymouth County's lead plaintiff application, communicated with Saxena White and Oklahoma Police regarding the co-lead plaintiff application, participated in a joint conference call with Saxena White and Oklahoma Police, and executed a joint declaration detailing Lead Plaintiffs' commitment to efficiently and effectively litigating the Class's claims under our supervision. In total, Mr. Sullivan devoted approximately 6 hours in connection with the lead plaintiff appointment process.

**c)** **Significant Pleadings and Briefs**. Mr. Sullivan and our colleagues at Plymouth County reviewed and commented on drafts of the amended complaints filed in the Action, the oppositions to Defendants' motions to dismiss, the motion for class certification, and other key filings throughout the litigation. Mr. Sullivan contributed his perspective as a representative of Plymouth County, an Evolent shareholder during the Class Period, to help ensure the Class's best interests were reflected in Lead Counsel's litigation strategy and legal arguments. In total, Mr. Sullivan devoted approximately 29.5 hours reviewing and commenting on significant pleadings and briefs.

4

**d)**    **Discovery.** During the course of discovery in the Action, Mr. Sullivan and our colleagues conferred with Saxena White attorneys regarding Lead Plaintiffs' Rule 26(a) initial disclosures and reviewed the disclosures before they were served on Defendants. Additionally, Mr. Sullivan and other PCRA representatives sought, reviewed, and addressed follow-up issues relating to potentially relevant and discoverable Plymouth County documents and data. Mr. Sullivan and PCRA representatives also had regular discussions with, and received regular updates from, Saxena White regarding the overall discovery efforts in the litigation. Those efforts included discussing discovery requests, interrogatories, discovery disputes, document production, case scheduling, and case strategy. In addition, Mr. Sullivan was deposed in connection with Lead Plaintiffs' motion for class certification. In advance of his deposition, he reviewed several pleadings and other materials concerning the Action and participated in multiple meetings with counsel to prepare for his deposition. Mr. Sullivan also attended remotely the deposition of Defendant Williams. In total, Mr. Sullivan devoted approximately 43.25 hours to discovery efforts in this Action, including preparation for Mr. Sullivan's deposition, as well as his attendance at and travel to and from his deposition.

**e)**    **Settlement Negotiations.** Plymouth County oversaw the extensive settlement negotiations in this Action. Mr. Sullivan and our colleagues conferred with Saxena White regarding the Parties' respective positions on the facts and the law in connection with mediation. Further, PCRA representatives, including myself, evaluated and approved the proposed Settlement. In total, Mr. Sullivan and I devoted approximately 7.5 hours to mediation and related efforts to settle this Action.

**f)**    **Total.** Throughout the prosecution of the Action, Plymouth County was represented and supported by myself, Mr. Sullivan, and other PCRA representatives.  In total, Mr. Sullivan and I devoted approximately 89.75 hours in support of Plymouth County's efforts in furtherance of the prosecution of this Action and to achieve this recovery on behalf of Evolent shareholders during the Settlement Class Period.[2]

## II.    Plymouth County Strongly Endorses Approval of the Settlement

10.    Based on its participation throughout the prosecution and resolution of the claims in the Action, Plymouth County believes that the proposed Settlement is fair, reasonable, and adequate to the Settlement Class.  The Settlement provides an excellent recovery for the Settlement Class, particularly in light of the risks of continued litigation.

11.    The prosecution and settlement of this Action required extensive efforts on the part of Lead Plaintiff (along with co-Lead Plaintiff, Oklahoma Police) and Lead Counsel, particularly given the complexity of the legal and factual issues and the vigorous defense by Defendants and their counsel.  The risk of no recovery was very real here, and there was no guarantee that the entirety of Lead Plaintiffs' claims would survive class certification or the anticipated motion for summary judgment, much less succeed at trial or the inevitable appellate practice.

12.    Plymouth County strongly endorses the Settlement as it provides a certain, immediate, and substantial cash recovery for the Settlement Class.  Plymouth County firmly believes that settling the Action with Defendants at this stage of the litigation is in the best interest of the Settlement Class.

---

[2] While Plymouth County devoted a significant amount of time to this Action, our request for reimbursement of costs is based on a very conservative estimate of the amount of time we collectively, including Mr. Sullivan, spent on this litigation as supported by our and Saxena White's records. We also have not included the time of any Plymouth County employee, other than mine and that of Mr. Sullivan, in this reimbursement request.

### III.    Approval of the Attorneys' Fee Request and Reimbursement of Litigation Expenses

13.    Plymouth County believes that the request for an award of attorneys' fees in the amount of one-third of the Settlement Fund is fair and reasonable in light of the exceptional work that Plaintiffs' Counsel performed on behalf of the Settlement Class.  A one-third award is particularly appropriate here because of the highly complex issues involved, the extraordinary investment of time and resources, the remarkable result achieved, the approval of the Settlement Class, and the significant risks in the litigation.

14.    The fee percentage requested is consistent with the retainer agreement that Plymouth County entered into with Lead Counsel that provided that Saxena White shall seek no more than one-third of any settlement as its fee, subject to Court approval.  After the agreement to settle the Action was reached, PCRA again evaluated Plaintiffs' Counsel's proposed one-third fee request by considering the substantial recovery obtained for the Settlement Class in this Action and authorized the requested one-third fee award to the Court for its ultimate determination.

15.    PCRA takes seriously its role as a Lead Plaintiff to ensure that attorneys' fees are fair in light of the result achieved for the Settlement Class and to reasonably compensate Lead Counsel for the work involved and the substantial risks Lead Counsel undertook in litigating the Action.

16.    Plymouth County further believes that the Litigation Expenses being requested for reimbursement to Plaintiffs' Counsel are reasonable, and represent costs and expenses necessary for the initiation, prosecution, and resolution of the claims in the Action.  Based on the foregoing, Plymouth County fully supports the request for attorneys' fees and expenses.

IV.    **Plymouth County's Representative Reimbursement**

17.    Plymouth County understands that reimbursement of a class representative's reasonable costs and expenses is authorized under the PSLRA, 15 U.S.C. § 78u-4(a)(4), which provides for an "award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of a class." For this reason, in connection with Plaintiffs' Counsel's request for reimbursement of Litigation Expenses, Plymouth County seeks reimbursement for the costs and expenses that it incurred directly related to its representation of the Settlement Class in the Action.

18.    Plymouth County respectfully submits that its significant oversight of counsel in this Action, its active participation in all aspects of the litigation and resolution of the case, and the time Plymouth County's representatives devoted to pursuing claims on behalf of the Settlement Class helped to achieve this Settlement and justifies this request.

19.    The time that I, Mr. Sullivan, and other staff members of Plymouth County devoted to pursuing the Settlement Class's interests in this Action was time we otherwise would have devoted to other work for Plymouth County, and thus represents a direct cost to Plymouth County. As detailed above, I and Mr. Sullivan devoted approximately 89.75 hours to this Action. Applying an hourly billing rate of $81.73 for our time, Plymouth County has incurred costs of $7,335.27, for which it respectfully requests reimbursement.[3]

---

[3] The hourly rate used for purposes of this request are based on my and Mr. Sullivan's annual salaries.

8

## V.    Conclusion

In light of the foregoing facts, Plymouth County respectfully submits that the Court should grant Lead Plaintiffs' Motion for Final Approval of Class Action Settlement, Plan of Allocation and Request for Attorneys' Fees and Expenses and approve the request to award Plymouth County a representative reimbursement of $7,335.27 for its costs in connection with the prosecution of this Action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this the 13th day of October, 2022.

Timothy J. Smyth
Executive Director

*On behalf of the Plymouth County Retirement Association*

9

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM and OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>EVOLENT HEALTH, INC., FRANK WILLIAMS, NICHOLAS MCGRANE, and SETH BLACKLEY,<br><br>Defendants. | Case No. 1:19-cv-01031-MSN-WEF<br><br>EXHIBIT 1<br><br>DECLARATION OF DAVID SULLIVAN |

I, David Sullivan, hereby declare under penalty of perjury as follows:

1.      I served as Executive Director for the Plymouth County Retirement Association ("Plymouth County" or "PCRA") at all relevant times during the litigation, until my retirement in July 2022.  Plymouth County, along with the Oklahoma Police Pension and Retirement System ("Oklahoma Police"), are the Court-appointed Lead Plaintiffs in this Action.[1]  My statements herein are submitted in support of the Declaration of Timothy J. Smyth in Support of Lead Plaintiffs' Motion for Final Approval of Class Action Settlement, Plan of Allocation and Request for Attorneys' Fees and Expenses ("Smyth Declaration").  I have personal knowledge of the matters set forth herein, and I could and would testify competently thereto.

---

[1] Unless otherwise indicated, capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement, dated August 2, 2022 (ECF No. 245) (the "Settlement Agreement" or "Stipulation").

1

**I.**      **My Role in Plymouth County's Oversight of the Action**

2.      One of my former responsibilities as Executive Director involved overseeing litigation brought by Plymouth County, including with respect to this Action, which included monitoring Plymouth County's selected counsel for litigation, coordinating with PCRA staff throughout the discovery process, including in the collection of documents on behalf of Plymouth County, serving as the designated representative for the deposition of Plymouth County, and participating in strategic decision making and settlement approval.

3.      On behalf of Plymouth County, I and my colleagues had regular communications with Court-appointed Lead Counsel Saxena White P.A. ("Saxena White"). Plymouth County, through the active and continuous involvement by me and my colleagues, as detailed below and in the Smyth Declaration, closely supervised and participated in all material aspects of the prosecution of the Action.

4.      Plymouth County received regular status reports from Saxena White on case developments and participated in regular discussions with attorneys from Saxena White concerning the prosecution of the Action, the strengths of and risks to the claims, and the Settlement.

5.      In particular, throughout the course of this Action, I participated in the following case events:

a)      **Initiating the Action**. In connection with filing the initial complaint, I reviewed certain materials provided by Saxena White—including, among other documents, a draft of the initial complaint and Plymouth County's PSLRA certification— and communicated with Saxena White. In total, I devoted approximately 3.5 hours in connection with commencing this Action.

2

**b)**    **Lead Plaintiff Appointment Process**.  In connection with the Court's appointment of Plymouth County as a Lead Plaintiff (along with Oklahoma Police), I reviewed Plymouth County's lead plaintiff application, communicated with Saxena White and Oklahoma Police regarding the co-lead plaintiff application, participated in a joint conference call with Saxena White and Oklahoma Police, and executed a joint declaration detailing Lead Plaintiffs' commitment to efficiently and effectively litigating the Class's claims under our supervision. In total, I devoted approximately 6 hours in connection with the lead plaintiff appointment process.

**c)**    **Significant Pleadings and Briefs.**  I and my PCRA colleagues reviewed and commented on drafts of the amended complaints, the oppositions to Defendants' motions to dismiss, the motion for class certification, and other key filings throughout the litigation.  I contributed my perspective as a representative of Plymouth County, an Evolent shareholder during the Class Period, to help ensure the Class's best interests were reflected in Lead Counsel's litigation strategy and legal arguments.  In total, I devoted approximately 29.5 hours reviewing and commenting on significant pleadings and briefs.

**d)**    **Discovery.**  During the course of discovery in the Action, I and my PCRA colleagues conferred with Saxena White attorneys regarding Lead Plaintiffs' Rule 26(a) initial disclosures and reviewed the disclosures before they were served on Defendants. Additionally, I and other Plymouth County representatives sought, reviewed, and addressed follow-up issues relating to potentially relevant and discoverable Plymouth County documents and data.  I and other Plymouth County representatives also had regular discussions with, and received regular updates from, Saxena White regarding the overall discovery efforts in the litigation.  Those efforts included discussing discovery requests,

3

interrogatories, discovery disputes, document production, case scheduling, and case strategy. In addition, I was deposed in connection with Lead Plaintiffs' motion for class certification. In advance of my deposition, I reviewed several pleadings and other materials concerning the Action and participated in multiple meetings with counsel to prepare for my deposition. I also attended remotely the deposition of Defendant Williams. In total, I devoted approximately 43.25 hours to the discovery efforts in this Action, including preparation for my deposition, as well as my attendance at and travel to and from my deposition.

e) **Settlement Negotiations.** I and my PCRA colleagues oversaw the extensive settlement negotiations in this Action. I and my colleagues conferred with Saxena White regarding the Parties' respective positions on the facts and the law in connection with mediation. Further, I and my colleagues evaluated and approved the proposed Settlement. In total, I devoted approximately 1.5 hours to mediation and related efforts to settle this Action.

f) **Total.** Throughout the prosecution of the Action, Plymouth County was represented and supported by myself, the current Executive Director, Timothy J. Smyth, and other Plan representatives. In total, I devoted approximately 83.75 hours in support of Plymouth County's efforts in furtherance of the prosecution of this Action and to achieve this outstanding recovery on behalf of Evolent shareholders during the Class Period.[2]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

---

[2] While I devoted a significant amount of time to this Action, the time that I have attested to is a very conservative estimate of the amount of time that I spent on this litigation as supported by Plymouth County's and Saxena White's records.

4

Executed this 6th day of October, 2022.

David Sullivan
Former Executive Director
Plymouth County Retirement Association