# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM and OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>EVOLENT HEALTH, INC., FRANK WILLIAMS, NICHOLAS MCGRANE, and SETH BLACKLEY,<br><br>Defendants. | Case No. 1:19-cv-01031-MSN-WEF |

**DECLARATION OF REGINA SIGLER IN SUPPORT OF LEAD PLAINTIFFS'
MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, PLAN OF
ALLOCATION AND REQUEST FOR ATTORNEYS' FEES AND EXPENSES**

I, Regina Sigler, hereby declare under penalty of perjury as follows:

1.     I am the Executive Director for the Oklahoma Police Pension and Retirement System ("Oklahoma Police" or "OPPRS"), which, along with the Plymouth County Retirement Association ("Plymouth County"), are the Court-appointed Lead Plaintiffs in this Action.[1] I have served in my position as Executive Director since September 2018. I submit this declaration on

_____

[1] Unless otherwise indicated, capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement, dated August 2, 2022 (ECF No. 245) (the "Settlement Agreement" or "Stipulation").

behalf of Oklahoma Police and in support of Lead Plaintiffs' Motion for Final Approval of Class Action Settlement, Plan of Allocation and Request for Attorneys' Fees and Expenses.

2.      I am aware of and understand the requirements and responsibilities of a Lead Plaintiff in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA"). I have personal knowledge of the matters set forth in this Declaration as I have been directly involved in monitoring and overseeing the prosecution of the Action, as well as the negotiations leading to the Settlement, and I could and would testify competently thereto.

## I.      Oklahoma Police's Oversight of the Action

3.      Oklahoma Police is a public pension system organized for retirement benefits and related benefits for qualified police officers and their beneficiaries in the state of Oklahoma. As of June 30, 2021, Oklahoma Police had over 8,800 active and retirees, and as of August 31, 2022, Oklahoma Police had approximately $3 billion in assets under management.

4.      Oklahoma Police purchased Evolent common stock during the Settlement Class Period and suffered substantial losses as a result. Oklahoma Police is accustomed to serving as a fiduciary, and believes that its active participation in appropriate litigation, such as this Action, is necessary to protect the interest of its pension fund participants.

5.      Oklahoma Police's understanding of the responsibilities and fiduciary duties involved in securities class action litigation and settlements is informed by Oklahoma Police's experience serving as a lead plaintiff in other securities class actions, including with other institutional investors. Notably, Oklahoma Police's achievements in securities class actions include *Ross v. Career Ed. Corp.*, No. 12-cv-276 (N.D. Ill.) ($27.5 million settlement); *Weston v. RCS Capital Corp.*, No. 14-cv-10136 (S.D.N.Y.) ($31 million settlement); *In re Am. Home*

*Mortgage Sec. Litig.*, No. 07-MD-1898 (E.D.N.Y.) ($37.25 million settlement); *Avila v. LifeLock, Inc.*, No. 2:15-cv-01398 (D. Ariz.) ($20 million settlement); *Milbeck v. TrueCar, Inc.*, No. 18-cv-2612 (C.D. Cal.) ($28.25 million settlement); and *Logan v. ProPetro Holding Corp.*, No. 19-cv-00217 (W.D. Tex.) ($30 million settlement preliminarily approved).

6.      One of my responsibilities as Executive Director involves overseeing litigation brought by Oklahoma Police, including with respect to this Action, which included monitoring Oklahoma Police's selected outside counsel for litigation, participating in the collection of documents on behalf of Oklahoma Police, serving as the designated representative for the deposition of Oklahoma Police, and participating in strategic decision making and settlement approval.

7.      On behalf of Oklahoma Police, I had regular communications with Court-appointed Lead Counsel Saxena White P.A. ("Saxena White").  Oklahoma Police, through the active and continuous involvement by me and my colleagues, as detailed below, closely supervised and participated in all material aspects of the prosecution of the Action.

8.      Oklahoma Police received regular status reports from Saxena White on case developments and participated in regular discussions with attorneys from Saxena White concerning the prosecution of the Action, the strengths of and risks to the claims, and the Settlement.

9.      In particular, throughout the course of this Action, I, or others on behalf of Oklahoma Police, coordinated with Lead Counsel about, and participated in, the following case events:

a)      **Evaluating the Action**.   In connection with the initial evaluation of the merits of the Action, I and representatives of Oklahoma Police reviewed certain materials

3

provided by Saxena White—including, among other documents, the filed initial complaint—and communicated with Saxena White. In total, I devoted approximately 2 hours in connection with evaluating the merits of this Action.

b) **Lead Plaintiff Appointment Process**. In connection with the Court's appointment of Oklahoma Police as a Lead Plaintiff (along with Plymouth County), I and Oklahoma Police representatives communicated with Saxena White and Plymouth County regarding the lead plaintiff application, participated in a joint conference call with Saxena White and Plymouth County, and executed a joint declaration detailing Lead Plaintiffs' commitment to efficiently and effectively litigating the Class's claims under our supervision. In total, I devoted approximately 6 hours in connection with the lead plaintiff appointment process.

c) **Significant Pleadings and Briefs**. Either I or representatives of Oklahoma Police and Saxena White reviewed and commented on drafts of the amended complaints filed in the Action, the oppositions to Defendants' motions to dismiss, the motion for class certification, and other key filings throughout the litigation. I contributed my perspective as a representative of Oklahoma Police, an Evolent shareholder during the Class Period, to help ensure the Class's best interests were reflected in Lead Counsel's litigation strategy and legal arguments. In total, I devoted approximately 30 hours to reviewing and commenting on significant pleadings and briefs.

d) **Discovery.** During the course of discovery in the Action, I and Oklahoma Police representatives conferred with Saxena White attorneys regarding Lead Plaintiffs' Rule 26(a) initial disclosures and reviewed the disclosures before they were served on Defendants. Additionally, I and other Oklahoma Police representatives sought, reviewed,

4

and addressed follow-up issues relating to potentially relevant and discoverable Oklahoma Police documents and data. I and other Oklahoma Police representatives also had regular discussions with, and received regular updates from, Saxena White regarding the overall discovery efforts in the litigation. Those efforts included discussing discovery requests, interrogatories, discovery disputes, document production, case scheduling, and case strategy. Additionally, I was deposed in connection with Lead Plaintiffs' motion for class certification. In advance of my deposition, I reviewed several pleadings and other materials concerning the Action and participated in multiple meetings with counsel to prepare for my deposition. In total, I devoted approximately 49.5 hours to the discovery efforts in this Action, including the preparation for my deposition, as well as attendance at and travel to and from my deposition.

e)    **Settlement Negotiations.**    Oklahoma Police oversaw the extensive settlement negotiations in this Action. OPPRS representatives conferred with Saxena White regarding the Parties' respective positions on the facts and the law in connection with mediation. Further, Oklahoma Police representatives evaluated and approved the proposed Settlement. In total, I devoted approximately 7.5 hours to mediation and related efforts to settle this Action.

f)    **Total.**    Throughout the prosecution of the Action, Oklahoma Police was represented and supported by myself and other OPPRS representatives. In total, I devoted approximately 95 hours in support of Oklahoma Police's efforts in furtherance of the

prosecution of this Action and to achieve this recovery on behalf of Evolent shareholders during the Class Period.[2]

## II.    Oklahoma Police Strongly Endorses Approval of the Settlement

10.    Based on its participation throughout the prosecution and resolution of the claims in the Action, Oklahoma Police believes that the proposed Settlement is fair, reasonable, and adequate to the Settlement Class. The Settlement provides an excellent recovery for the Settlement Class, particularly in light of the risks of continued litigation.

11.    The prosecution and settlement of this Action required extensive efforts on the part of Lead Plaintiff (along with co-Lead Plaintiff Plymouth County) and Lead Counsel, particularly given the complexity of the legal and factual issues and the vigorous defense by Defendants and their counsel. The risk of no recovery was very real here, and there was no guarantee that the entirety of Lead Plaintiffs' claims would survive class certification or the anticipated motion for summary judgment, much less succeed at trial or the inevitable appellate practice.

12.    Oklahoma Police strongly endorses the Settlement as it provides a certain, immediate, and substantial cash recovery for the Settlement Class. Oklahoma Police firmly believes that settling the Action with Defendants at this stage of the litigation is in the best interest of the Settlement Class.

## III.    Approval of the Attorneys' Fee Request and Reimbursement of Litigation Expenses

13.    Oklahoma Police believes that the request for an award of attorneys' fees in the amount of one-third of the Settlement Fund is fair and reasonable in light of the exceptional work

---

[2] While Oklahoma Police devoted a significant amount of time to this Action, our request for reimbursement of costs is based on a conservative estimate of the amount of time we collectively spent on this litigation as supported by our and Saxena White's records. We also have not included time of OPPRS employees, other than mine, in this reimbursement request.

that Plaintiffs' Counsel performed on behalf of the Settlement Class. A one-third award is particularly appropriate here because of the highly complex issues involved, the extraordinary investment of time and resources, the remarkable result achieved, the approval of the Settlement Class, and the significant risks in the litigation.

14. The fee percentage requested is consistent with the retainer agreement that Oklahoma Police entered into with Lead Counsel that provided that Saxena White shall seek no more than one-third of any settlement as its fee, subject to Court approval. After the agreement to settle the Action was reached, Oklahoma Police again evaluated Plaintiffs' Counsel's proposed one-third fee request by considering the substantial recovery obtained for the Settlement Class in this Action and authorized Saxena White's requested fee award to the Court for its ultimate determination.

15. Oklahoma Police takes seriously its role as a Lead Plaintiff to ensure that attorneys' fees are fair in light of the result achieved for the Settlement Class and to reasonably compensate Lead Counsel for the work involved and the substantial risks Lead Counsel undertook in litigating the Action.

16. Oklahoma Police further believes that the Litigation Expenses being requested for reimbursement to Plaintiffs' Counsel are reasonable, and represent costs and expenses necessary for the initiation, prosecution, and resolution of the claims in the Action. Based on the foregoing, Oklahoma Police fully supports the request for attorneys' fees and expenses.

## IV.    **Oklahoma Police's Representative Reimbursement**

17. Oklahoma Police understands that reimbursement of a class representative's reasonable costs and expenses is authorized under the PSLRA, 15 U.S.C. § 78u-4(a)(4), which provides for an "award of reasonable costs and expenses (including lost wages) directly relating

7

to the representation of the class to any representative party serving on behalf of a class." For this reason, in connection with Plaintiffs' Counsel's request for reimbursement of Litigation Expenses, Oklahoma Police seeks reimbursement for the costs and expenses that it incurred directly related to its representation of the Settlement Class in the Action.

18.    Oklahoma Police respectfully submits that its significant oversight of counsel in this Action, its active participation in all aspects of the litigation and resolution of the case, and the time Oklahoma Police's representatives devoted to pursuing claims on behalf of the Settlement Class helped to achieve this settlement and justifies this request.

19.    The time that I and other staff members of Oklahoma Police devoted to pursuing the Settlement Class's interests in this Action was time we otherwise would have devoted to other work for Oklahoma Police, and thus represents a direct cost to Oklahoma Police. As detailed above, Oklahoma Police's representatives collectively devoted approximately 95 hours to this Action. Applying an hourly rate of $90.00, Oklahoma Police has incurred costs of $8,550.00, for my time for which it respectfully requests reimbursement.[3]

## V.    Conclusion

20.    In light of the foregoing facts, Oklahoma Police respectfully submits that the Court should grant Lead Plaintiffs' Motion for Final Approval of Class Action Settlement, Plan of Allocation and Request for Attorneys' Fees and Expenses, and approve the request to award Oklahoma Police a representative reimbursement of $8,550.00 for its costs in connection with the prosecution of this Action.

---

[3] The hourly rate used for purposes of this request are based on my annual salary.

8

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of October, 2022.

Regina Sigler
Executive Director

*On behalf of the Oklahoma Police Pension and Retirement System*

9