# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM and OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>       v.<br><br>EVOLENT HEALTH, INC., FRANK WILLIAMS, NICHOLAS MCGRANE, and SETH BLACKLEY,<br><br>                            Defendants. | Case No. 1:19-cv-01031-MSN-WEF |

**DECLARATION OF JED D. MELNICK, ESQ. IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, PLAN OF ALLOCATION AND REQUEST FOR ATTORNEYS' FEES AND EXPENSES**

I, Jed D. Melnick, Esq., declare and state as follows:

1.　　I am a JAMS Mediator and Special Master and the managing partner of Melnick ADR LLC. I have mediated over one thousand disputes, including hundreds of complex securities class actions and shareholder derivative actions.[1] I have published several articles on mediation, founded a nationally ranked dispute resolution journal, and trained many young mediators. I previously served on the Adjunct Faculty at the University of Pennsylvania, School of Law Mediation Clinic. I make this declaration based on personal knowledge and am competent to

---

[1] *See* https://www.jamsadr.com/melnick/

testify to the matters set forth herein.  My statements and those of the Parties during the mediation proceedings are subject to a confidentiality agreement, and I do not intend to waive that agreement. The Parties have consented to my submitting this declaration regarding the negotiations which led to the proposed Settlement.[2]

2.      As discussed below, I believe that the proposed Settlement in this Action with the Defendants for the total amount of $23,500,000—after a rigorous mediation process—represents a well-reasoned and sound resolution to the complicated and uncertain claims at issue in this litigation.  The Court, of course, will make determinations as to the "fairness" of the Settlement under applicable legal standards.  From a mediator's perspective, however, I recommend the proposed Settlement as reasonable, arm's length, and consistent with the risks and potential rewards of the claims asserted in the Action.

3.      As detailed below, I oversaw the extensive settlement negotiations in this case covering two full-day mediation sessions, which culminated in the Parties agreeing to the $23.5 million Settlement.

4.      Specifically, following the Parties' agreement to select me as mediator in November 2021, the Parties prepared and exchanged detailed mediation statements and voluminous case-related materials addressing the facts and law of the case, including, among other things, the Parties' disputed arguments regarding falsity, scienter, loss causation, and damages.

5.      On December 1, 2021, the Parties, Defendants' directors' and officers' liability insurance carriers, and I participated in a remote, full-day mediation session.  During the mediation session, the Parties made detailed presentations, and we discussed the merits of the case, including

---

[2] Unless otherwise indicated, capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement, dated August 2, 2022 (ECF No. 245) (the "Settlement Agreement" or "Stipulation").

liability and damages.  Counsel for both Lead Plaintiffs and Defendants presented significant arguments regarding their clients' positions.  However, at the end of the day, it was clear that the two sides were both far apart, and consequently the mediation session ended without resolution.

6.    However, the Parties remained in dialogue with me via email and phone, and subsequently agreed to participate in a second mediation session on July 11, 2022.  On July 7, 2022, the Parties again submitted written statements and exhibits in support of their respective positions.

7.    On July 11, 2022, the Parties, Defendants' directors' and officers' liability insurance carriers, and I participated in a second remote, full-day mediation session.  During the mediation session, the Parties discussed the merits of the case with me, including liability and damages.  I was able to both relay each side's positions to the other, as well as to give my professional assessment where relevant.

8.    The Settlement is the result of my proposal to settle and release all claims asserted against the Defendants in the Action in exchange for a cash payment of $23.5 million.  At the conclusion of the second remote mediation session, the Parties accepted my proposal, subject to execution of the Stipulation and to Court approval of the proposed Settlement.

9.    Based on my involvement in the negotiations, review and analysis of the Parties' comprehensive mediation submissions, extensive communications with the Parties, and assessment of the risks inherent in this Action, I believe this Settlement is a good outcome for the Settlement Class.  I also believe that the Settlement is the product of true arm's-length negotiation by counsel on both sides seeking to represent their respective clients' best interests.

10.    Indeed, the Settlement is the direct result of all counsel's experience, reputation, and ability in these types of complex class actions. I can attest that the advocacy I witnessed was

of the highest caliber. As experienced litigators, the Parties' counsel understood that continued litigation promised to be lengthy, expensive and uncertain. The Parties' counsel exhibited great effort, creativity, zeal, and professionalism in representing their respective clients' interests.

11.     The Settlement provides the Settlement Class with a significant recovery in the face of potentially losing some or all of the critical pre-trial motions, and, of course, the risk of losing at a jury trial or on appeal. Balancing the very real risks and costs of continued litigation, against the certain, immediate, and substantial benefits achieved by the proposed Settlement, further confirms that the proposed settlement is fair and reasonable for Settlement Class Members. This takes into account the relative strengths of Lead Plaintiffs' allegations and evidence, Defendants' denials of wrongdoing and evidence in support of Defendants' positions, and the risks associated with both liability and calculating damages.

12.     In light of these considerations, it is my opinion that the settlement is fair and reasonable, and I respectfully support the Court's approval of the Settlement in all respects.

13.     In conclusion, based upon my experience as a trial lawyer, litigator and a neutral, I believe this Settlement represents a recovery and outcome that is reasonable and fair for the Settlement Class and all parties involved.  I further believe that the Settlement is in the best interests of all Parties because they avoid the burdens and risks associated with taking this case through further motion practice, summary judgment, trial, and post-trial appeals. I therefore strongly support approval of the Settlement in all respects.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 11th day of October, 2022.

_____
Jed D. Melnick, Esq.

4