UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM and OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>                                        Plaintiffs,<br><br>          v.<br><br>EVOLENT HEALTH, INC., FRANK WILLIAMS, NICHOLAS MCGRANE, and SETH BLACKLEY,<br><br>                                        Defendants. | Case No. 1:19-cv-01031-MSN-WEF |

**NOTICE OF NON-OPPOSITION AND REPLY IN FURTHER SUPPORT OF MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, PLAN OF
ALLOCATION AND REQUEST FOR ATTORNEYS' FEES AND EXPENSES**

Lead Plaintiffs respectfully submit this notice of non-opposition and reply in further support of their Motion for Final Approval of Class Action Settlement, Plan of Allocation and Request for Attorneys' Fees and Expenses.[1]

## I.    THE UNANIMOUS POSITIVE REACTION OF THE SETTLEMENT CLASS SUPPORTS FINAL APPROVAL OF THE SETTLEMENT AND THE REQUESTED FEES AND EXPENSES

As set forth in Lead Plaintiffs' opening papers, the $23.5 million Settlement in this Action represents an outstanding recovery for the Class that is supported by each of the factors that courts in the Fourth Circuit consider in the settlement approval process.  Since the filing of Lead Plaintiffs' Motion—and after Lead Plaintiffs completed a robust, multipronged notice program that fully complied with the Court's Preliminary Approval Order (*see* ECF No. 247; Suppl. Nordskog Decl.)—the October 28, 2022 deadline for objections and exclusions has now passed. Lead Plaintiffs are pleased to report that ***not a single Settlement Class Member objected to any aspect of the Settlement, the Plan of Allocation, or the fee and expense request***, nor has any Settlement Class Member requested exclusion from the Settlement.

As courts in this District and in the Fourth Circuit have repeatedly held, this compelling endorsement from the Class weighs heavily in support of final approval.  *See, e.g., In re Celebrex (Celecoxib) Antitrust Litig.*, 2018 WL 2382091, at *3 (E.D. Va. Apr. 18, 2018) (Wright Allen, J.) (awarding one-third of $94 million settlement as there "were no objections to the Settlement [and] no opt-out requests[,]"); *Seaman v. Duke Univ.*, 2019 WL 4674758, at *3 (M.D.N.C. Sept. 25,

---

[1] Unless otherwise indicated, capitalized terms have the same meaning as in the Stipulation and Agreement of Settlement dated August 2, 2022 (ECF No. 245, the "Stipulation" or "Settlement Agreement"); Lead Plaintiffs' Motion for Final Approval of Class Action Settlement, Plan of Allocation and Request for Attorneys' Fees and Expenses and Memorandum of Law in Support (ECF Nos. 250 and 251, the "Motion" or "Mot."); or the Declaration of Lester R. Hooker in support of the Motion (ECF No. 252, "Hooker Decl." or "Hooker Declaration"). The Supplemental Declaration of Eric Nordskog ("Suppl. Nordskog Decl.") is submitted herewith as Exhibit D. Unless indicated, all citations and internal quotations are omitted, and all emphasis is added.

2019) (awarding a one-third fee in a $54.5 million recovery, as "[t]he absence of any objections to the settlement indicates that 'counsel have achieved a superior result for the class and weighs in favor of their requested award'"); *Sims v. BB&T Corp.*, 2019 WL 1995314, at *5 (M.D.N.C. May 6, 2019) ("the absence of any objections by class members support the conclusion that the proposed settlement is fair, reasonable, and adequate, and it should be approved").

Significantly, the Settlement Class's wholly positive reaction carries substantial weight here given the fact that no institutional investors have objected or opted-out of the Settlement—and these institutions are sophisticated Class Members who have extensive resources, professional staff and financial motivation to object or opt-out, if the circumstances warranted. *See e.g., Plymouth Cty. Ret. Sys. v. GTT Commc'ns, Inc*., 2021 WL 1659848, at *5 (E.D. Va. Apr. 23, 2021) (Hilton, J.) (lack of objections from institutional investors supported final approval, reimbursement of $453,866.36 in litigation expenses, and a one-third fee of a $25 million securities class action settlement); *Celebrex*, 2018 WL 2382091, at *3 (finding settlement "fair, reasonable and adequate in light of the [fact]" that "largest class members. . . provided express support for the Settlement").

Moreover, Lead Plaintiffs—sophisticated institutional investors who actively supervised the Action from its inception—fully endorse both the Settlement and the attorneys' fees and expenses request. *See* ECF Nos. 252-1 and 252-2, at ¶¶10-16 (Plymouth County and Oklahoma Police each "strongly endorses the Settlement"; "takes seriously its role as a Lead Plaintiff to ensure that attorneys' fees are fair in light of the result achieved for the Settlement Class"; and "fully supports" the attorneys' fees and expenses request). *See In re: Genworth Fin. Sec. Litig*., 210 F. Supp. 3d 837, 842 (E.D. Va. 2016) (Gibney, Jr., J.) ("The active participation by the Lead Plaintiffs in the negotiation process further weighs in favor of approving the Settlement."). Accordingly, the unanimous endorsement of the Settlement Class strongly supports final approval.

## II. THE SETTLEMENT AND THE PLAN OF ALLOCATION ARE FAIR, REASONABLE, AND ADEQUATE

Plaintiffs' Motion set forth the numerous reasons why the Settlement is fair, reasonable, and adequate. The Settlement is the result of extensive, arm's length negotiations overseen by a well-respected and experienced mediator—Jed D. Melnick, Esq., who also has endorsed the Settlement as "reasonable, arm's length, and consistent with the risks and potential rewards of the claims asserted in the Action." ECF No. 252-3 at ¶2. Furthermore, each of the factors that courts in the Fourth Circuit consider in evaluating a class action settlement fully supports final approval. *See* Motion at 4-14 (applying the factors of Rule 23 and *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155 (4th Cir. 1991)). In addition, the proposed Plan of Allocation, which is substantially similar to plans approved in securities class actions nationwide and was formulated in consultation with Lead Plaintiffs' damages expert, is similarly fair and reasonable. *See* Mot. at 14-15.

## III. THE REQUESTED FEES AND EXPENSES ARE FAIR AND REASONABLE

Lead Plaintiffs' request for an attorneys' fees award of one-third of the Settlement Fund and reimbursement of Litigation Expenses in the amount of $918,539.45 is also eminently reasonable. Each of the factors applied by courts in the Fourth Circuit fully supports the requested award, including: (i) the results obtained for the Class; (ii) the skill, experience, and reputations of the attorneys involved; (iii) the magnitude and complexities of the Action; (iv) the contingent nature of the representation and risk of nonpayment; (v) the extensive time and labor expended by Lead Counsel; (vi) Lead Plaintiffs' full endorsements; and (vii) the fact that not a single Settlement Class Member has objected to the fee request. *See* Mot. at 15-25 (applying the factors from *In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 733 (3d Cir. 2001) and *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)).

3

Significantly, awards in other securities and complex class actions in this District, in the Fourth Circuit and nationwide confirm that the requested fee award is fair and reasonable. *See* Mot. at 25-26 (collecting cases); *In re Peanut Farmers Antitrust Litig.*, 2021 WL 9494033, at *5 (E.D. Va. Aug. 10, 2021) (Jackson, J.) ("A fee award of one-third of the Settlement Fund reflects a real-world arm's length transaction between the Class and Class Counsel . . . Courts in the Fourth Circuit have held that attorneys' fees in the amount of 1/3 of the settlement fund are reasonable").

In addition, as a cross-check, the 0.71 "negative" lodestar multiplier—which not only is below the range of multipliers typically awarded in class action settlements within the Fourth Circuit, but also represents an award of attorneys' fees substantially less than the value of the time Plaintiffs' Counsel invested in prosecuting the Action—amply supports the fee request. *See* Mot. at 26-28; *Genworth*, 210 F. Supp. 3d at 845 ("***[A] positive multiplier is typically applied*** to the lodestar in recognition of the risk of litigation, the complexity of the issues, the contingent nature of the engagement, the skill of the attorneys, and other factors. . . District courts within the Fourth Circuit have regularly approved attorneys' fees awards with ***2–3 times*** lodestar multipliers").

Moreover, the expenses set forth in the Hooker Declaration are typical for complex actions that have progressed through the completion of fact and expert discovery and class certification briefing and are routinely approved by courts for reimbursement. *See e.g., Hawaii Structural Ironworkers Pension Tr. Fund v. AMC Ent. Holdings Inc.*, 2022 WL 4136175, at *1 (S.D.N.Y. Feb 14, 2022) (reimbursing over $1.29 million in expenses for an $18 million settlement reached at the conclusion of discovery); *In re Banc of California Sec. Litig.*, 2020 WL 1283486, at *1 (C.D. Cal. Mar. 16, 2020) (reimbursing over $1.575 million in expenses incurred and approving $19.75 million settlement). Importantly, the expenses amount to less than the $1,000,000 estimate set forth in the Notice, and no objections have been lodged thereto. *See* Mot. at 28-29.

Finally, Plymouth County and Oklahoma Police seek reimbursements of $7,335.27 and $8,550.00, respectively, pursuant to the PSLRA for their participation and supervision of the Action. These reimbursement awards are particularly appropriate here given Lead Plaintiffs' extensive participation and the lack of objections or oppositions to the request. *See* Mot. at 29.

## IV.    **CONCLUSION**

As set forth above and in Plaintiffs' opening papers, Plaintiffs respectfully request that the Court grant final approval of the Settlement, the Plan of Allocation, and Plaintiffs' request for attorneys' fees and expenses. For the Court's convenience, the Parties' agreed-upon Judgment is attached as Exhibit A; the proposed Order Approving Plan of Allocation is attached as Exhibit B; and the proposed Order Awarding Attorneys' Fees and Expenses is attached as Exhibit C.

Dated: November 10, 2022

Respectfully submitted,

/s/ Steven J. Toll
Steven J. Toll
Va. Bar No. 15300
stoll@cohenmilstein.com
Daniel S. Sommers (*pro hac vice*)
dsommers@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, Suite 500
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699

*Liaison Counsel for Lead Plaintiffs and the Proposed Class*

**SAXENA WHITE P.A.**
Maya Saxena (*pro hac vice*)
Joseph E. White III (*pro hac vice*)
Lester R. Hooker (*pro hac vice*)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Tel: (561) 394-3399

5

Fax: (561) 394-3382
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com

Steven B. Singer (*pro hac vice*)
Sara DiLeo (*pro hac vice*)
Joshua H. Saltzman (*pro hac vice*)
Alec Coquin (*pro hac vice*)
10 Bank Street, 8th Floor
White Plains, NY 10606
Tel: (914) 437-8551
Fax: (888) 631-3611
ssinger@saxenawhite.com
sdileo@saxenawhite.com
jsaltzman@saxenawhite.com
acoquin@saxenawhite.com

*Lead Counsel for Lead Plaintiffs and the Proposed Class*

6

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2022, I caused the foregoing to be electronically filed with the Clerk of Court via CM/ECF, which will send a notice of electronic filing to all registered users.

*/s/ Steven J. Toll*
Steven J. Toll
Va. Bar No. 15300
stoll@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, Suite 500
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699

*Liaison Counsel for Lead Plaintiffs and the
Proposed Class*