UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM and OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>EVOLENT HEALTH, INC., FRANK WILLIAMS, NICHOLAS MCGRANE, and SETH BLACKLEY,<br><br>Defendants. | Case No. 1:19-cv-01031-MSN-WEF |

**FINAL JUDGMENT AND ORDER OF DISMISSAL**

WHEREAS, a class action is pending in this Court entitled *Plymouth County Retirement System and Oklahoma Police Pension and Retirement System v. Evolent Health, Inc., et al.*, Case No. 1:19-cv-01031-MSN-WEF (E.D. Va.) (the "Action");

WHEREAS, on August 8, 2019, Plymouth County Retirement Association filed the initial class action complaint in this Action, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder (ECF No. 1);

WHEREAS, by order dated November 12, 2019, this Court appointed Plymouth County Retirement Association and Oklahoma Police Pension and Retirement System as Lead Plaintiffs ("Lead Plaintiffs" or "Plaintiffs") pursuant to the requirements of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and approved Lead Plaintiffs' selection of Saxena White P.A.

("Saxena White") as Lead Counsel and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Liaison Counsel (ECF No. 29);

WHEREAS, on January 10, 2020, Lead Plaintiffs filed their Amended Class Action Complaint (ECF No. 38);

WHEREAS, on June 5, 2020, the Court granted Lead Plaintiffs' motion for leave to file the Second Amended Complaint, which thereby was rendered effective as of that date (ECF No. 68);

WHEREAS, on November 17, 2021, Lead Plaintiffs moved for leave to file the Third Amended Class Action Complaint (the "Complaint" or "TAC," (ECF Nos. 147, 150)) asserting federal securities claims on behalf of all persons and entities who purchased or otherwise acquired publicly-traded common stock of Evolent Health, Inc. ("Evolent" or the "Company") from January 10, 2018 through May 28, 2019, inclusive, and were damaged thereby and, by order dated December 2, 2021, this Court granted such motion, rendering the TAC effective as of that date (ECF Nos. 156, 158);

WHEREAS, (a) Lead Plaintiffs, on behalf of themselves and the Settlement Class, and (b) Defendants Evolent, Frank Williams, Nicholas McGrane, and Seth Blackley (collectively, the "Defendants," and together with Lead Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement (the "Stipulation," (ECF No. 245)) that provides for a complete dismissal with prejudice of the claims asserted in the TAC against Defendant Releasees (as defined in the Stipulation) on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by order dated August 9, 2022 (the "Preliminary Approval Order," (ECF No. 247)), this Court: (a) preliminarily approved the Settlement and certified the Settlement Class for purposes of this Settlement only; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, on October 14, 2022. Class Representatives moved for final approval of the Settlement, as provided for in the Preliminary Approval Order;

WHEREAS, the Court conducted a hearing on November 18, 2022 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants, and the Releases specified and described in the Stipulation (and in the Notice) should be granted; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed, and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.  **Jurisdiction:**  The Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all the Parties and each of the Settlement Class Members.

2.  **Incorporation of Settlement Documents:**  This Judgment incorporates and makes a part hereof: (a) the Stipulation; and (b) the Notice and the Summary Notice, both of which were

3

previously filed with the Court.

3. **Class Certification for Settlement Purposes:** The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who purchased or otherwise acquired publicly-traded Evolent common stock between January 10, 2018 through May 28, 2019, inclusive, and were damaged thereby. Excluded from the Settlement Class are Defendants, the Officers, and directors of Evolent at all relevant times, and Defendants' Related Persons.

4. **Adequacy of Representation:** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiffs as Class Representatives for the Settlement Class, appointing Lead Counsel as Class Counsel, and appointing Liaison Counsel as Liaison Class Counsel for the Settlement Class. Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Settlement Notice:** The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Plaintiffs' request for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the

Settlement, the Plan of Allocation and/or Lead Plaintiffs' request for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules. The Court further finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, have been satisfied.

6. **Final Settlement Approval and Dismissal of Claims:** Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted in the Complaint against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. Specifically, the Court finds that (a) Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class, and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all the claims asserted in the Complaint against the Defendants by

Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided for in the Stipulation.

8. **Binding Effect:**  The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

9. **Releases:**  The Releases set forth in the Stipulation, together with the definitions contained in the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a) Without further action by anyone, upon the Effective Date of the Settlement, Plaintiff Releasees, by operation of the Stipulation, of law, and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, dismissed, and discharged each and every one of the Released Plaintiffs' Claims against the Defendants and the other Defendant Releasees, and shall forever be barred and enjoined from commencing, instituting, prosecuting or maintaining any or all of the Released Plaintiffs' Claims against any of the Defendant Releasees, whether or not such Settlement Class Member executes and delivers a Proof of Claim Form, seeks or obtains a distribution from the Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to any aspect of the Stipulation or the Settlement, the Plan of Allocation, or Lead Plaintiffs' request for an award of attorneys' fees or Litigation Expenses.

(b) Without further action by anyone, upon the Effective Date of the Settlement, Defendant Releasees shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Plaintiff Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff Releasees.

(c) Upon the Effective Date, Plaintiff Releasees are forever barred and enjoined from commencing, instituting, maintaining, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any Released Plaintiffs' Claim against any of the Defendant Releasees.

(d) Upon the Effective Date, to the extent allowed by law, the Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by Lead Plaintiffs or a Settlement Class Member against any of the Defendant Releasees with respect to any Released Plaintiffs' Claim, or brought by a Defendant against any of the Plaintiff Releasees with respect to any Released Defendants' Claim.

10. Notwithstanding paragraphs 9(a) through 9(d) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. **Rule 11 Findings:** The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.     **No Admissions:**  Neither this Judgment, nor the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), nor any facts or terms of the Stipulation, negotiations, discussions, proceedings, acts performed or documents executed pursuant to or in furtherance of this Judgment, the Stipulation, or the Settlement:

(a)     shall be (i) offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to: (a) the truth of any allegations by Lead Plaintiffs or any Settlement Class Member; (b) the validity of any claim that was or could have been asserted in the Action or in any other litigation; (c) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; (d) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees; or (e) any damages suffered by Lead Plaintiffs or the Settlement Class; or (ii) in any way referred to for any other reason as against any of the Defendant Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)     shall be (i) offered against any of the Plaintiff Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff Releasees (a) that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or (b) with respect to any liability, negligence, fault or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the

Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13. **Retention of Jurisdiction:** Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any request for an award of attorneys' fees and/or Litigation Expenses by Lead Plaintiffs in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

14. Separate orders shall be entered regarding approval of a plan of allocation and Lead Plaintiffs' request for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15. **Modification of the Agreement of Settlement:** Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that are approved of in writing and signed by or on behalf of all the Parties acting by and through their respective counsel of record in the Action so long as they: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection

with the Settlement. Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16. **Termination of Settlement:**  If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of July 8, 2022, as provided in the Stipulation.

17. **Entry of Final Judgment:**  There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

It is SO ORDERED.

Dated: November 18, 2022
Alexandria, Virginia

/s/
_____
Hon. Michael S. Nachmanoff
United States District Judge